SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------X

ARCH REAL ESTATE HOLDINGS LLC, ARCH ASSET MANAGEMENT LLC, and ARCH PROPERTY MANAGEMENT LLC,

Plaintiffs,

– against –

YJ SIMCO LLC, 1055 PARK AVE 1 LLC, 1055 PARK AVE PH LLC, 1055 PARK AVE ST LLC, 1055 PARK AVE 4 LLC, 266 WMTR LLC, YAEL SIMPSON, BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI, LLP, and JANE DOES #1 – 10,

Defendants.

---------------------------------------------------X

**Index No.: 653216/2026**

**NOTICE OF MOTION FOR ENTRY OF DEFAULT JUDGMENT**

PLEASE TAKE NOTICE that upon the accompanying affirmation of Jonathan T. Koevary, dated September 3, 2026, and the exhibits annexed thereto, the accompanying affirmation of Kevin Wiener sworn on September 3, 2026, and the exhibits annexed thereto, along with all the pleadings hereto, Plaintiffs will move this Court at 60 Centre Street, New York, New York, Room 130, on September 11, 2026 at 9:30 a.m., or as soon thereafter as counsel can be heard, for an order:

1. Entering default judgments against YJ Simco LLC ("YJ Simco"), 1055 Park Ave 1 LLC ("Park 1"), 1055 Park Ave PH LLC ("Park PH"), 1055 Park Ave ST LLC ("Park ST"), 1055 Park Ave 4 LLC ("Park 4"), 266 WMTR LLC ("WMTR") (collectively "Contract Defendants"), and in favor of Plaintiffs in the amount of $550,000, jointly and severally, plus interest and costs, or alternatively, ordering an inquest to determine same;

2. Declaring that YJ Simco is the owner of 100% of Park ST's membership interest and of Park 4's membership interest;

3. Further declaring that any purported transfers of membership interests in Park 4 and/or Park ST away from YJ Simco never occurred or are otherwise void ab initio as a matter of law;

4. Alternatively, avoiding transfers of such membership interests in Park 4 and/or Park ST to Yael Simpson pursuant to New York Debtor & Creditor Law §§ 273(A)(1), 273(A)(2), and 274(A);

5. Enjoining Yael Simpson from asserting any ownership rights over the aforementioned membership interests;

6. Granting an award of attorneys' fees and expenses against defaulting Defendants, including reasonable attorneys' fees and expenses against Defendant Yael Simpson pursuant to New York Debtor & Creditor Law § 276-a; and

7. Granting Plaintiffs such other and further relief as the Court may deem just and proper.

PLEASE TAKE FURTHER NOTICE that, pursuant to CPLR 2214(b), Defendants' opposition papers, if any, must be served upon the undersigned counsel so that they are received at least two (2) days prior to the return date of this motion.

Dated: New York, New York
September 3, 2026

OLSHAN FROME WOLOSKY LLP

By: */s/ Jonathan T. Koevary*

Jonathan T. Koevary
Lisette Candia Diaz
1325 Avenue of the Americas
New York, New York 10019
Phone: (212) 451-2300
Email: <JKoevary@olshanlaw.com>
<lcandiadiaz@olshanlaw.com>

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------X

ARCH REAL ESTATE HOLDINGS LLC, ARCH ASSET MANAGEMENT LLC, and ARCH PROPERTY MANAGEMENT LLC,

Plaintiffs,

– against –

YJ SIMCO LLC, 1055 PARK AVE 1 LLC, 1055 PARK AVE PH LLC, 1055 PARK AVE ST LLC, 1055 PARK AVE 4 LLC, 266 WMTR LLC, YAEL SIMPSON, BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI, LLP, and JANE DOES #1 – 10,

Defendants.

