Becker|Glynn

BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI LLP

299 Park Avenue
New York, New York 10171

Telephone (212) 888-3033
Facsimile (212) 888-0255
www.beckerglynn.com

ATTORNEYS AND COUNSELORS AT LAW

Alec P. Ostrow, Partner
aostrow@beckerglynn.com

October 6, 2026

VIA ECF

Honorable Lisa G. Beckerman
United States Bankruptcy Judge
United States Bankruptcy Court
Alexander Hamilton U.S. Custom House
New York, New York 10004

Re: Jeffrey Solomon Simpson, Debtor, Case No. 26-10359 (LGB)
Simpson v. Arch Real Estate Holdings LLC, Adversary No. 26-01097 (LGB)
Request for Discovery Conference and Pre-Hearing Conference

Dear Judge Beckerman:

My firm is counsel to the above-referenced Debtor and Debtor in Possession, and the plaintiff in the above-referenced adversary proceeding. I write, pursuant to Local Bankruptcy Rule 7037-1(b) and Your Honor's chamber's rules principally to request a discovery conference in the above-referenced adversary proceeding.

In preparation for the evidentiary hearing scheduled for October 29, 2026 in this Court's Order to Show Cause for Preliminary Injunction and Temporary Restraining Order, I have discussed discovery issues via email and Zoom conference with counsel for the defendants, Jonathan T. Koevary. We have conferred in good faith and have agreed on certain items, but disagree on others. In particular with regard to depositions, I have agreed to a deposition of the Debtor in exchange for depositions of both Kevin and Michael Wiener of 608941 NJ Inc. ("Oak"), which is in control of the defendants. Mr. Koevary has agreed to produce only Kevin Wiener as a representative of Arch, pursuant to Rule 30(b)(6), provided that I designate topics pursuant to that rule. He has refused to produce Michael Wiener, stating that he is not a party and resides in Canada. Yesterday, following our Zoom conference call, the defendants served (i) a formal deposition notice of the Debtor, pursuant to Rule 30, to occur on October 22, 2026, in

person at the Courthouse[1] and be recorded by a videographer, and (ii) their first request for production of documents, pursuant to Rule 34.

It is respectfully submitted that the defendants are simultaneous insisting on the strict observance and the relaxation of the Federal Rules when it suits their purpose. The strict observance relates to the refusal to produce Michael Wiener, and the relaxation relates the production of documents in advance of the October 29 hearing, or perhaps in advance of the Debtor's October 22 in fewer than 30 days as set forth in Rule 34. With respect to the deposition of Michael Wiener, the Debtor has had just as many communications, written and oral, if not more with him than with Kevin Wiener. Michael Wiener would undoubtedly be included in the defendants' list of individuals with discoverable information in the defendants' initial disclosures under Rule 26(a)(1)(A)(i). Moreover, the documents requested include material unquestionably within the scope of the attorney-client privilege, including all documents and communications concerning: (i) matters that imperil "Your ability to continue with counsel in this bankruptcy case" (Request 3); (ii) "the time and resources devoted to bringing this adversary proceeding and preparing the Simpson Decl." (Request 4); (iii) "a draft chapter 11 plan and drafts of the objections to four proofs of claims" sent for the Debtor's review (Request 6); and (iv) "the resource, time, and energy devoted by You and Becker Glynn toward confirming a plan in this case" and "toward adversary proceedings filed by you or on your behalf since the petition date of this bankruptcy case" (Request 8). Notably, the definition of "You" in the document requests not only specifies the Debtor, but also includes "any agents, representatives, *attorneys*, or other Persons acting or purporting to act on his behalf." [Emphasis added.]

In addition the formal discovery already served, Mr. Koevary has informed me that he intends to seek third-party discovery, but he declined to identify by name any person or entity that will be the subject of such discovery.

I respectfully submit that in light of the October 29, 2026 evidentiary hearing, a discovery conference is imperative at the earliest possible date, so that this Court can resolve disputes that have arisen and are likely to arise. In addition, I respectfully submit that it would be beneficial for the Court to hold a pre-hearing conference to discuss how the evidentiary hearing is to be conducted, including such topics as proposed witnesses, including whether direct testimony of parties and other witnesses whose appearance is not being compelled by subpoena should proceed by declaration, and any limitations of time or scope of presentation of evidence.

In light of the foregoing, I respectfully request that the Court schedule a discovery conference combined with a pre-hearing conference at the earliest possible date that is available to the Court and counsel.

Respectfully yours,

*/s/ Alec P. Ostrow*

Alec P. Ostrow

[1] Subsequent to the issuance of the formal notice, Mr. Koevary emailed me to withdraw the requirement of an in-person deposition, but not the videographer designation.