OLSHAN

1325 AVENUE OF THE AMERICAS ▪ NEW YORK, NEW YORK 10019
TELEPHONE: 212.451.2300 ▪ FACSIMILE: 212.451.2222

EMAIL: JKOEVARY@OLSHANLAW.COM
DIRECT DIAL: 212.451.2265

October 8, 2026

**VIA ECF**

Honorable Lisa G. Beckerman
United States Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, New York 10004

**Re: *Simpson v. Arch Real Estate Holdings LLC, et al.*, Adv. Pro. No. 26-01097 (LGB): Response to Request for Discovery Conference**

Dear Judge Beckerman:

Olshan Frome Wolosky LLP represents defendants Arch Real Estate Holdings LLC ("AREH"), Arch Asset Management LLC, and Arch Property Management LLC (collectively, the "Arch Entities" or "Defendants"). We write in response to Plaintiff's October 6, 2026 *Request for Discovery Conference and Pre-Hearing Conference* (the "Letter Request") [ECF No. 11].

The Letter Request accuses Defendants of simultaneously insisting on "strict observance and the relaxation of the Federal Rules when it suits their purpose." Not so. As set forth below, the Letter Request's proposed quid pro quo, whereby Debtor/Debtor-in-Possession/Plaintiff/Movant/Declarant Jeffrey Simpson will agree to submit to a deposition only if non-parties Kevin Wiener and Michael Wiener will also agree to be deposed, is wholly inappropriate and unwarranted. In any event, and as the Letter Request acknowledges, Defendants have offered to sit for a deposition and have indicated that Kevin Wiener would be their Rule 30(b)(6) representative.

### A. The Burden for Extraordinary Relief Falls Squarely on Plaintiff as Movant and the Defendants Have a Right to Plaintiff's Deposition without His Proposed Quid Pro Quo

During the September 28, 2026 status conference in this matter, the Debtor's counsel requested a "full-blown hearing" on his pending motion for a preliminary injunction dated September 25, 2026 (the "Motion") [ECF No. 2], and this Court indicated that it expected "a full-blown evidentiary record." 9/28/26 Conf. Trans. at 34:9, 36:22, attached as Exhibit A hereto. The evidentiary hearing is scheduled for October 29, 2026. Meanwhile, the Court's Temporary Restraining Order dated September 29, 2026 (the "TRO") [ECF No. 7] restrains Defendants from prosecuting the action they commenced in the Supreme Court of the State of New York, County of New York, Index No. 653216/2026 (the "State Court Action"), against all defendants named therein, pending adjudication of the Motion. The TRO, however, extends beyond the relief to which Defendants consented at the September 28, 2026 hearing. Specifically, Defendants

consented only to a temporary restraint as to two defendants in the State Court Action pending the hearing on the Motion. 9/28/26 Conf. Trans. at 31:21–32:9; TRO at 2.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Emergency injunctive relief is an "extraordinary and drastic remedy" available only upon a "clear showing" that the movant has "carrie[d] the burden of persuasion." *In re AMR Corp*., 502 B.R. 23, 32 (Bankr. S.D.N.Y. 2013). A "[m]ovant must establish a clear and unequivocal right" to emergency injunctive relief. *In re Wolf Fin. Grp., Inc.,* No. 94-8884A, 1994 WL 913278, at *3 (Bankr. S.D.N.Y. Dec. 15, 1994). "[T]he burden is on the party seeking injunctive relief to establish with persuasive evidence that the extraordinary remedy is warranted . . . . It is the burden of the party seeking a preliminary injunction to show that it is entitled to one, not the burden of the other party to show that the movant is not entitled." Bankr. Evid. Manual § 301:47 (2025 ed.).

"In the bankruptcy context, 'likelihood of success' means likelihood of a successful reorganization." *In re Roman Cath. Diocese of Rockville Ctr., New York,* 651 B.R. 622, 649 (Bankr. S.D.N.Y. 2023). "Normally, the 'merits' in litigation are the resolution of an underlying civil dispute. But in a chapter 11 bankruptcy, the focus is not on resolving a particular dispute but rather on the debtor's rehabilitation and reorganization." *In re Purdue Pharma L.P*., 666 B.R. 461, 469 (Bankr. S.D.N.Y. 2024) (quoting *In re Bestwall LLC*, 71 F.4th 168, 184 (4th Cir. 2023)). ***Plaintiff explicitly acknowledges that this is the relevant standard for purposes of his Motion***. Motion ¶ 51.

