# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>JEFFREY SOLOMON SIMPSON,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-10359 (LGB) |
| JEFFREY SOLOMON SIMPSON, as Debtor and Debtor in Possession,<br><br>Plaintiff,<br><br>- against -<br><br>ARCH REAL ESTATE HOLDINGS LLC, ARCH ASSET MANAGEMENT LLC, and ARCH PROPERTY MANAGEMENT LLC,<br><br>Defendants. | Adversary No. 26-01097 (LGB)<br><br>**DEFENDANTS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF JEFFREY SOLOMON SIMPSON** |

Defendants Arch Real Estate Holdings LLC, Arch Asset Management LLC, and Arch Property Management LLC, by and through their undersigned counsel, make the following document requests to Plaintiff Jeffrey Solomon Simpson ("Debtor") pursuant to Rule 34 of the Federal Rules of Civil Procedure, made applicable to the above referenced captioned proceeding (the "Adversary Proceeding") by Rule 7034 of the Federal Rules of Bankruptcy Procedure.

## DEFINITIONS

A. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate Document within the meaning of this term.

B. "Documents concerning," "Documents referring to," or "Documents relating to" shall mean documents constituting, containing, showing, relating, evidencing, or referring in any way, directly or indirectly to, and is meant to include, without limitation, all Documents underlying, supporting, now or previously attached or appended to, or used in the preparation of, any Document called for by each request.

C. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

D. "You," "your," "Debtor," "Plaintiff," or "J. Simpson" refers to Jeffrey Solomon Simpson, individually and in his capacity as Debtor and Debtor in Possession, and any agents, representatives, attorneys, or other Persons acting or purporting to act on his behalf.

E. "Arch Entities" means, collectively, means, collectively, Arch Real Estate Holdings LLC, Arch Asset Management LLC, and Arch Property Management LLC, and any agents, representatives, or Persons acting on their behalf.

F. "Becker Glynn" means Becker, Glynn, Muffly, Chassin & Hosinski LLP, and includes any Person, agent, partner, shareholder, associate, of counsel, representative, or employee acting on its behalf.

G. "Complaint" means the operative complaint filed in this adversary proceeding, No. 26-01097.

H. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

I. "FAC" means the First Amended Complaint filed in the State Court Action.

J. "Park ST" or "ST LLC" means 1055 Park Ave ST LLC.

K. "Person" means any natural person or any legal entity, including, without limit, any business or governmental entity or association.

L. "Simpson Decl." means the Declaration of Jeffrey Solomon Simpson In Support of Motion for Preliminary Injunction filed in this adversary proceeding on September 25, 2026.

M. "SPV Defendants" mean, collectively, Park ST, 1055 Park Ave 1 LLC, 1055 Park Ave PH LLC, 1055 Park Ave 4 LLC, and 266 WMTR LLC.

N. "State Court Action" refers to the action commenced in the Supreme Court of the State of New York, County of New York, Index No. 653216/2026, as referenced in the Complaint.

O. "YJ Simco" means YJ Simco LLC

P. The terms "all," "any," and "each" must each be construed as encompassing any and all.

Q. The connectives "and" and "or" must be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

R. The use of the singular form of any word includes the plural and vice versa.

S. References to any individual or entity include the individual or entity as well as any Person or entity under the individual's or entity's control, including, but not limited to, all present and former subsidiaries, affiliates, predecessors, successors, members, managers, officers, directors, agents, employees, shareholders, partnerships, general and limited partners thereof, and any aliases, code names, or trade or business names used by any of the foregoing.

## INSTRUCTIONS

A. These requests are intended to cover all Documents, whether in physical or electronic form, in Your possession or otherwise subject to Your custody or control, regardless of the location

of such Documents, including those in the possession, custody, or control of Your employees, agents, representatives, attorneys, advisors, or consultants.

B. In the event that any Document falling within these requests has been destroyed, a list of each such Document, together with the following information, shall be furnished: (a) the date of the Document; (b) the name, address and relationship to You of each Person who authored, prepared, or signed the Document; (c) the name, address, and relationship to You of each Person who was sent or furnished with the Document, or received, viewed, or had custody of the document; (d) a description of the Document, including but not limited to its subject matter, number of pages, and number of pages in any attachment thereto; (e) the date of destruction; (f) the manner of destruction; (g) the reason for destruction; (h) the name, address, and relationship to You of the Person authorizing destruction; (i) the name, address, and relationship to You of the Person destroying the Document; and (j) the paragraph and/or sub-paragraph of this request to which the Document relates.

C. If, in responding to these requests, You perceive any ambiguity in a particular request, definition, or instruction, Your responses should set forth the matter deemed ambiguous and the construction interpreted and used by You in responding.

D. Documents shall be produced in their entirety and without abbreviation, redaction, or expurgation.

E. Documents shall be produced in the order and in the manner in which they appear in their original files or other storage areas, and shall not be shuffled or otherwise rearranged. In producing Documents, all Documents that are physically or electronically attached to each other shall be produced in that form. Documents that are segregated or separated from other Documents,

whether by inclusion in binders, files or sub-files, or by the use of dividers, tabs, or any other method, shall be produced in that form.

