BECKER, GLYNN, MUFFLY,
CHASSIN & HOSINSKI LLP
299 Park Avenue
New York, New York 10171
(212) 888-3033
Alec P. Ostrow
aostrow@beckerglynn.com

*Attorneys for Plaintiff, Jeffrey Solomon Simpson, as Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>JEFFREY SOLOMON SIMPSON,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-10359 (LGB) |
| JEFFREY SOLOMON SIMPSON, as Debtor and Debtor in Possession,<br><br>Plaintiff,<br><br>- against -<br><br>ARCH REAL ESTATE HOLDINGS LLC, ARCH ASSET MANAGEMENT LLC, and ARCH PROPERTY MANAGEMENT LLC,<br><br>Defendants. | Adversary No.<br><br>**DECLARATION OF SIMA BERNER REID IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** |

Sima Berner Reid, hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746(a), as follows:

1. I am an ARCH Real Estate Investor, a creditor under the bankruptcy of Jeffrey Solomon Simpson (the "Debtor"), a prior insurance broker managing the employee benefit program for ARCH, and the Debtor's aunt. I make this declaration in support of the Debtor's motion for a preliminary injunction. I am fully familiar with the facts set forth herein.

2. I am a seasoned investor and business manager for over 45 years having owned and operated my own insurance brokerage firm for decades. In November of 2023, I made the decision to step back from insurance for personal reasons, including to assist my nephew, the Debtor, with his business challenges resulting from the collapse of his business and the ensuing litigation.

3. Having experienced the dynamics of the ARCH Real Estate Senior Leaders in the management of the employee benefit program, I found the team to work well together under Jeffrey's leadership each with their specific areas of expertise. The success of the business was apparent in growth of the employee population. Based on my direct involvement, it was apparent to me that Oak's failure to meet contractual funding requirements severely impaired the ARCH companies' ability to deal with the difficult business developments facing them. I am convinced that had Oak not intervened in the litigation and got Jeffrey removed from running ARCH, the Arch team lead by Jeffrey would have found their way out of the significant increase in interest rates as did many other similar businesses.

4. I know from my personal involvement that members of the ARCH senior leadership team have knowledge of the incidents that happened in the collusion to remove Jeffrey from his company. I hope that in this Court, these witnesses will be compelled to come forward and give their evidence.

5. My focus with respect to the litigation has been consistent since November 2023; I sought to find a path to settlement. I spoke with Kevin Wiener and Jaren Chassen on multiple occasions wishing to identify what was needed to end the litigation. In one of the conversations with Kevin Wiener he told me he would spend whatever was necessary to ruin Jeffrey. He was

not interested in a reasonable settlement. He took a scorched earth tone in his conversations with me. My continued message has been that I wanted to find a way for everyone to move forward. On one occasion I called Kevin's father William Wiener. He was aggressive with me and was surprised I was calling him to discuss what was necessary to settle the litigation.

6. In addition to conversations I had with Jared Chassen, I was included on e-mails that I had hoped would lead to a settlement. In my conversations with Jared, he said that he was in conversations with Kevin Wiener and would be helpful in facilitating a settlement. Jared also told me that the Wiener family would win in the end because they had the money to do so regardless of what had or had not happened at ARCH. When I asked about the company contracts and why they were not being enforced, his answer was that no one cares what the contracts say. Each time I talked with Jared, I told him my only goal was for the litigation to be resolved. Throughout this 3 year period, Jared engaged in conversation with Jeffrey and me. It seemed he wanted a settlement and resolution to the litigation but then he would back away. I was curious why this happened on more than one occasion.

7. In trying to find a path to settlement, I participated in conversations and e-mails with:

a. Various attorney's representing Jeffrey
b. Great American Insurance Company regarding the Directors and Officers Insurance including Jane Kornesczuk, Divisional President of the Executive Liability Division, attorney representing Great American, Scott Schecter
c. The Department of Financial Services of NY – Bobby Wang
d. JP Morgan Chase Bank

e. David Berg – Jared Chassen's cousin

8. It is clear to me that the continued legal actions of the Wiener family and the companies they control, now including ARCH, have not been for any monetary gain for these companies or the Wiener family, but have been to destroy Jeffrey and everything Jeffrey built for himself and his family. Their use of their financial resources in continued court actions against Jeffrey, who now lacks any significant resources of his own, has been to overwhelm him and his family, not for any compensation justly owed to them, but merely for vindictive purposes. I hope that in the Court, these actions can be seen for what they truly are.

9. In light of the foregoing, I respectfully request that the Court grant the proposed order to show cause and temporary restraining order.

10. I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 6, 2026

Sima Berner Reid



4906-8487-3174 v.1