-----------------------------------------------------X

**Index No.: 653216/2026**

**AFFIRMATION OF KEVIN WIENER IN SUPPORT OF PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENTS AGAINST CERTAIN DEFENDANTS**

KEVIN WIENER, affirms the following under penalty of perjury pursuant to CPLR 2106:

1. I am the Executive Vice President and General Counsel to 608941 NJ Inc. ("Oak"), acting managing member of Plaintiff Arch Real Estate Holdings LLC ("AREH"). I submit this affirmation in support of Plaintiffs' application for default judgments against YJ Simco LLC, 1055 Park Ave 1 LLC, 1055 Park Ave PH LLC, 1055 Park Ave ST LLC, 1055 Park Ave 4 LLC, 266 WMTR LLC and Yael Simpson. I have personal knowledge of the matters set forth herein.

## The Parties

Plaintiffs

2. Arch Real Estate Holdings LLC is a New York limited liability company with its principal place of business at 348 W. 57th Street, Suite 172, New York, NY 10019. Arch Real Estate Holdings LLC is the sole member of Arch Asset Management LLC, a Delaware limited

13377759-1

liability company with its principal place of business at 348 W. 57th Street, Suite 172, New York, NY 10019. Arch Asset Management LLC is the sole owner of Arch Property Management LLC, a Delaware limited liability company with principal place of business at 348 W. 57th Street, Suite 172, New York, NY 10019.

Contract Defendants:

3. Contract Defendants consist of six entities, (i) YJ Simco, a New York limited liability company located at 266 Water Mill Town Rd, Water Mill, NY 11976; and (ii) five (5) affiliated special purpose vehicles— 1055 PARK AVE 1 LLC ("Park 1"); 1055 PARK AVE PH LLC ("Park PH"); 1055 PARK AVE ST LLC ("Park ST"); 1055 PARK AVE 4 LLC ("Park 4"); 266 WMTR LLC ("WMTR") (collectively the "SPV Defendants"). The membership interests in YJ Simco are 50% held by J. Simpson and 50% held by Y. Simpson.

Transfer Defendants:

4. Yael Simpson is the wife of J. Simpson, and an alleged recipient of YJ Simco's interest in Park ST. Becker, Glynn, Muffly, Chassin, & Hosinski, LLP ("Becker Glynn"), is a law firm located at 299 Park Avenue, New York, New York 10171. Becker Glynn represented Simpson in his personal bankruptcy filing. Becker Glynn is also the recipient of Y. Simpson's purported interest in Park ST. Counsel for Plaintiffs and Becker Glynn have separately stipulated to a response deadline of September 1, 2026.

5. Jane Does # 1 – 10 are unknown defendants who may have received voidable transfers from any other Defendant

**Facts Constituting the Claims**

6. This action arises from a breach of the Contract Defendants' obligations to AREH and the voidable transfers of certain of the Contract Defendants' assets to the Transfer

Defendants in a calculated scheme to divert and encumber assets away from Contract Defendants' present and future creditors.

7. For the relevant time period, each SPV Defendant owns or owned a unique residential condominium unit located on 1055 Park Avenue, New York, New York except for WMTR, which owns a single-family residential home located in Watermill, New York.

8. Plaintiffs provided extensive property, asset, and bookkeeping management services to Contract Defendants over a multi-year period yet Contract Defendants never paid the agreed-upon market rate compensation required under AREH's Operating Agreement. Rather, Jeffrey Simpson ("J. Simpson"), a non-defendant currently in chapter 11 bankruptcy who is married to Defendant Y. Simpson exercised complete dominion and control over the Contract Defendants to orchestrate a series of insider transactions designed to shield assets or otherwise make them available for use for improper purposes. These transfers included the improper transfer of YJ Simco's membership interests in Park ST and Park 4 to his wife Yael Simpson, and for Yael Simpson to, in turn, cause Park ST to encumber its assets in favor of Becker Glynn, in order that Becker Glynn would agree to represent J. Simpson in his bankruptcy case.