Meanwhile, "[r]equests for expedited discovery are typically appropriate in cases involving preliminary injunctions, especially where 'the discovery would better enable the court to judge the parties' interests and respective chances for success on the merits at the hearing." *Russell Reynolds Associates, Inc. v. Usina*, No. 23 CIV. 2369 (JHR), 2023 WL 3270344, at *1 (S.D.N.Y. May 5, 2023) (*quoting In re Keurig Green Mountain Single-serve Coffee Antitrust Litig*., No. 14-CV-4242 (VSB), 2014 WL 12959675, at *2 (S.D.N.Y. July 23, 2014).) "The requested discovery 'must be reasonably tailored to the time constraints under which both parties must proceed and to the specific issues that will have to be determined at the preliminary injunction hearing.'" *Id.* (*quoting Irish Lesbian & Gay Org. v. Giuliani*, 918 F. Supp. 728, 731 (S.D.N.Y. 1996)). "Although limited, expedited discovery should be circumscribed and not an absolute right to merits discovery, depositions of named parties may be permitted." *Deide v. Day*, No. 23-CV-3954, 2023 WL 5960831, at *2 (S.D.N.Y. Aug. 28, 2023) (collecting cases). "If the [preliminary injunction] hearing is to serve its intended purpose of illuminating and resolving factual issues, it must be conducted fairly. The opposing party ***must be afforded the opportunity to cross-examine the moving party's witnesses and to present evidence***." *Visual Scis., Inc. v. Integrated Commc'ns Inc*., 660 F.2d 56, 58 (2d Cir. 1981) (emphasis added).

Plaintiff is a party, the movant, and the declarant on whose testimony the Motion relies. The fact that Oak serves as AREH's acting managing member does not transform Oak's principals into parties to this proceeding, nor does it require Defendants to secure their appearance. Plaintiff has identified no legal basis for refusing to sit for a deposition unless

Defendants first produce non-party individuals for examination, especially where those individuals' testimony is irrelevant to the issues raised by the Motion and the relief requested therein.

The Motion spills much ink upon the longstanding dispute between parties that include the Debtor and Oak (and indirectly, the Wiener family)—which is the subject of the 2023 state court action that is in turn subject to the District Court's anti-removal injunction. By contrast, the Motion's legal argument spans a mere four paragraphs. Paragraph 52 focuses on likelihood of success of reorganization; while paragraph 53 focuses on irreparable harm, and so on.

Against that backdrop, the Letter Request claims that "the Debtor has had just as many communications, written and oral, if not more with [Michael Wiener]] than with Kevin Wiener," but any such communications are entirely divorced from both the narrow issues raised by the Motion and Complaint. They have no bearing on the preliminary injunctive relief sought, nor on Plaintiff's contention that the requirements of Bankruptcy Code section 1129(b)(2)(B)(ii) "should easily be met." Motion ¶ 52.

Thus, beyond harassment, insisting on depositions of non-parties Kevin Wiener and Michael Wiener in their individual capacities has no bearing on the merits of the Motion. Instead, it is simply the latest example of Debtor's well-documented and improper effort to end-run around a dispute that has been reserved for the Commercial Division that the Plaintiff has been enjoined from removing.

In contrast, the testimony of the Plaintiff is highly relevant to adjudicating the Motion and is entirely appropriate here. In support of the Motion, Mr. Simpson declared that:

- "The State Court Action seeks to invalidate the Guaranty and Mortgage, thus imperiling my ability to continue with counsel in this bankruptcy case."
- Because of the State Court Action's claims against his wife for attorneys' fees, "the Court can well understand that my ability and desire to devote energy to the reorganization process has been severely and adversely affected."
- The "prospect of a default judgment being entered against the non-Becker Glynn defendants puts me at risk of losing the value of his [sic] direct and indirect equity interests in the entities."
- "To prosecute the chapter 11 case, I have been sent for my review and comments a draft chapter 11 plan and drafts of objections to four proofs of claim, which represents the first set of objections to claims. If the injunctive relief sought by this complaint is granted, I will be able to devote time and energy to proposing, confirming, and consummating a chapter 11 plan and reducing the amount and number of allowed claims entitled to a distribution under such plan***. Such plan will be confirmable within a reasonable period of time.***" (emphasis added).

Declaration of Jeffrey Solomon Simpson dated September 24, 2026 (the "Simpson Decl.") [ECF No. 3] ¶¶ 16, 25–27.

All of these assertions go to straight to the heart of Debtor's request for a preliminary injunction and the burdens he must satisfy to obtain it. Consistent with the above-referenced case law and fundamental principles of due process, the Arch Entities must be allowed to test and challenge these assertions through Debtor's deposition and related document requests. This necessarily includes inquiry into the Debtor's claimed inability and desire to perform his fiduciary duties in this case and whether and to what extent claims brought in the State Court Action—and not some other cause—is to blame for his admitted fiduciary deficiencies.

Additionally, the Arch Entities are entitled to depose Plaintiff and obtain relevant documents regarding his assertions of irreparable harm against his estate and the basis for enjoining the Arch Entities from pursuing claims against each affected entity. Discovery concerning the balance of the equities is similarly appropriate. The Arch Entities' basic due process right to this information to test the factual assertions underlying Debtor's request for this extraordinary relief does not create a reciprocal right for Plaintiff to demand non-party depositions, much less over issues unrelated to the Motion. Defendants have already agreed to provide Kevin Wiener as a representative witness to sit for deposition, who so happens to be one of the two individuals the Plaintiff would like to depose. Even so, questions regarding scope and relevancy remain open, as it is not apparent how taking the Arch Entities' deposition bears on Plaintiff's ability to satisfy his burden on the Motion.