F. All Documents originating in an electronic form shall be produced in TIFF format with a load file compatible with standard litigation document-management database software (*e.g.*, Concordance, Relativity, *etc.*), with intact metadata fields, OCR images. All Documents should be preserved in their native format, and Arch Entities reserve their rights to request that electronic Documents be produced in their native format. Documents that exist in hard copy form only may be converted to electronic form and produced in the same manner as electronic Documents as set forth above.

G. If any Documents or any portion thereof are withheld from production based on a claim of privilege, You are required to provide a statement of the claim of privilege and all facts relied upon in support thereof, in the form of a log that includes each Document's authors, addressees, date, a description of each Document, and all recipients of the original and any copies. Privileged attachments to electronic mail should be listed separately. Non-privileged attachments to electronic mail must be produced.

H. Except when express reference is made to another request, each request herein should be construed independently and not by reference to any other request herein for purposes of limitation.

I. Arch Entities expressly reserve their rights to propound additional and supplemental requests for discovery and inspection as discovery continues.

J. Responses to these requests shall be amended or supplemented in accordance with Federal Rule of Civil Procedure 26(e), made applicable to the Adversary Proceeding by Federal Rule of Bankruptcy Procedure 7026.

K. Unless otherwise noted, the time period for these requests is January 1, 2021 to the present.

L. You are directed to respond to these requests on or before October 16, 2026.

**REQUESTS**

1. All Documents and Communications concerning or otherwise evidencing the management, ownership, or control of YJ Simco and each SPV Defendant, including but not limited to (i) transaction and title insurance Documents concerning the purchase or sale of real property, condominiums or co-operative membership interests; (ii) Documents and Communications reviewed by You in connection with supporting court approval of Your application to retain Becker Glynn; and (iii) financial statements.

2. All Documents and Communications concerning any course of dealing, representations, or statements made to any lender, governmental agency, tenant, or third party, or sworn or otherwise under oath, regarding the management, ownership, or control of YJ Simco and each SPV Defendant.

3. All Documents and Communications concerning any matter that now or at any time imperils or imperiled Your ability to continue with counsel in this bankruptcy case, regardless of whether such Documents and Communications arise from the claims asserted in the State Court Action as asserted in Paragraphs 16 and 18 in the Simpson Decl.

4. All Documents and Communications related to, supporting, or contradicting the assertion in Paragraph 25 of the Simpson Decl. that on account of the allegations in the FAC, your "ability and desire to devote energy to the reorganization process has been severely and adversely affected" including but not limited to (i) all Documents and Communications sufficient to evidence a severe and adverse change your ability and desire to devote energy to the reorganization process

since becoming aware of the allegations in the FAC; and (ii) all Documents and Communications evidencing the time and resources devoted to bringing this adversary proceeding and preparing the Simpson Decl.

5. For each Person and entity the Simpson Decl. identifies as a "non-Becker Glynn defendant," all Documents and Communications related to, supporting, or contradicting the assertion in Paragraph 26 of the Simpson Decl. that "the prospect of a default judgment being entered against the non-Becker Glynn defendants puts me at risk of losing the value of his [sic] direct and indirect equity interests in the entities, and most important, puts me at risk of not being able to support and protect his [sic] wife and his [sic] family."

6. All Documents and Communications related to, supporting, or contradicting the assertion in Paragraph 27 of the Simpson Decl. that "I have been sent for my review and comments a draft chapter 11 plan and drafts of the objections to four proofs of claim, which represents the first set of objections to claims."

7. All Documents and Communications related to, supporting, or contradicting the assertion in Paragraph 27 of the Simpson Decl. that if "the injunctive relief sought by this complaint is granted, I will be able to devote time and energy to proposing, confirming, and consummating a chapter 11 plan" and that "[s]uch plan will be confirmable within a reasonable period of time."

8. All Documents and Communications, including but not limited, billing records concerning (i) the resource, time, and energy devoted by You and Becker Glynn toward confirming a plan in this case; and (ii) the resource, time, and energy devoted by You and Becker Glynn toward adversary proceedings filed by you or on your behalf since the petition date of this bankruptcy case.

9. All Documents and Communications, including financial statements and records relating to, supporting, or contradicting the ability to confirm a plan in this chapter 11 case.

10. All Communications between You and any court, governmental, or prosecuting authority, concerning each of the assertions and allegations in the Simpson Decl.

11. All Documents You relied on, reviewed, or referred to, in supporting and preparing the Complaint, the Simpson Decl., and pending Motion for the Preliminary Injunction.

12. All evidence You intend to introduce at the scheduled evidentiary hearing in this action.

Dated: New York, New York
October 5, 2026

OLSHAN FROME WOLOSKY LLP

By: */s/ Jonathan T. Koevary*

Jonathan T. Koevary
1325 Avenue of the Americas
New York, New York 10019
(212) 451-2300

*Attorneys for Arch Real Estate Holdings LLC, Arch Asset Management LLC, and Arch Property Management LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that per agreement with counsel, on October 5, 2026, a true and correct copy of this document was served via electronic mail on counsel of record for all parties entitled to such notice.

By: *_/s/ Jonathan T. Koevary_*