9. Through this fraudulent shell game, J. Simpson conspired with his wife Defendant Yael Simpson to either (i) orchestrate the transfer of YJ Simco's 100% ownership of membership interests in Park ST and in Park 4 to Yael Simpson or (ii) otherwise claim Yael Simpson owns 100% in Park ST's and Park 4's membership interests, and in the case of Park ST, to ostensibly satisfy Becker Glynn that Yael Simpson was the owner of Park ST.

10. Ostensibly satisfied that Yael Simpson was the 100% owner of Park ST's membership interests, Yael Simpson caused Park ST to deliver a mortgage and guaranty to Becker Glynn, which Becker Glynn accepted as collateral to fund its representation of J.

Simpson through his bankruptcy case. Becker Glynn accepted this mortgage and guaranty notwithstanding actual knowledge of Plaintiffs' claims and supporting documents demonstrating that YJ Simco is the rightful owner of Park ST's membership interests and Plaintiffs' claims against YJ Simco.

11. Neither Park ST nor Yael Simpson received value for the creation of the mortgage and guaranty. Moreover, even were it the case that Yael Simpson was the rightful owner of Park ST's membership interests, Park ST is a Contract Defendant that received no value from Becker Glynn for Yael Simpson causing it to encumber its assets. Plaintiffs seek to avoid or otherwise declare a nullity all transfers of Park ST's and Park 4's membership interests away from YJ Simco, the creation of the mortgage and guaranty in favor of Becker Glynn, and to further avoid all other transfers away from the Contract Defendants that are yet to be discovered.

**The Amounts Due**

12. Pursuant to section 7.13(x) of AREH's Operating Agreement, attached as Exhibit 2 hereto, each Contract Defendant is an "Affiliate" that was required to pay a "market rate" for Plaintiffs' management services.

13. Plaintiffs seek a minimum of $550,000, amounting to a 2% fee per annum as a "market rate" for its management services under the Operating Agreement. Plaintiffs are additionally entitled to interest on the Court's judgment.

**Declaratory Relief**

14. A dispute exists between the parties regarding the validity of certain transfers performed and authorized by Yael Simpson in particular any purported transfers of membership interests in Park ST and Park 4 away from YJ Simco and any subsequent transfers thereof.

15. For the reasons set forth above and in the First Amended Complaint, Plaintiffs are entitled to a judgment declaring YJ Simco is the 100% owner of all membership interests in Park ST and Park 4 and that any purported transfers of those interests away from YJ Simco were void ab initio as a matter of law.

**Alternative Relief to the Declaratory Relief**

16. For the reasons set forth above and in the First Amended Complaint, Plaintiffs are entitled to a judgment avoiding all transfers of all membership interests of 1055 PARK AVE 4 LLC and 1055 PARK AVE ST LLC in Park 4 and/or Park ST to Yael Simpson pursuant to New York Debtor & Creditor Law §§ 273(A)(1), 273(A)(2), and 274(A)

**WHEREFORE**, for the reasons set forth herein, the First Amended Complaint, and in the accompanying Affirmation of Jonathan T. Koevary, Plaintiffs respectfully request that judgment be entered against Defendants listed above, and in favor of Plaintiffs, jointly and severally, in an amount of $550,000; and that YJ Simco be declared the 100% owner of all membership interests in Park ST and Park 4 and as such any purported transfers of those interests away from YJ Simco are declared void ab initio as a matter of law or, alternatively, avoiding transfers of such membership interests in Park 4 and/or Park ST to Yael Simpson pursuant to New York Debtor & Creditor Law §§ 273(A)(1), 273(A)(2), and 274(A); as against and enjoining Yael Simpson from asserting any ownership rights over aforementioned membership interests; and granting an award of attorneys' fees and expenses against the Defaulting Defendants, including reasonable attorneys' fees and expenses against Defendant Yael Simpson pursuant to New York Debtor & Creditor Law § 276-a.