The Arch Entities submit that their requests and their response squarely comply with the Federal Rules.

**B. The Letter Request's Remaining Challenges**

**(i) Time Frame for Document Requests**

The Letter Request claims that the Arch Entities are not following Rule 34 insofar as they seek compliance in under 30 days. The underlying document request provided a production deadline of October 16, 2026. The Arch Entities submit that there is good cause for a shorter deadline given the October 29 scheduled evidentiary hearing. The Arch Entities remain harmed by the pending TRO and should not be forced to exchange their due process discovery rights for a longer TRO period. Bankruptcy Courts typically allow for, and in fact expect a shortened discovery period without burdening the Court by clearing dates in advance when there is a need for a prompt evidentiary hearing. There is no reason for an exception here.

**(ii) Attorney Client Privilege/Work Product Doctrine**

The Letter Request challenges Defendants' requests for production on the assertion that they seek documents purportedly protected by the attorney-client privilege or work product doctrine. These objections are directed at Defendants' requests for documents and communications concerning the Simpson Declaration. A copy of those requests is attached as Exhibit B hereto.

"Underlying any determination that a privilege should be forfeited is the notion of unfairness . . . to the adversary that results in litigation circumstances when a party uses an

assertion of fact to influence the decisionmaker while denying its adversary access to privileged material potentially capable of rebutting the assertion." *In re Cnty. of Erie*, 546 F.3d 222, 229 (2d Cir. 2008) (quoting *John Doe Co. v. United States*, 350 F.3d 299 (2d Cir. 2003), *as amended* (Nov. 25, 2003)); "[T]he attorney-client privilege cannot at once be used as a shield and a sword." *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir.1991); "[A] party cannot partially disclose privileged communications or affirmatively rely on privileged communications to support its claim or defense and then shield the underlying communications from scrutiny by the opposing party." *In re Grand Jury Proc.,* 219 F.3d 175, 182 (2d Cir. 2000).

In his Declaration, Plaintiff made assertions regarding his ability to continue with counsel in the bankruptcy case, a draft chapter 11 plan and objections to four proofs of claim sent to him for his review, and the resources, time, and energy devoted by him and his counsel to confirming a plan, and the Motion—brought by Plaintiff—relies upon them. To the extent Plaintiff wishes to rely on these assertions in seeking relief against the Arch Entities, it is emphatically unfair to prohibit these assertions, which are fundamental to the Motion's claims, from challenge.[1]

**(iii) Non-Party Subpoenas**

Although Plaintiff asked this Court for a "full blown hearing," the Letter Request challenges the Arch Entities' right to seek non-party subpoenas. The purpose would be to assist the Court in establishing the merits of the underlying State Court Action's claims regarding the Contribution Agreements and ownership of the special purpose vehicles through evidence from parties with direct knowledge or information concerning the Debtor's course of dealing. At the September 28 conference, the Court indicated that it intended to consider this issue, among others. *See* 9/28/26 Conference Trans. at 37–39. Should the Arch Entities go to trial on the merits in the underlying State Court Action, they likely would be calling non-party witnesses to support these claims.

Based on the case law cited above and the Motion's own acknowledgment that "substantial likelihood on the merits" refers to a successful reorganization, and not the underlying action, the Arch Entities question and reserve the right to challenge whether these claims are a proper subject of inquiry at the scheduled evidentiary hearing.[2] But if the Court intends to consider these issues, the Arch Entities should not be hamstrung from issuing non-party subpoenas.

**(iv) Videographer**

Finally, after reserving to a footnote the Arch Entities' unilateral withdrawal of a demand for an in-person deposition as a gesture to narrow the disputes before the Court, Plaintiff

[1] The Letter Request also makes much of the fact that the requests' definition of "You" includes information held by an attorney. However, just because an attorney at law possesses or holds information belonging to his or her client, does not make that information subject to attorney-client privilege or the work product doctrine. There is nothing unusual about including "attorney" in that definition.
[2] The Letter Request omits that the Arch Entities voluntarily advised Mr. Ostrow at the Rule 26(f) Conference and in writing that they do not intend to seek discovery from either Yael Simpson or Becker Glynn in connection with the Motion.

challenges the presence of a videographer at his deposition. But the Arch Entities submit that, particularly in light of the Plaintiff's track record, it is necessary and warranted for the Court as fact finder in this case to have an ability to assess the Plaintiff's demeanor and credibility in a manner that a transcript alone cannot convey.

We thank the Court for its consideration.

Respectfully submitted,

/s/ Jonathan T. Koevary
Jonathan T. Koevary

cc: All counsel of record (via ECF)