I affirm this 3rd day of September ,2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that I am physically located outside the

geographic boundaries of the United States, Puerto Rico, the United States Virgin Islands, or any territory or insular possession subject to the jurisdiction of the United States, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

**Kevin Wiener**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------X
ARCH REAL ESTATE HOLDINGS LLC, ARCH ASSET MANAGEMENT LLC, and ARCH PROPERTY MANAGEMENT LLC,

Plaintiffs,

– against –

YJ SIMCO LLC, 1055 PARK AVE 1 LLC, 1055 PARK AVE PH LLC, 1055 PARK AVE ST LLC, 1055 PARK AVE 4 LLC, 266 WMTR LLC, YAEL SIMPSON, BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI, LLP, and JANE DOES #1 – 10,

Defendants.
-----------------------------------------------------X

**Index No.: 653216/2026**

**AFFIRMATION OF JONATHAN T. KOEVARY IN SUPPORT OF PLAINTIFFS' MOTION FOR A DEFAULT JUDGMENT AGAINST <u>CERTAIN DEFENDANTS</u>**

Jonathan T. Koevary, an attorney admitted to practice before the Courts of the State of New York, affirms the following under penalty of perjury pursuant to CPLR 2106:

1. I am a Partner at Olshan Frome Wolosky LLP, counsel for Plaintiffs. I submit this affirmation in support of Plaintiffs' application for default judgments against YJ Simco LLC ("YJ Simco"), 1055 Park Ave 1 LLC ("Park 1"), 1055 Park Ave PH LLC ("Park PH"), 1055 Park Ave ST LLC ("Park ST"), 1055 Park Ave 4 LLC ("Park 4"), 266 WMTR LLC ("WMTR") (collectively "Contract Defendants"), and Yael Simpson ("Y. Simpson Defendant" and together with the Contract Defendants, the "Defaulting Defendants"), and in favor of Plaintiffs, based on Defaulting Defendants' failure to appear in this action.[1] As counsel for Plaintiffs, I have personal knowledge of the matters set forth herein.

[1] BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI, LLP is the only named defendant to have appeared and the accompanying Motion does not seek relief against such defendant.

## Procedural History

2. Without limitation, this action seeks damages arising out of breach of contract or unjust enrichment against each of the Contract Defendants and, as against the remaining defendants (defined as the Transfer Defendants in the Amended Complaint), which defendants include Y. Simpson: (i) a declaratory judgment that certain transfers made by or in favor of the remaining defendants are void ab initio or never occurred; or (ii) the avoidance of such transfers under the New York Debtor and Creditor Law.

3. Plaintiffs commenced this action on June 1, 2026 by filing a Summons and Complaint. A true and correct copy of Plaintiffs original Summons and Complaint, NYSCEF Nos. 1 - 2 submitted to this Court on June 1, 2026 is attached hereto as **Exhibit 1.**

4. Shortly thereafter, and before any appearances had been entered on behalf of Defendants, Plaintiffs filed an Amended Complaint on June 6, 2026. A true and correct copy of Plaintiffs Amended Complaint, NYSCEF No. 10 submitted to this Court on June 6, 2026 is attached hereto as **Exhibit 2**.

5. Park 1, Park 4, Park PH, and Park ST were served the original complaint and summons on June 3, 2026. A true and correct copy of the affirmation of service, NYSCEF No. 19 submitted to this Court on June 9, 2026 is attached hereto as **Exhibit 3**.

6. WMTR and YJ Simco were also initially served the original complaint and summons on June 4, 2026. A true and correct copy of the affirmation of service, NYSCEF No. 17 submitted to this Court on June 9, 2026 is attached hereto as **Exhibit 4.**

7. Park 1, Park 4, Park PH, Park ST, WMTR, and YJ Simco were subsequently served Plaintiffs' Amended Complaint on June 8, 2026. A true and correct copy of the affirmation of service NYSCEF No. 16 submitted to this Court on June 9, 2026 is attached hereto as **Exhibit 5.**

**8.** On June 19, 2026 Defendant Y. Simpson was personally served the summons, the complaint, and the amended complaint at her 266 Water Mill Town Rd, Water Mill, New York 11976 home. A true and correct copy of the Affirmation of Service, NYSCEF No. 21 submitted to this Court on June 24, 2026 is attached hereto as **Exhibit 6.**

9. Out of an abundance of caution, a process server left the same set of documents at Yael Simpson's New York City apartment located at 1055 Park Ave, PH, New York, New York 10028. A true and correct copy of the Affirmation of Service, NYSCEF No. 26 submitted to this Court on July 7, 2026 is attached hereto as **Exhibit 7.**

10. On June 26, 2026, I was contacted by Benjamin Robert Rajotte on Y. Simpson's behalf seeking an extension of her time to answer or move into July 20, 2026. No agreement was reached and no appearance has been made on her behalf.

11. On July 4, 2026, I was again contacted by Mr. Rajotte. This time on each of the Contract Defendants' behalf, seeking an extension to August 11, 2026, which was the-then stipulated date for Defendant BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI, LLP to move or answer. Subsequent communications were had on July 6, 22, and 23. While an agreement in principle was reached on that August 11 date, the agreement was never memorialized or otherwise effectuated. No appearance has been made on any Contract Defendants' behalf.

12. Pursuant to CPLR § 311(a)(1), CPLR 320(a), and CPLR 3012(c), Park 1, Park 4, Park ST, Park PH, YJ Simco, and WMTR were required to answer or move by July 8, 2026. Based upon Y. Simpson's personal service at her Water Mill home on June 19, 2026, she was required to answer or move by July 9, 2026.

13. Defaulting Defendants failed to timely appear, answer, or move, and such default is continuing.

14. On September 2, 2026 in accordance with CPLR § 3215(g), an additional service of the Summons, Complaint, and Amended Complaint was made upon Contract Defendants by First Class Mail, in an envelope bearing the legend "personal and confidential" and not indicating on the outside that the communication was from an attorney or concerned an alleged debt.

15. The additional service of the Summons, Complaint, and Amended Complaint was accompanied by a notice that service was being made pursuant to CPLR § 3215(g). A true and correct copy of that notice is attached hereto as **Exhibit 8.**

16. A true and correct copy of the affirmation of additional service is attached hereto as **Exhibit 9.**

**WHEREFORE,** for the reasons set forth herein, Plaintiffs respectfully request that judgment be entered (i) against Contract Defendants listed above, and in favor of Plaintiffs, jointly and severally in the amount of $550,000 plus interest and costs; (ii) as against Y. Simpson, a declaration that YJ Simco owns all membership interests in Park ST and in Park 4 and that any purported transfer of any such membership interests away from YJ Simco never occurred or is otherwise void ab initio; (iii) alternatively, avoiding transfers of such membership interests in Park 4 and/or Park ST to Yael Simpson pursuant to New York Debtor & Creditor Law §§ 273(A)(1), 273(A)(2), and 274(A); (iv) as against and enjoining Yael Simpson from asserting any ownership rights over aforementioned membership interests; and (v) granting an award of attorneys' fees and expenses against the Defaulting Defendants, including reasonable attorneys' fees and expenses against Defendant Yael Simpson pursuant to New York Debtor & Creditor Law § 276-a.

I affirm this 3rd day of September 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

/s/ Jonathan T. Koevary
Jonathan T. Koevary

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

--------------------------------------------------X

ARCH REAL ESTATE HOLDINGS LLC, ARCH ASSET MANAGEMENT LLC, and ARCH PROPERTY MANAGEMENT LLC,

Plaintiffs,

– against –

YJ SIMCO LLC, 1055 PARK AVE 1 LLC, 1055 PARK AVE PH LLC, 1055 PARK AVE ST LLC, 1055 PARK AVE 4 LLC, 266 WMTR LLC, YAEL SIMPSON, BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI, LLP, and JANE DOES #1 – 10,

Defendants.

--------------------------------------------------X

**Index No.: 653216/2026**

**[PROPOSED] DEFAULT JUDGMENT**

The Amended Complaint and Summons filed on June 6, 2026 amending the above-entitled action having been served upon YJ SIMCO LLC, 1055 PARK AVE 1 LLC, 1055 PARK AVE PH LLC, 1055 PARK AVE ST LLC, 1055 PARK AVE 4 LLC, and 266 WMTR LLC (collectively "Contract Defendants") on the 8th day of June and YAEL SIMPSON being served on June 19, 2026 and the time for all Contract Defendants and Yael Simpson (Contract Defendants and Yael Simpson collectively, "Defaulting Defendants") to retain new counsel having expired, and Defaulting Defendants not having retained new counsel.

NOW, based on the Summons and Amended Complaint and proof of service thereof, the affirmation of Jonathan T. Koevary, dated September 3, 2026, and the exhibits annexed thereto, and the affidavit of Kevin Wiener, dated September 3, 2026, it is:

ADJUDGED, that Plaintiffs have a judgment and do recover of Contract Defendants the principal sum of $550,000, jointly and severally, plus interest in the amount of $_______ with

costs and disbursements as taxed by the Clerk in the amount of $________, totaling $________, and that Plaintiffs has execution therefore. Plaintiffs shall also have judgment against Defaulting Defendants for attorney's fees and costs in an amount to be determined after inquest, including but not limited to attorneys' fees and expenses against Defendant Yael Simpson pursuant to New York Debtor & Creditor Law § 276-a.

DECLARED that, YJ SIMCO LLC, a New York limited liability company, is the owner of 100% of the membership interests in 1055 PARK AVE 4 LLC and 1055 PARK AVE ST LLC, each a New York limited liability company, and that the transfer(s) of any such membership interests away from YJ Simco LLC never occurred or are otherwise void ab initio as a matter of law;

ORDERED that as alternative relief to the immediate foregoing declaratory paragraph, avoiding all transfers of such membership interests of 1055 PARK AVE 4 LLC and 1055 PARK AVE ST LLC in Park 4 and/or Park ST to Yael Simpson pursuant to New York Debtor & Creditor Law §§ 273(A)(1), 273(A)(2), and 274(A); and

ORDERED that Yael Simpson is precluded from asserting any ownership rights over the membership interests in 1055 PARK AVE 4 LLC and 1055 PARK AVE ST LLC.

______________________________

**Addresses for Defendants**

**YJ SIMCO LLC**
266 Water Mill Towd Rd,
Water Mill, NY 11976

**1055 PARK AVE 1 LLC**
15 West 27th Street, Floor 6,
New York, NY 10001

**1055 PARK AVE PH LLC**
15 West 27th Street, Floor 6,
New York, NY 10001

**1055 PARK AVE ST LLC**
15 West 27th Street, Floor 6,
New York, NY 10001

**1055 PARK AVE 4 LLC**
15 West 27th Street, Floor 6,
New York, NY 10001

**266 WMTR LLC**
15 West 27th Street, Floor 6,
New York, NY 10001

**YAEL SIMPSON**
1055 Park Ave PH
New York, NY 10028
and
266 Water Mill Towd Rd,
Water Mill, NY 11976

**Addresses for Plaintiffs**
**ARCH REAL ESTATE HOLDINGS LLC**
99 Wall Street, Suite 592,
New York, NY 10005

**ARCH ASSET MANAGEMENT LLC**
C/o Arch Real Estate
88 University Place, 2nd Floor
New York, NY, 10003

**ARCH PROPERTY MANAGEMENT LLC**
348 W 57th St, Suite 172,
New York, NY 10019