# Exhibit C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - -x
In the Matter of:

Jeffrey Solomon Simpson, Lead Case No.
Debtor. 26-10359-lgb

- - - - - - - - - - - - - - - - - - - - -x
JEFFREY SOLOMON SIMPSON,
Plaintiff, Adv. Proc. No.
v. 26-01097
ARCH REAL ESTATE HOLDINGS LLC ET AL,
Defendants.
- - - - - - - - - - - - - - - - - - - - -x

United States Bankruptcy Court
One Bowling Green
New York, New York

October 8, 2026
03:04 PM

B E F O R E:

HON. LISA G. BECKERMAN

U.S. BANKRUPTCY JUDGE

ELECTRONICALLY RECORDED

Discovery Conference

Transcribed by: Grace Carter
eScribers, LLC
7227 North 16th Street, Suite #207
Phoenix, AZ 85020
(800) 257-0885
operations@escribers.net

A P P E A R A N C E S (All present by video or telephone):

BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI LLP

Attorney for Debtor

299 Park Avenue

New York, NY 10171

BY: ALEC P. OSTROW, ESQ.

OLSHAN FROME WOLOSKY

Attorneys for Arch Real Estate Holdings LLC

1325 Avenue of the Americas

New York, NY 10019

BY: JONATHAN T. KOEVARY, ESQ.

RYAN A. PARTELOW, ESQ.

P R O C E E D I N G S

THE COURT: Good afternoon. This is Judge Beckerman. Court is now in session. I'm going to go ahead and call the case. And when I do, I'll ask the parties to please put their appearances on the record, and then identify themselves again for the record when speaking. Case number 26-01097, Simpson v. Arch Real Estate Holdings LLC et al. May I have appearances, please?

MR. OSTROW: Good afternoon, Your Honor. Alec Ostrow from Becker, Glynn, Muffly, Chassin & Hosinski for Jeffrey Solomon Simpson.

THE COURT: Good afternoon.

MR. KOEVARY: Good afternoon, Your Honor. Jonathan Koevary, Olshan Frome Wolosky, for the Arch entity defendants, and I believe joining me is my colleague, Ryan Partelow.

THE COURT: Good afternoon.

MR. PARTELOW: Good afternoon, Your Honor. Ryan Partelow, also representing defendants, the Arch entities, from Olshan Frome Wolosky.

THE COURT: Okay. Good afternoon.

All right. And I see Mr. Simpson is there as well.

MR. SIMPSON: Yes.

THE COURT: Okay. Good afternoon, Mr. Simpson.

All right. So Mr. Ostrow, you had obviously raised the need for a discovery conference, which I think Mr. Koevary

had also indicated some issues that he was having. So obviously, it seems like the need for a discovery conference was there, so I'll turn it over to you first.

MR. OSTROW: Thank you, Your Honor. In accordance with Your Honor's rules, I wrote a two-page letter requesting the conference, and Mr. Koevary's response is six pages and two exhibits, but I will try to be brief.

Your Honor, this began, obviously, in response to the complaint that I filed on behalf of Mr. Simpson, and the motion for a preliminary injunction, and the temporary restraining order that Your Honor entered, and the scheduling of an evidentiary hearing for October 29, which is less than a month away.

And last Friday, Mr. Koevary emailed me to request when would be a good date for a video recording of an in-person deposition of Mr. Simpson at the courthouse, and then saying he expected to send document requests early next week.

And I wrote him back to say that I wasn't aware of any authority for discovery other than Bankruptcy Rule 7026, which makes applicable Rule 26 of the Federal Rules of Civil Procedure. And that under Rule 26(d)(1), a party may not seek discovery before there's been a conference under Rule 26(f) unless there's a stipulation or a court order.

I expressed my willingness to confer with him at a mutually convenient time, but I did mention that I was willing

to produce Mr. Simpson provided there were depositions of Kevin and Michael Wiener, and I was also willing to discuss an exchange of documents, within limits.

Well, we did have the conference on Monday of this week, but -- and we did make agreements at certain points, including accepting things from each other via email, but we have, obviously, a substantial disagreement.

And after that conference, he sent the deposition notice with respect to Mr. Simpson, later withdrawing the requirement of an in-person deposition, but still adhering to the video conference -- video recording.

And the document request, which is Exhibit B to his letter to you today -- I mean, I obviously take issue with the documents requested in terms of both their breadth and the obvious seeking of privileged information and work product information.

If you look at the requests, I mean, basically he's -- I mean, to be responsive to that request would probably require every email that I had with Mr. Simpson, which is -- considering that often I had many during a day, and his proclivity is to bombard me with emails from time to time about what happened in the State Court litigation, we're talking about thousands of emails.

And if he wants a privilege log with respect to all the thousands of emails of communication between Mr. Simpson

and me, I mean, that's nothing other than a busy work assignment.

Your Honor, the scope of discovery is set forth in Rule 26(b)(1), and it lists considerations for the scope. The proportionality of needs to the case, the amount in controversy, the parties relative access to information, and significantly the parties resources and whether the burden or expense outweighs the likely benefit.

I mean, the debtor here has very little resources. And of course, the response probably will be, well, my firm has more resources, but I think that -- as the debtor has said from time to time, the -- my fees in this case so far are in excess of 600,000 dollars and counting.

And of course, there has been -- right now there's no source of payment readily -- source of payment for compensation for any of this or reimbursement of expenses, including expenses involved in discovery, such as providing some kind of emails in coding in ways that counsel in large litigations provide discovery.

To me, I think there needs to -- this Court needs to give us clarity and direction. It shouldn't be a free for all. It should be limited. And in my letter, I not only asked for a discovery conference, I asked for a pre-hearing conference, because I think it's important -- both in terms of discovery and anticipating and resolving disputes before they arise -- as

to what we're actually going to be doing at the preliminary injunction hearing.

I've discussed with the debtor having a dozen witnesses, and I think that the -- a dozen witnesses, depending upon the issues at stake, is legitimate. And so there's no secret about it, it will be the debtor; Jared Chassen; we hope both Kevin and Michael Wiener -- that's four -- two former Arch employees, Tristan Last and Michelle Miller; Yechiel Lehrfiel; the lawyer who put together the Arch documents, David Heymann; the accountant -- outside accountant, Evan Israelien (ph.).

The other witnesses include the debtor's aunt, Sima Reid, who was not only -- who's an insurance person who was not only involved in Arch's insurance and employment insurance issues, but also tried to step in and resolve things, and had communications with the Wieners about trying to resolve things. And there's Jason Paul, who was a partner.

So I think that, depending upon what we're going to be doing at this hearing and how many days we're going to be having of testimony -- because I hardly think that -- even if there's a limitation of the number of witnesses, it strikes me that even the debtor's testimony alone and the testimony of one or more of the Wieners would probably take more than a day.

And I've reached out to some of these potential witnesses. Actually, I've reached out to as many as I could. And I learned that Tristan Last is scheduled to be on a two-

week trip to Europe, getting back on the 29th. So she would be available after the 29th, unless we subpoena her and force her to cancel her trip, which I understand is a second honeymoon, which I don't think is fair or appropriate, but she would be available on a day following the 29th.

And if we have to subpoena witnesses, we should know when they're coming. And we should also know is this going to be the debtor's day in court on the issue of the validity of the contribution agreements or the circumstances of his being forced from Arch?

Your Honor, as I say, what we're doing on -- in this preliminary injunction hearing -- which, by the way, Rule 65(a)(2) allows the Court to consolidate the preliminary injunction hearing with the trial. And since the complaint only seeks an injunction, that may make sense in this case. Again, I think it's incumbent to figure out what exactly we're doing, and that will dictate, I think, the amount of discovery needed and whether we need to do this on such a hurry-up basis.

THE COURT: Okay. Mr. Ostrow, it's your complaint that you filed, okay? And in fairness, what it says is I want a preliminary injunction because I can't seem to reorganize because the stuff that's going on in the State Court's bothering me, and affecting other people too, and somehow that affects my reorganization. Sorry. That's my paraphrasing of what's in your complaint.

So that's what you're saying. That's the issue. This isn't the trial on the merits of their claim. There's a claim's objection. You can go object to their claim. They filed a claim, go object to it if you don't like it.

There's a lot of other things in the bankrupt estate you could deal with, but what you're asking me to do is extend a stay, in essence -- or an injunction to a lot of people who aren't the debtor, or the debtor's estate, or even assets of the debtor.

I've talked about already the ones that are the assets. I understand the argument there, but you're asking me to extend this to a lot of people. What's the basis for that? It's got to be that somehow it actually impacts the reorganization and falls into Queenie. If it doesn't fall into Queenie, there is no authority for doing this, and that's the issue.

And so in your complaint, you pled a whole bunch of things about how this is impacting the debtor and the debtor's estate, and I think the -- some of the discovery requests relate to that.

And yes, it does touch on privileged information and all other kinds of things, but you -- I don't know what you're planning for your proof. The proof is on your side for this as to why I should grant a preliminary injunction relating to these other parties. I mean, that's what you're asking me to

do, because somehow it impacts the debtor's estate.

MR. OSTROW: I understand that, Your Honor, but --

THE COURT: Well, that is your complaint.

MR. OSTROW: Yes.

THE COURT: So this is not -- so again, I -- to be -- I think I was really clear at the last hearing, from my perspective -- the last conference we had about this that I have a lot of questions about how there's any argument about that relating to any of these parties other than any assets that are actually the debtors, or the debtors claimed an interest in directly, or the debtor himself, who isn't a party to that litigation.

And all the other parties that are involved in it, they're not the debtor. They're not owned by the debtor, not according to the schedules. So you have to explain to me, why am I extending a stay? And as you know, there are very limited cases for this -- on this.

They're limited to if this is going to result, ultimately, in some kind of liability to the estate, for example, or the estate's responsible for indemnifying it. I mean, the case law is very limited on this -- or it's going to distract the debtor from his duties. Okay. Yes, in a corporation, the case law is very clear on that sometimes for major -- for executives, but this is a personal case.

So again, that's what you filed in your complaint, and

so I'm not going by anything else. I'm going by what you asked me to do. You asked me to extend a stay, in essence to enjoin this other action. And for me to enjoin this other action, you have to show that there's some kind of irreparable harm or significant consequences to the debtor if it doesn't happen.

And you've put in an affidavit that talks about how it's -- or the complaint about how it's adversely affecting the debtor. That wasn't my choice, or for that matter, Mr. Koevary's choice. It's your proof. So you have to decide what your case is. I can only go by what your complaint says and by what Mr. Simpson's affidavit says.

I gave you the ability to supplement it because I explained to you, I did not think that the information you've provided me explains to me why this -- why I should be extending this stay to other parties beyond the ones that are actually owned by the debtor in some way, where it's an asset of the estate, and that was a concern of mine because I don't understand where the law is on that -- where I have any legal ability to do that. And there are other remedies, as I noted, that are available.

Again, if you don't want to put that into question -- what you just -- what I just said in my very poor, probably, paraphrasing of what's in Mr. Simpson's affidavit and the complaint. If that's not what you're putting into question as your evidence, I don't know what is because that's all I've got

right now. I've got a complaint and an affidavit from Mr. Simpson. That's it. I got nothing else.

So I can't tell you what proof to put in. I gave you a chance to supplement your record as of tomorrow on it, and you'll supplement it however you wish or not as the case may be, but I've certainly explained that what's before me is the issue of the preliminary injunction, and that's what you're asking me to do.

It's only my schedule, in fairness to Mr. Koevary, that's kept this from being -- having to be put off till the 29th of October. Otherwise, I would have had this hearing a lot quicker, which is not unusual in a preliminary injunction hearing, as you know. So you're getting a lot more time due to my cataract surgery here, and that's not Mr. Koevary's fault or anyone else's fault. It's my fault. It's my schedule.

So that's my day, and I'm limited to whatever you put before me in terms of declarations. And as you know, direct testimony has to be in declarations. So I don't know what you're filing between now and tomorrow, but that's what I'm going to be basing it on, and that's it, and that's what's got to be in front of me.

And you're asking me to extend a stay, and you have to explain to me why, and the only reason that you've explained so far is the impact -- as to the impact on Mr. Simpson is set forth in that affidavit and the complaint, and so Mr. Koevary

is entitled to discovery relating to whatever you put in the affidavit or complaint. And you're right, a lot of it is privileged, and then that would require a privilege log, and I totally understand it's all very annoying, but it's your case. What else are you putting in front of me?

MR. OSTROW: Your Honor, I'm trying to develop a case for a hearing date --

THE COURT: Then you shouldn't have filed this request now, you should have waited till you had a case and then filed your injunction. And I understand you have a problem because people don't seem to be able to hire lawyers, or people can't find their way to the bankruptcy court, or other things that they could be doing, but I can only go by what you decided to do.

You filed a complaint, Mr. Ostrow. You asked me for a restraining order. I granted it over -- where I had pointed out to you that, quite frankly, I don't see an argument even in your papers that's very strong relating to anything other than the debtor and any assets that might relate to the debtor's estate, but I'm giving you your day in court like you asked, and I'm giving you more time to put evidence in -- more than you would have in a normal preliminary injunction hearing, as you know.

And I am not -- no one's rushing you. No one required you to file the complaint. You decided to do that, and so

we're here. This is what we have. I have to go by whatever's in front of me after tomorrow, and that's it.

In terms of this request, I can't just extend the stay to a bunch of nondebtor entities or things that aren't even owed by the debtor without there being a record that there's actually some kind of impact to the debtor, there's a basis for me doing this under Queenie, and that also goes to the merits.

So again, it's your complaint, but everything that's in the complaint and in the affidavit in support of it -- in support of the preliminary injunction is what is in front of me. I didn't tell you what to plead or what to file in an affidavit.

So again, I don't -- while I do think Mr. Koevary's discovery requests are very broad -- and I will grant you that -- and certainly would impact on privileged information and things like that, again, if he -- some of his discovery requests are there because of what you wrote in the affidavit and the complaint, and they're not outside of the scope of that.

So that's the issue. You have to put on a case as to why I'm granting any further extension of this injunction, and that includes for the ones that are the assets of the debtor, although I think I've already explained my view on that. I have concerns about that, but I -- but everything that's not, I don't have a basis for me doing this legally. Queenie says you

have to fit in this role. You have to explain to me how this fits in that. If it doesn't, I don't have the authority.

MR. OSTROW: Your Honor, I wasn't expecting that we were going to get into the merits. And I also, quite frankly --

THE COURT: I'm not, but I'm just trying to explain to you that my problem is that from the perspective of discovery here, it's going to be whatever -- it seems to me that the burden of proof is on the debtor. This is a preliminary injunction hearing. You asked for a preliminary injunction.

So it's your witnesses that are the ones that need to be deposed for sure. It's anybody whose affidavit you're putting in support of this for a hearing on the 29th, and I gave you a deadline for that, which was the 9th to supplement it, and that was two more weeks.

And again, if I weren't having my cataract surgery, this hearing would be happening, like, this week, next week, and you're getting more time than that. And I gave you more time to supplement your record, which I also didn't have to do, but I did.

So in fairness, we are at the stage now where there has to be some discovery. There certainly has to be a deposition of Mr. Simpson, and it has to be on the topics that you put forth as the basis for my doing this, and that's not unreasonable because it's your affidavit that you put in.

MR. OSTROW: Your Honor, look, I did not understand your order to say that at the hearing all testimony has to -- all direct testimony has to be through declaration. I understand that that's how --

THE COURT: That is my standing order in my chambers rules.

MR. OSTROW: No, I understand that, Your Honor, but again, this -- that's standard for a trial when you have a lot preparation time. I didn't know that that was standard for this kind of hearing. Also, with respect to a lot of the witnesses that I named, they're not cooperative witnesses. They're not in our control. They will come because they will be compelled to come. So we couldn't --

THE COURT: Fine, but you have a date for a hearing now.

MR. OSTROW: Yes.

THE COURT: And if you --

MR. OSTROW: I understand that, Your Honor, but I think that, as I say, with this kind of proof and the witnesses that I've named, it's not going to be just one day, unless Your Honor tells me today I'm not hearing more than one day, and I don't think I hear Your Honor saying that.

THE COURT: No, Mr. Ostrow, because I don't know what you're suggesting your case is here beyond what I have, okay? And what I have is a complaint, and I also have the law. The

law is, how does this impact the debtor's estate?

Again, respectfully, that has to be proven, because if there's no irreparable harm to the debtor, again -- and the debtor's going to have his day to have this litigation because I got an adversary proceeding, I got a claim. That is it relating to these parties.

You're asking me to extend a stay to a whole bunch of people who aren't the debtor, and a whole bunch of entities that aren't the debtor and aren't even owned by the debtor directly, and I have a limited case -- amount of case law under the Second Circuit that permits that, and it needs to fall into that, and you have to plead to me why that is.

MR. OSTROW: No, I understand that, Your Honor, and I understand that I have a high burden. And I understand that in order for me to meet that high burden, I may have to put on a lot of witnesses, and a lot of these witnesses are not cooperative witnesses. They are witnesses who will come --

THE COURT: Okay. Let me ask you a question.

MR. OSTROW: -- if properly compelled to come.

THE COURT: And maybe this is just naive on my part, Mr. Ostrow, but I'm just going to say this anyway. You're telling me I need to extend the stay to all these various entities and another person. None of them are going to be my witnesses?

They're not going to come here and tell me why

they're -- like, somehow that's -- they're tied to this? I don't know. That seems a little odd to me. I don't know who could speak about a corporation other than the person that allegedly owns it, and why -- and somehow why that relates to here.

Again, I just -- I'm having trouble understanding how parties that don't relate to what's in your complaint and what's in your affidavit are parties that I'm going to be dealing with here, but I'm not precluding you. I'm just explaining to you, I don't understand that. So why don't we get back to actual discovery involving Mr. Simpson? Because that definitely has to happen, we all agree.

MR. OSTROW: No, we understand that.

THE COURT: He signed an affidavit, and so he's got to be deposed. And we also understand that he's going to -- there's going to have to be document productions relating to Mr. Simpson. And again, no one said you had to say certain things in the affidavit, but if you are asserting these things are true, I think you're going to have to provide some evidence for that.

MR. OSTROW: Yes, I understand that, Your Honor, but again, trying to figure out -- look, I could take Mr. Koevary's request and file objections to it -- general objections, specific objections, and produce stuff subject to the objections, but I was hoping that with the limited time we have

between now and the 29th week, we could have some of these issues determined in advance so we don't have to go through that process.

This is a hurry-up process. We have to shorten the time frame. The time frame in the federal rules for responses to document requests is thirty days. If we abide by the strict application of the federal rules, then he's not going to get anything before the start of the hearing.

And I'm not suggesting that, but what I am suggesting -- and what I did suggest in my letter to you -- is that I think it is a bit unfair for him to say, I'm going to stand on the strict application of the rules with respect to who's going to be produced on behalf of the defendants, Arch -- which is just Kevin Wiener and not Michael Wiener -- but no, you have to relax the rules about when you have to respond to the document request.

THE COURT: Okay. I hear that.

MR. OSTROW: Again, I think it's imbalanced. I think it's unfair, but I think there is a reasonable solution that can be worked out.

THE COURT: May I ask you a question, though? Seriously, if the issue is how does this fit in Queenie, and why do I have the authority to extend the stay, who and what are we talking about? Because I don't -- this is a adversary proceeding you commenced against Arch. I understand that,

okay? I get that.

Certainly, somebody has to be available to speak on behalf of Arch. That's why we have 30(b)(6). Presumably, that's whoever they designate. That's the way we have things for corporations. I don't know -- understand how -- again, Mr. Wiener isn't the person you're asking me to extend the stay to. I'm talking about the other Mr. Wiener. Not Mr. Kevin Wiener, the other Mr. Wiener.

So I don't understand why -- for this hearing, which is about an injunction, what the basis for that is for even having that deposition. Why is it needed to prove your case? Maybe you need to explain that to me.

MR. OSTROW: Your Honor, part of the case is that this particular lawsuit is part of a systematic attempt to destroy the debtor, and ruin his life, ruin his finances, ruin his family. And I think that as part of the proof of that -- and I think if I am able to show that, I think that satisfies the Queenie standard, but I also -- in addition to the distraction from the ability to work on the restructuring, especially when his wife is attacked.

And if it's a pattern -- if I can establish a pattern, that this has been going on since 2023 -- and that is part of the proof -- then I think I do come within the Queenie standard to get this injunction, especially if what's at stake is not very significant other than attacking my firms guarantee and

mortgage to pull out the -- to make it more difficult for the debtor to hold on to counsel. Because if that is pulled out, then what is the source of compensation? What is the source of ability to pay administrative claims to confirm a plan?

It is all tied together, but I do think a significant part of the case is motive, harassment, and just general striking at the debtor to prevent the debtor from, among other things, accomplishing his reorganization. And I think if I could show that to you, I think I could convince you of that, then I think I would be entitled to the injunction, and that's part of it.

I mean, Your Honor, all the witnesses that I named, with the exception of the debtor and his aunt who I plan to submit a declaration of -- from, these are witnesses who are not cooperative. They are at best reluctant, and at worst hostile. And again, to put on this kind of case will take time.

And I think that this kind of thing, in terms of what we're doing for discovery purposes and for the actual hearing purposes -- I mean, we could wait till the end. We could wait till discovery requests are issued, and objections are filed, and there are negotiations over the objections that fail, and we come back to Your Honor. Nobody wants to disturb Your Honor when you're having and recovering from a surgery. So I wanted to get all these things out as quickly as possible so we can,

again, get clarity and direction.

MR. KOEVARY: Your Honor, may I?

THE COURT: Yes.

MR. KOEVARY: This is Jonathan Koevary. So I mean, I've heard a lot here, Your Honor. And I think -- first of all, I think a little level setting perhaps might be in order, because I do think -- at the status conference that we held last Monday leading to the TRO, there had been some discussion -- I think the status conference was focused primarily on Queenie and irreparable harm, but there had been some discussion of likelihood on the merits.

And we had had some discussion of, well, do we have to get to the underlying dispute here and there, and I think that was -- I think that might be one of the reasons why maybe discovery sort of went the way they were. And this was only one business day after this got filed, but when we look at the law -- when you look at the law on substantial likelihood on the merits, and when you look at what's in the motion, it's precisely what Your Honor said just now today, which is likelihood of confirming a plan.

So one of the reasons -- so for example, like, one of the objections -- we have, like, a third-party subpoena -- like, this issue about the contribution agreements, which we talked about ten days ago as being an issue -- and we are prepared to put on evidence if Your Honor wants that -- I

actually think now going back and looking at the case law and having time, that that's not an issue readily before the Court. I think it's really substantial likelihood on the merits, and that's why we sought the one subpoena.

I have to say that everything I hear is -- continues to astonish me. I'm truly astonished. First of all, I feel like this is a discovery conference by ambush. I've never heard an issue with, well, there's thousands of emails. That's not a conversation we had.

We haven't had a meet and confer about -- I understand there's broad issues about the types of discovery that we're seeking, but this unduly type burdensome thing I never heard. I certainly never heard anything about twelve witnesses. This is the first I'm hearing about anything of the sort.

I've certainly never heard anything about trying to extend this conference out. We have a TRO under Rule 65. It's a maximum -- it's supposed to be fourteen days and a maximum of twenty-eight. We consented as to two entities. We didn't consent as to the two. I don't think -- our view is that the burden hadn't even been met to get the TRO, but this is where we are.

This is clearly sort of an attempt to push this out as far as possible. We just wanted -- the main thing we want is to be able to test the theories in the Simpson declaration, because it seems like everything that they're relying upon is

based upon what's in the Simpson declaration.

It is ambush to us, Your Honor, to hear, well, let's -- why don't we -- today, why don't we convert this to a trial on the merits because, oh, by the way, that's what -- the underlying relief sought -- the one count in the complaint is seeking a declaratory relief that's similar. I haven't heard that except before Your Honor, so I don't think the -- I don't appreciate the ambush that way.

And as far as this tit-for-tat, he'll only produce the declarant in this case on the issues that he is relying upon as his evidence if Arch entity -- if Arch produces their principal, there's no basis for that. This is extraordinary relief. And in the meantime, it is us that are restrained.

And he can't turn this into a trial on, frankly, what are mostly -- what's pleaded in the complaint, and in the motion, and in the Simpson declaration really has nothing to do with what's deciding a preliminary injunction motion, but it really has to do with finding yet the latest in a long litany of attempts to take the issues that are being considered in -- that have been -- that are before Justice Cohen, stayed by the bankruptcy process and by Your Honor.

That has been removed several times, to which it's subject to an anti-removal injunction that is still in force. And it's those issues -- and this is, like -- so there's a real twofer here. It's an opportunity to leverage -- to stop this

lawsuit -- which Becker Glynn took the risk, so I don't even know why this should be affecting the State. Your Honor said they took the risk. They put in their affidavits they took the risk.

So it shouldn't be affecting the estate at all, but now they want a lawsuit. They're seeking injunctive relief against Becker Glynn to stop this. Conveniently, that is where the debtors focus. He has time to focus on this. There seems to be a lot of things the debtor has time to focus on, and it's very convenient that it's this action that he -- that all of a sudden gives him a reason not to focus.

So they have the twofer by stopping this, and putting a TRO, and now being able to leverage all the other issues that go to the heart of the dispute that is clearly before Justice Cohen to try to find yet another way to get it before Your Honor, and that's what this is.

And what we really should be having is a one-day evidentiary hearing on -- I don't know what's going to come in tomorrow. Your Honor doesn't know, I don't know, and maybe things change from there. I don't know. I have in front of me a declaration that puts -- very little legal argument that puts everything on my client, and it's really -- it ought to be tested. I think Your Honor agreed that it ought to be tested.

And that that entitles to some sort of, like, tit-for-tat, well, he gets everybody that he wants to get, and this all

becomes a circus, and all the time that we're stayed -- that's just wholly inappropriate, Your Honor.

I think it ought to be a streamlined hearing on whatever -- likelihood of success on the merits, irreparable harm and the Queenie standard as applied to each entity, the balance of the equities and public interest, and it's -- the extraordinary burden. And whatever they put in for proof, it's our right to test it.

And it doesn't mean -- we're not the main -- this is expedited discovery in the context of a preliminary injunction, and we'll get to discovery. We're probably going to move to dismiss the actual complaint, and we'll deal with that there, but there's a time and a place for that. It's not an emergency of our making. We are the ones restrained, and enough of this. So thank you, Your Honor.

THE COURT: All right. Mr. Ostrow, here's -- and Mr. Koevary, here's what I'm going to rule on today. Mr. Simpson can be deposed. I'm not going to require him to be videoed, Mr. Koevary. I'm sorry. His behavior, I can tell from the transcript, and I hope he acts like an adult, but I can't promise you that.

Second of all, I note that I'm going to obviously allow the 30(b)(6) to go forward, I suppose, like you've agreed to. I don't see a basis for any other depositions here, Mr. Ostrow. If there's something else that you need for proof,

you'll have to figure out how you're putting it in by declaration by tomorrow. And if that's some other witness, then Mr. Koevary's going to be entitled to depose that person, but right now all I got is Mr. Simpson, so that's where I am on this.

With respect to discovery, I do think that the parties need to be mindful of, A, whatever's been put into Mr. Simpson's declaration is something that they have the right to test, but, B, there are also privilege logs. Sorry that it takes work, but people have to figure out what they're going to do.

And I have no idea what else is going to come into evidence between now and tomorrow in the supplements, so I'm with Mr. Koevary there. I can't figure that out. And I think that the -- that Mr. Koevary's correct that the issue is going to be, why should I be extending the Queenie standard on a preliminary injunction basis to each of these entities?

And that has to be proven. That's what the complaint is asking for, so there has to be a basis for it. The basis has been Mr. Simpson. That's what you put into evidence. I don't have anything else. That's what I have in front of me.

So again, I don't think this is going to be a twenty witness trial or whatever you're talking about, Mr. Ostrow. But again, if you're going to put in some declarations between now and tomorrow, that's fine, and those people will have to be

deposed if the other side wants to.

It's your evidence, it's your burden, but I do think the issue is how am I going to -- what's the basis for me extending this current injunction further as a preliminary injunction, pending a hearing on the merits -- and I'm not going to have a trial on the merits combined with the preliminary injunction hearing. I don't see that.

I've already explained to you that I have a lot of issues with respect to how these other parties are even involved here in front of the estate, so that doesn't make sense to me. I have to have some basis for why I'm even extending the injunction for those parties.

I don't mean the parties that are owned by Mr. Simpson, because I understand the argument there. Doesn't mean Mr. Koevary can't argue against it, but I'm just saying I at least understand the argument there, but why I should be doing it for everybody else and what's the basis for that.

So again, this is a discovery conference. I've just ruled on your -- how the deposition's going to happen. I've ruled on the fact that you're going to have to have a deposition, the 30(b)(6). I'm not going to require Mr. Weiner -- the other Mr. Weiner's deposition. Not based on what I have in front of me at the moment, I'm not.

And with respect to your document production, you've already explained to me what you could do. You can file

objections. I've also noted (indiscernible) privilege issues, but you also have your case to put on. Beyond that, I'm not sure what else I'm talking about in a discovery conference.

And I don't expect this to be a twenty person trial. I don't see how that is. This is not a trial on the merits. It's on your explaining to me how you meet the high burden for Queenie to extend it to all these people for -- and entities for a longer period of time. I don't think it's anything else. That's what a preliminary injunction hearing is.

And as I pointed out to you, this would have been done a lot faster. Mr. Koevary is right what the statute says. This wouldn't be something that would be sitting out there, so it's not a time usually where you have an endless time period to take discovery. I agree with that, but your witness certainly has to have discovery, again, because it's your case, and you -- that's the basis for it.

Anything else, Mr. Ostrow or Mr. Koevary?

MR. OSTROW: Your Honor, it seemed from the gesturing that Mr. Simpson may want to address the Court if the Court is willing.

THE COURT: No. This is a discovery conference, whether it meets the standards for discovery. Mr. Simpson is not a lawyer. You've pointed out to me that we have issues with Rule 26, Rule 65, 726 [sic]. No offense, that's not Mr. Simpson's bailiwick here. I think I've responded to what I was

asked to rule on so far today.

MR. OSTROW: Understood.

THE COURT: And if there's something else, then you'll have to raise it with me again.

MR. OSTROW: Okay. Understood, Your Honor. Thank you.

MR. KOEVARY: Thank you, Your Honor.

THE COURT: Okay. All right. With that, court is now adjourned.

MR. PARTELOW: Thank you, Your Honor.

(Whereupon these proceedings were concluded at 3:51 PM)

# I N D E X


| RULINGS: | PAGE | LINE |
| --- | --- | --- |
| Plaintiff is permitted to be deposed | 28 | 17 |
| Rule 30(b)(6) deposition permitted | 28 | 22 |

C E R T I F I C A T I O N

I, Grace Carter, certify that the foregoing transcript is a true and accurate record of the proceedings.

________________________________________

Grace Carter

eScribers
7227 North 16th Street, Suite #207
Phoenix, AZ 85020

Date:  October 12, 2026

1
**16Th (1):** 34:6

2
**29Th (6):** 10:2, 10:3, 10:6, 14:12, 17:14, 21:2

9
**9Th (1):** 17:15

A
**AL (28):** 5:1, 6:1, 7:1, 8:1, 9:1, 10:1, 11:1, 12:1, 13:1, 14:1, 15:1, 16:1, 17:1, 18:1, 19:1, 20:1, 21:1, 22:1, 23:1, 24:1, 25:1, 26:1, 27:1, 28:1, 29:1, 30:1, 31:1, 32:1
**ARCH (28):** 5:1, 6:1, 7:1, 8:1, 9:1, 10:1, 11:1, 12:1, 13:1, 14:1, 15:1, 16:1, 17:1, 18:1, 19:1, 20:1, 21:1, 22:1, 23:1, 24:1, 25:1, 26:1, 27:1, 28:1, 29:1, 30:1, 31:1, 32:1
**AZ (1):** 34:7
**Abide (1):** 21:7
**Ability (4):** 13:13, 13:20, 22:20, 23:5
**Able (4):** 15:12, 22:18, 25:24, 27:14
**Accepting (1):** 7:7
**Access (1):** 8:7
**Accomplishing (1):** 23:9
**Accordance (1):** 6:5
**According (1):** 12:16
**Accountant (2):** 9:11, 9:11
**Accurate (1):** 34:3
**Action (3):** 13:4, 13:4, 27:11
**Acts (1):** 28:21
**Actual (3):** 20:12, 23:20, 28:13
**Actually (7):** 9:2, 9:25, 11:14, 12:11, 13:17, 16:7, 25:2
**Addition (1):** 22:19
**Address (1):** 31:20
**Adhering (1):** 7:11
**Adjourned (1):** 32:10
**Administrative (1):** 23:5
**Adult (1):** 28:21
**Advance (1):** 21:3
**Adversary (2):** 19:6, 21:25
**Adversely (1):** 13:8
**Affecting (4):** 10:24, 13:8, 27:3, 27:6
**Affects (1):** 10:25
**Affidavit (14):** 13:7, 13:12, 13:24, 14:2, 14:26, 15:3, 16:10, 16:13, 16:18, 17:13, 17:26, 20:9, 20:15, 20:19
**Affidavits (1):** 27:4
**Afternoon (8):** 5:3, 5:10, 5:13, 5:14, 5:17, 5:18, 5:21, 5:24
**Again (24):** 5:6, 10:17, 12:6, 12:26, 13:22, 16:9, 16:14, 16:17, 17:17, 18:9, 19:3, 19:4, 20:7, 20:18, 20:23, 21:19, 22:6, 23:17, 24:2, 29:23, 29:25, 30:19, 31:16, 32:5
**Against (3):** 21:26, 27:8, 30:16
**Ago (1):** 24:25
**Agree (2):** 20:13, 31:15
**Agreed (2):** 27:24, 28:24
**Agreements (3):** 7:6, 10:10, 24:24
**Ahead (1):** 5:4
**Al (1):** 5:8
**Alec (1):** 5:10
**Allegedly (1):** 20:5
**Allow (1):** 28:24
**Allows (1):** 10:14
**Alone (1):** 9:22
**Although (1):** 16:24
**Ambush (3):** 25:8, 26:3, 26:9
**Among (1):** 23:8
**Amount (3):** 8:6, 10:18, 19:11
**Annoying (1):** 15:5
**Anticipating (1):** 8:26
**Appearances (2):** 5:6, 5:8
**Applicable (1):** 6:21
**Application (2):** 21:8, 21:13
**Applied (1):** 28:6
**Appreciate (1):** 26:9
**Appropriate (1):** 10:5
**Arch (11):** 5:8, 5:15, 5:19, 9:8, 9:10, 10:11, 21:14, 21:26, 22:4, 26:12, 26:12
**Archs (1):** 9:14
**Arent (5):** 11:9, 16:5, 19:9, 19:10, 19:10
**Argue (1):** 30:16
**Argument (6):** 11:12, 12:9, 15:18, 27:22, 30:15, 30:17
**Arise (1):** 8:26
**As (34):** 5:22, 8:12, 8:18, 8:26, 9:25, 9:25, 10:12, 11:24, 12:17, 13:20, 13:25, 14:5, 14:6, 14:14, 14:18, 14:25, 15:23, 16:21, 17:25, 18:19, 22:17, 23:26, 23:26, 24:25, 25:18, 25:19, 25:22, 25:23, 26:10, 26:10, 26:11, 28:6, 30:5, 31:11
**Asserting (1):** 20:19
**Asset (1):** 13:17
**Assets (5):** 11:9, 11:12, 12:10, 15:20, 16:23
**Assignment (1):** 8:3

**Astonish (1):** 25:7
**Astonished (1):** 25:7
**Attacked (1):** 22:21
**Attacking (1):** 22:26
**Attempt (2):** 22:15, 25:22
**Attempts (1):** 26:20
**Aunt (2):** 9:12, 23:14
**Authority (4):** 6:20, 11:16, 17:3, 21:24
**Available (4):** 10:3, 10:6, 13:21, 22:3
**Aware (1):** 6:19
**Away (1):** 6:14

B

**Back (5):** 6:19, 10:2, 20:12, 23:24, 25:2
**Bailiwick (1):** 31:26
**Balance (1):** 28:7
**Bankrupt (1):** 11:6
**Bankruptcy (3):** 6:20, 15:13, 26:22
**Based (2):** 26:2, 30:23
**Basically (1):** 7:18
**Basing (1):** 14:21
**Basis (15):** 10:19, 11:13, 16:7, 16:26, 17:25, 22:11, 26:13, 28:25, 29:18, 29:20, 29:20, 30:4, 30:12, 30:18, 31:17
**Becker (3):** 5:11, 27:2, 27:8
**Beckerman (1):** 5:3
**Becomes (1):** 28:2
**Began (1):** 6:9
**Behalf (3):** 6:10, 21:14, 22:4
**Behavior (1):** 28:20
**Benefit (1):** 8:9
**Best (1):** 23:16
**Beyond (3):** 13:16, 18:24, 31:3
**Bit (1):** 21:12
**Bombard (1):** 7:22
**Both (3):** 7:15, 8:25, 9:8
**Bothering (1):** 10:24
**Breadth (1):** 7:15
**Brief (1):** 6:8
**Broad (2):** 16:15, 25:12
**Bunch (4):** 11:18, 16:5, 19:8, 19:9
**Burden (8):** 8:8, 17:10, 19:15, 19:16, 25:20, 28:8, 30:3, 31:7
**Burdensome (1):** 25:13
**Business (1):** 24:17
**Busy (1):** 8:2

C

**COURT (24):** 5:3, 5:13, 5:17, 5:21, 5:24, 10:20, 12:4, 12:6, 15:9, 17:7, 18:6, 18:15, 18:18, 18:23, 19:18, 19:20, 20:15, 21:18, 21:22, 24:4, 28:17, 31:22, 32:4, 32:9
**Call (1):** 5:4
**Can (9):** 11:4, 13:11, 15:14, 21:21, 22:22, 23:26, 28:19, 28:20, 30:26
**Cancel (1):** 10:4
**Cant (8):** 10:22, 14:4, 15:12, 16:4, 26:15, 28:21, 29:15, 30:16
**Carter (2):** 34:2, 34:4
**Case (25):** 5:5, 5:7, 8:6, 8:13, 10:16, 12:22, 12:24, 12:25, 13:11, 14:6, 15:5, 15:7, 15:10, 16:21, 18:24, 19:11, 19:11, 22:12, 22:14, 23:7, 23:17, 25:2, 26:11, 31:3, 31:16
**Cases (1):** 12:18
**Cataract (2):** 14:15, 17:17
**Certain (2):** 7:6, 20:18
**Certainly (7):** 14:7, 16:16, 17:23, 22:3, 25:14, 25:16, 31:16
**Certify (1):** 34:2
**Chambers (1):** 18:6
**Chance (1):** 14:5
**Change (1):** 27:21
**Chassen (1):** 9:7
**Chassin (1):** 5:11
**Choice (2):** 13:9, 13:10
**Circuit (1):** 19:12
**Circumstances (1):** 10:10
**Circus (1):** 28:2
**Civil (1):** 6:21
**Claim (4):** 11:3, 11:4, 11:5, 19:6
**Claimed (1):** 12:11
**Claims (2):** 11:4, 23:5
**Clarity (2):** 8:22, 24:2
**Clear (2):** 12:7, 12:24
**Clearly (2):** 25:22, 27:15
**Client (1):** 27:23
**Coding (1):** 8:19
**Cohen (2):** 26:21, 27:16
**Colleague (1):** 5:16
**Combined (1):** 30:7
**Coming (1):** 10:8
**Commenced (1):** 21:26
**Communication (1):** 7:26
**Communications (1):** 9:16
**Compelled (2):** 18:14, 19:19
**Compensation (2):** 8:16, 23:4
**Complaint (24):** 6:10, 10:15, 10:20, 10:26, 11:18, 12:4, 12:26, 13:8, 13:11, 13:25, 14:2, 14:26, 15:3, 15:16, 15:26, 16:9, 16:10, 16:19, 18:25, 20:8, 26:6, 26:16, 28:13, 29:19
**Concern (1):** 13:18
**Concerns (1):** 16:25

**Concluded (1):** 32:12
**Confer (2):** 6:25, 25:11
**Conference (17):** 5:26, 6:3, 6:7, 6:23, 7:5, 7:9, 7:12, 8:24, 8:24, 12:8, 24:8, 24:10, 25:8, 25:17, 30:19, 31:4, 31:22
**Confirm (1):** 23:5
**Confirming (1):** 24:21
**Consent (1):** 25:19
**Consented (1):** 25:18
**Consequences (1):** 13:6
**Considerations (1):** 8:5
**Considered (1):** 26:20
**Considering (1):** 7:21
**Consolidate (1):** 10:14
**Context (1):** 28:11
**Continues (1):** 25:6
**Contribution (2):** 10:10, 24:24
**Control (1):** 18:13
**Controversy (1):** 8:7
**Convenient (2):** 6:26, 27:11
**Conveniently (1):** 27:8
**Conversation (1):** 25:10
**Convert (1):** 26:4
**Convince (1):** 23:10
**Cooperative (3):** 18:12, 19:18, 23:16
**Corporation (2):** 12:24, 20:4
**Corporations (1):** 22:6
**Couldnt (1):** 18:14
**Counsel (2):** 8:19, 23:3
**Count (1):** 26:6
**Counting (1):** 8:14
**Course (2):** 8:11, 8:15
**Court (12):** 5:4, 6:24, 7:23, 8:21, 10:9, 10:14, 15:13, 15:21, 25:3, 31:20, 31:20, 32:9
**Courthouse (1):** 6:17
**Courts (1):** 10:23
**Current (1):** 30:5

D

**Date (4):** 6:16, 15:8, 18:15, 34:8
**David (1):** 9:10
**Day (10):** 7:21, 9:23, 10:6, 10:9, 14:17, 15:21, 18:20, 18:21, 19:5, 24:17
**Days (4):** 9:19, 21:7, 24:25, 25:18
**Deadline (1):** 17:15
**Deal (2):** 11:7, 28:13
**Dealing (1):** 20:10
**Debtor (29):** 8:10, 8:12, 9:4, 9:7, 11:9, 11:10, 11:19, 12:12, 12:15, 12:15, 12:23, 13:6, 13:9, 13:17, 15:20, 16:6, 16:7, 16:23, 17:10, 19:4, 19:9, 19:10, 19:10, 22:16, 23:3, 23:8, 23:8, 23:14, 27:10
**Debtors (12):** 9:12, 9:22, 10:9, 11:9, 11:19, 12:2, 12:11, 12:11, 15:20, 19:2, 19:5, 27:9
**Decide (1):** 13:10
**Decided (2):** 15:14, 15:26
**Deciding (1):** 26:18
**Declarant (1):** 26:11
**Declaration (8):** 18:4, 23:15, 25:24, 26:2, 26:17, 27:22, 29:3, 29:9
**Declarations (3):** 14:18, 14:19, 29:25
**Declaratory (1):** 26:7
**Defendants (3):** 5:15, 5:19, 21:14
**Definitely (1):** 20:13
**Depending (2):** 9:5, 9:18
**Depose (1):** 29:4
**Deposed (5):** 17:13, 20:16, 28:19, 30:2, 33:3
**Deposition (8):** 6:17, 7:9, 7:11, 17:24, 22:12, 30:22, 30:23, 33:4
**Depositions (3):** 7:2, 28:25, 30:20
**Designate (1):** 22:5
**Destroy (1):** 22:15
**Determined (1):** 21:3
**Develop (1):** 15:7
**Dictate (1):** 10:18
**Didnt (4):** 16:12, 17:20, 18:10, 25:18
**Difficult (1):** 23:2
**Direct (2):** 14:18, 18:4
**Direction (2):** 8:22, 24:2
**Directly (2):** 12:12, 19:11
**Disagreement (1):** 7:8
**Discovery (31):** 5:26, 6:3, 6:20, 6:23, 8:4, 8:18, 8:20, 8:24, 8:25, 10:18, 11:20, 15:2, 16:15, 16:17, 17:8, 17:23, 20:12, 23:20, 23:22, 24:16, 25:8, 25:12, 28:11, 28:12, 29:7, 30:19, 31:4, 31:15, 31:16, 31:22, 31:23
**Discuss (1):** 7:3
**Discussed (1):** 9:4
**Discussion (3):** 24:10, 24:12, 24:13
**Dismiss (1):** 28:13
**Dispute (2):** 24:14, 27:15
**Disputes (1):** 8:26
**Distract (1):** 12:23
**Distraction (1):** 22:19
**Disturb (1):** 23:24
**Document (6):** 6:18, 7:13, 20:17, 21:7, 21:17,

30:25
**Documents (3):** 7:4, 7:15, 9:10
**Doesnt (7):** 11:15, 13:6, 17:3, 27:20, 28:10, 30:11, 30:15
**Dollars (1):** 8:14
**Done (1):** 31:11
**Dont (40):** 10:5, 11:5, 11:23, 13:18, 13:22, 13:26, 14:19, 15:12, 15:18, 16:14, 16:26, 17:3, 18:22, 18:23, 20:3, 20:3, 20:8, 20:11, 20:11, 21:3, 21:25, 22:6, 22:10, 25:19, 26:4, 26:4, 26:8, 26:8, 27:2, 27:19, 27:20, 27:21, 28:25, 29:22, 29:23, 30:8, 30:14, 31:5, 31:6, 31:9
**Dozen (2):** 9:4, 9:5
**Due (1):** 14:14
**During (1):** 7:21
**Duties (1):** 12:23

E

**ESTATE (28):** 5:1, 6:1, 7:1, 8:1, 9:1, 10:1, 11:1, 12:1, 13:1, 14:1, 15:1, 16:1, 17:1, 18:1, 19:1, 20:1, 21:1, 22:1, 23:1, 24:1, 25:1, 26:1, 27:1, 28:1, 29:1, 30:1, 31:1, 32:1
**ET (28):** 5:1, 6:1, 7:1, 8:1, 9:1, 10:1, 11:1, 12:1, 13:1, 14:1, 15:1, 16:1, 17:1, 18:1, 19:1, 20:1, 21:1, 22:1, 23:1, 24:1, 25:1, 26:1, 27:1, 28:1, 29:1, 30:1, 31:1, 32:1
**Early (1):** 6:18
**Else (11):** 13:2, 14:3, 15:6, 28:26, 29:13, 29:22, 30:18, 31:4, 31:9, 31:18, 32:4
**Elses (1):** 14:16
**Email (2):** 7:7, 7:20
**Emailed (1):** 6:15
**Emails (5):** 7:22, 7:24, 7:26, 8:19, 25:9
**Emergency (1):** 28:14
**Employees (1):** 9:9
**Employment (1):** 9:14
**End (1):** 23:21
**Endless (1):** 31:14
**Enjoin (2):** 13:3, 13:4
**Enough (1):** 28:15
**Entered (1):** 6:12
**Entities (7):** 5:19, 16:5, 19:9, 19:23, 25:18, 29:18, 31:8
**Entitled (3):** 15:2, 23:11, 29:4
**Entitles (1):** 27:25
**Entity (3):** 5:15, 26:12, 28:6
**Equities (1):** 28:7
**Escribers (1):** 34:5
**Especially (2):** 22:20, 22:25
**Essence (2):** 11:8, 13:3
**Establish (1):** 22:22
**Estate (11):** 5:8, 11:6, 11:9, 11:20, 12:2, 12:20, 13:18, 15:21, 19:2, 27:6, 30:11
**Estates (1):** 12:21
**Et (1):** 5:8
**Europe (1):** 10:2
**Evan (1):** 9:11
**Even (11):** 9:20, 9:22, 11:9, 15:18, 16:5, 19:10, 22:11, 25:20, 27:2, 30:10, 30:12
**Everybody (2):** 27:26, 30:18
**Evidence (8):** 13:26, 15:22, 20:20, 24:26, 26:12, 29:14, 29:21, 30:3
**Evidentiary (2):** 6:13, 27:19
**Exactly (1):** 10:17
**Example (2):** 12:21, 24:22
**Except (1):** 26:8
**Exception (1):** 23:14
**Excess (1):** 8:13
**Exchange (1):** 7:4
**Executives (1):** 12:25
**Exhibit (1):** 7:13
**Exhibits (1):** 6:8
**Expect (1):** 31:5
**Expected (1):** 6:18
**Expecting (1):** 17:4
**Expedited (1):** 28:11
**Expense (1):** 8:9
**Expenses (2):** 8:17, 8:18
**Explain (5):** 12:16, 14:24, 17:2, 17:7, 22:13
**Explained (6):** 13:14, 14:7, 14:24, 16:24, 30:9, 30:26
**Explaining (2):** 20:11, 31:7
**Explains (1):** 13:15
**Expressed (1):** 6:25
**Extend (11):** 11:7, 11:13, 13:3, 14:23, 16:4, 19:8, 19:22, 21:24, 22:7, 25:17, 31:8
**Extending (5):** 12:17, 13:16, 29:17, 30:5, 30:13
**Extension (1):** 16:22
**Extraordinary (2):** 26:13, 28:8

F

**Fact (1):** 30:21
**Fail (1):** 23:23
**Fair (1):** 10:5
**Fairness (3):** 10:21, 14:10,

17:22
**Fall (2):** 11:15, 19:12
**Falls (1):** 11:15
**Family (1):** 22:17
**Far (5):** 8:13, 14:25, 25:23, 26:10, 32:2
**Faster (1):** 31:12
**Fault (3):** 14:15, 14:16, 14:16
**Federal (3):** 6:21, 21:6, 21:8
**Feel (1):** 25:7
**Fees (1):** 8:13
**Figure (5):** 10:17, 20:23, 29:2, 29:11, 29:15
**File (4):** 15:26, 16:12, 20:24, 30:26
**Filed (9):** 6:10, 10:21, 11:5, 12:26, 15:9, 15:10, 15:16, 23:22, 24:17
**Filing (1):** 14:20
**Finances (1):** 22:16
**Find (2):** 15:13, 27:16
**Finding (1):** 26:19
**Fine (2):** 18:15, 29:26
**Firm (1):** 8:11
**Firms (1):** 22:26
**First (4):** 6:4, 24:6, 25:7, 25:15
**Fit (2):** 17:2, 21:23
**Fits (1):** 17:3
**Focus (4):** 27:9, 27:9, 27:10, 27:12
**Focused (1):** 24:10
**Following (1):** 10:6
**Force (2):** 10:3, 26:24
**Forced (1):** 10:11
**Foregoing (1):** 34:2
**Former (1):** 9:8
**Forth (3):** 8:4, 14:26, 17:25
**Forward (1):** 28:24
**Four (1):** 9:8
**Fourteen (1):** 25:18
**Frame (2):** 21:6, 21:6
**Frankly (3):** 15:18, 17:6, 26:15
**Free (1):** 8:22
**Friday (1):** 6:15
**Frome (2):** 5:15, 5:20
**Front (8):** 14:22, 15:6, 16:3, 16:11, 27:21, 29:22, 30:11, 30:24
**Further (2):** 16:22, 30:5

G

**Gave (4):** 13:13, 14:4, 17:15, 17:19
**General (2):** 20:24, 23:7
**Gesturing (1):** 31:19
**Gets (1):** 27:26
**Gives (1):** 27:12
**Giving (2):** 15:21, 15:22
**Glynn (3):** 5:11, 27:2, 27:8
**Goes (1):** 16:8
**Good (9):** 5:3, 5:10, 5:13, 5:14, 5:17, 5:18, 5:21, 5:24, 6:16
**Grace (2):** 34:2, 34:4
**Grant (2):** 11:25, 16:15
**Granted (1):** 15:17
**Granting (1):** 16:22
**Guarantee (1):** 22:26

H

**HOLDINGS (28):** 5:1, 6:1, 7:1, 8:1, 9:1, 10:1, 11:1, 12:1, 13:1, 14:1, 15:1, 16:1, 17:1, 18:1, 19:1, 20:1, 21:1, 22:1, 23:1, 24:1, 25:1, 26:1, 27:1, 28:1, 29:1, 30:1, 31:1, 32:1
**Hadnt (1):** 25:20
**Happen (3):** 13:6, 20:13, 30:20
**Happened (1):** 7:23
**Happening (1):** 17:18
**Harassment (1):** 23:7
**Hardly (1):** 9:20
**Harm (4):** 13:5, 19:4, 24:11, 28:6
**Havent (2):** 25:11, 26:7
**Hear (4):** 18:22, 21:18, 25:6, 26:3
**Heard (6):** 24:6, 25:9, 25:13, 25:14, 25:16, 26:7
**Hearing (26):** 6:13, 9:3, 9:19, 10:13, 10:15, 12:7, 14:12, 14:14, 15:8, 15:23, 17:11, 17:14, 17:18, 18:3, 18:11, 18:15, 18:21, 21:9, 22:10, 23:20, 25:15, 27:19, 28:4, 30:6, 30:8, 31:10
**Heart (1):** 27:15
**Held (1):** 24:8
**Hell (1):** 26:10
**Heres (2):** 28:17, 28:18
**Hes (4):** 7:18, 20:15, 20:16, 21:8
**Heymann (1):** 9:10
**High (3):** 19:15, 19:16, 31:7
**Himself (1):** 12:12
**Hire (1):** 15:12
**Hold (1):** 23:3
**Holdings (1):** 5:8
**Honeymoon (1):** 10:4
**Honor (39):** 5:10, 5:14, 5:18, 6:5, 6:9, 6:12, 8:4, 10:12, 12:3, 15:7, 17:4, 18:2, 18:8, 18:18, 18:21, 18:22, 19:14, 20:22, 22:14, 23:13, 23:24, 23:24, 24:3, 24:6, 24:20, 24:26, 26:3, 26:8, 26:22, 27:3, 27:17, 27:20, 27:24, 28:3, 28:16, 31:19, 32:6, 32:8, 32:11
**Honors (1):** 6:6
**Hope (2):** 9:7, 28:21
**Hoping (1):**

20:26
**Hosinski (1):** 5:11
**Hostile (1):** 23:17
**Hurryup (2):** 10:19, 21:5

I

**Idea (1):** 29:13
**Identify (1):** 5:6
**Ill (2):** 5:5, 6:4
**Im (34):** 5:4, 13:2, 13:2, 14:17, 14:20, 15:7, 15:21, 15:22, 16:22, 17:7, 17:7, 18:21, 19:21, 20:7, 20:9, 20:10, 20:10, 21:10, 21:12, 22:8, 25:7, 25:15, 28:18, 28:19, 28:20, 28:23, 29:14, 30:6, 30:12, 30:16, 30:22, 30:24, 31:3, 31:4
**Imbalanced (1):** 21:19
**Impact (5):** 14:25, 14:25, 16:7, 16:16, 19:2
**Impacting (1):** 11:19
**Impacts (2):** 11:14, 12:2
**Important (1):** 8:25
**Inappropriate (1):** 28:3
**Include (1):** 9:12
**Includes (1):** 16:23
**Including (2):** 7:7, 8:17
**Incumbent (1):** 10:17
**Indemnifying (1):** 12:21
**Indicated (1):** 6:2
**Indiscernible (1):** 31:2
**Information (6):** 7:16, 7:17, 8:7, 11:22, 13:14, 16:16
**Injunction (28):** 6:11, 9:3, 10:13, 10:15, 10:16, 10:22, 11:8, 11:25, 14:8, 14:13, 15:11, 15:23, 16:11, 16:22, 17:11, 17:11, 22:11, 22:25, 23:11, 26:18, 26:24, 28:11, 29:18, 30:5, 30:6, 30:8, 30:13, 31:10
**Injunctive (1):** 27:7
**Inperson (2):** 6:16, 7:11
**Insurance (3):** 9:13, 9:14, 9:14
**Interest (2):** 12:12, 28:7
**Into (10):** 11:15, 11:15, 13:22, 13:25, 17:5, 19:12, 26:15, 29:8, 29:13, 29:21
**Involved (4):** 8:18, 9:14, 12:14, 30:11
**Involving (1):** 20:12
**Irreparable (4):** 13:5, 19:4, 24:11, 28:5
**Is (109):** 5:3, 5:4, 5:16, 5:22, 6:7, 6:13, 7:13, 7:20, 7:22, 8:4, 9:6, 9:26, 10:4, 10:5, 10:8, 10:21, 11:7, 11:16, 11:19, 11:24, 12:4, 12:6, 12:19, 12:22, 12:24, 12:25, 13:11, 13:19, 13:26, 14:7, 14:13, 14:25, 14:25, 15:2, 15:3, 16:2, 16:11, 16:11, 17:8, 17:10, 17:10, 18:6, 18:24, 18:25, 19:2, 19:6, 19:13, 19:20, 21:5, 21:7, 21:11, 21:12, 21:15, 21:20, 21:23, 21:25, 22:11, 22:11, 22:12, 22:14, 22:15, 22:21, 22:23, 22:25, 23:3, 23:4, 23:4, 23:6, 23:7, 24:5, 24:20, 25:6, 25:8, 25:15, 25:19, 25:20, 25:22, 25:23, 25:25, 26:3, 26:6, 26:11, 26:13, 26:14, 26:24, 26:25, 27:8, 27:15, 27:17, 27:18, 28:10, 29:5, 29:9, 29:13, 29:16, 29:20, 29:23, 30:4, 30:19, 31:6, 31:6, 31:10, 31:12, 31:20, 31:22, 31:23, 32:9, 33:3, 34:2
**Isnt (3):** 11:3, 12:12, 22:7
**Israelien (1):** 9:11
**Issue (13):** 7:14, 10:9, 11:2, 11:17, 14:8, 16:21, 21:23, 24:24, 24:25, 25:3, 25:9, 29:16, 30:4
**Issued (1):** 23:22
**Issues (12):** 6:2, 9:6, 9:15, 21:3, 25:12, 26:11, 26:20, 26:25, 27:14, 30:10, 31:2, 31:24
**Ive (17):** 9:4, 9:24, 9:25, 11:11, 13:26, 14:2, 14:7, 16:24, 18:20, 24:6, 25:8, 25:16, 30:9, 30:19, 30:20, 31:2, 31:26

J

**JEFFREY (28):** 5:1, 6:1, 7:1, 8:1, 9:1, 10:1, 11:1, 12:1, 13:1, 14:1, 15:1, 16:1, 17:1, 18:1, 19:1, 20:1, 21:1, 22:1, 23:1, 24:1, 25:1, 26:1, 27:1, 28:1, 29:1, 30:1, 31:1, 32:1
**Jared (1):** 9:7
**Jason (1):** 9:17
**Jeffrey (1):** 5:11
**Joining (1):** 5:16
**Jonathan (2):** 5:14, 24:5
**Judge (1):** 5:3
**Justice (2):** 26:21, 27:15

K

**KOEVARY (4):** 5:14, 24:3, 24:5, 32:8
**Kept (1):** 14:11
**Kevin (4):** 7:2, 9:8, 21:15, 22:8
**Kind (8):**

8:18, 12:20, 13:5, 16:7, 18:11, 18:19, 23:17, 23:19
**Kinds (1):** 11:23
**Koevary (12):** 5:15, 5:26, 6:15, 14:10, 14:26, 24:5, 28:18, 28:20, 29:15, 30:16, 31:12, 31:18
**Koevarys (7):** 6:7, 13:10, 14:15, 16:14, 20:23, 29:4, 29:16

L

**LINE (1):** 33:2
**LLC (29):** 5:1, 5:8, 6:1, 7:1, 8:1, 9:1, 10:1, 11:1, 12:1, 13:1, 14:1, 15:1, 16:1, 17:1, 18:1, 19:1, 20:1, 21:1, 22:1, 23:1, 24:1, 25:1, 26:1, 27:1, 28:1, 29:1, 30:1, 31:1, 32:1
**Large (1):** 8:19
**Last (6):** 6:15, 9:9, 9:26, 12:7, 12:8, 24:9
**Later (1):** 7:10
**Latest (1):** 26:19
**Law (9):** 12:22, 12:24, 13:19, 18:25, 19:2, 19:11, 24:18, 24:18, 25:2
**Lawsuit (3):** 22:15, 27:2, 27:7
**Lawyer (2):** 9:10, 31:24
**Lawyers (1):** 15:12
**Leading (1):** 24:9
**Learned (1):** 9:26
**Least (1):** 30:17
**Legal (2):** 13:19, 27:22
**Legally (1):** 16:26
**Legitimate (1):** 9:6
**Lehrfiel (1):** 9:9
**Less (1):** 6:13
**Lets (1):** 26:4
**Letter (4):** 6:6, 7:14, 8:23, 21:11
**Level (1):** 24:7
**Leverage (2):** 26:26, 27:14
**Liability (1):** 12:20
**Life (1):** 22:16
**Likelihood (5):** 24:12, 24:18, 24:21, 25:4, 28:5
**Likely (1):** 8:9
**Limitation (1):** 9:21
**Limited (7):** 8:23, 12:17, 12:19, 12:22, 14:17, 19:11, 20:26
**Limits (1):** 7:4
**Lists (1):** 8:5
**Litany (1):** 26:19
**Litigation (3):** 7:23, 12:13, 19:5
**Litigations (1):** 8:19
**Little (4):** 8:10, 20:3, 24:7, 27:22
**Log (2):** 7:25, 15:4
**Logs (1):** 29:10
**Long (1):** 26:19
**Longer (1):** 31:9
**Look (6):** 7:18, 18:2, 20:23, 24:17, 24:18, 24:19
**Looking (1):** 25:2
**Lot (15):** 11:6, 11:8, 11:13, 12:9, 14:13, 14:14, 15:3, 18:9, 18:11, 19:17, 19:17, 24:6, 27:10, 30:9, 31:12

M

**Main (2):** 25:23, 28:10
**Major (1):** 12:25
**Makes (1):** 6:21
**Making (1):** 28:15
**Many (3):** 7:21, 9:19, 9:25
**Matter (1):** 13:9
**Maximum (2):** 25:18, 25:18
**May (8):** 5:8, 6:22, 10:16, 14:6, 19:16, 21:22, 24:3, 31:20
**Maybe (4):** 19:20, 22:13, 24:15, 27:20
**Mean (13):** 7:14, 7:18, 7:19, 8:2, 8:10, 11:26, 12:22, 23:13, 23:21, 24:5, 28:10, 30:14, 30:15
**Meantime (1):** 26:14
**Meet (3):** 19:16, 25:11, 31:7
**Meets (1):** 31:23
**Mention (1):** 6:26
**Merits (11):** 11:3, 16:8, 17:5, 24:12, 24:19, 25:4, 26:5, 28:5, 30:6, 30:7, 31:6
**Met (1):** 25:20
**Michael (3):** 7:3, 9:8, 21:15
**Michelle (1):** 9:9
**Might (3):** 15:20, 24:7, 24:15
**Miller (1):** 9:9
**Mindful (1):** 29:8
**Mine (1):** 13:18
**Moment (1):** 30:24
**Monday (2):** 7:5, 24:9
**Month (1):** 6:13
**More (11):** 8:12, 9:23, 9:23, 14:14, 15:22, 15:22, 17:16, 17:19, 17:19, 18:21, 23:2
**Mortgage (1):** 23:2
**Mostly (1):** 26:16
**Motion (4):** 6:10, 24:19, 26:17, 26:18
**Motive (1):** 23:7
**Move (1):** 28:12
**Muffly (1):** 5:11
**Mutually (1):** 6:26

N

**Naive (1):** 19:20
**Named (3):** 18:12, 18:20, 23:13

**Need (8):** 5:26, 6:3, 10:19, 17:12, 19:22, 22:13, 28:26, 29:8
**Needed (2):** 10:19, 22:12
**Needs (4):** 8:6, 8:21, 8:21, 19:12
**Negotiations (1):** 23:23
**Next (2):** 6:18, 17:18
**Nobody (1):** 23:24
**Nondebtor (1):** 16:5
**None (1):** 19:23
**Normal (1):** 15:23
**North (1):** 34:6
**Note (1):** 28:23
**Noted (2):** 13:20, 31:2
**Notice (1):** 7:10
**Number (2):** 5:7, 9:21

O

**OSTROW (19):** 5:10, 6:5, 12:3, 12:5, 15:7, 17:4, 18:2, 18:8, 18:17, 18:18, 19:14, 19:19, 20:14, 20:22, 21:19, 22:14, 31:19, 32:3, 32:6
**Object (2):** 11:4, 11:5
**Objection (1):** 11:4
**Objections (8):** 20:24, 20:24, 20:25, 20:26, 23:22, 23:23, 24:23, 31:2
**Obvious (1):** 7:16
**Obviously (6):** 5:25, 6:3, 6:9, 7:8, 7:14, 28:23
**October (3):** 6:13, 14:12, 34:8
**Odd (1):** 20:3
**Off (1):** 14:11
**Offense (1):** 31:25
**Often (1):** 7:21
**Olshan (2):** 5:15, 5:20
**One (11):** 9:22, 15:25, 18:20, 18:21, 20:18, 24:15, 24:17, 24:22, 24:22, 25:5, 26:6
**Oneday (1):** 27:18
**Ones (6):** 11:11, 13:16, 15:25, 16:23, 17:12, 28:15
**Only (10):** 8:23, 9:13, 9:14, 10:16, 13:11, 14:10, 14:24, 15:14, 24:16, 26:10
**Opportunity (1):** 26:26
**Order (7):** 6:12, 6:24, 15:17, 18:3, 18:6, 19:16, 24:7
**Ostrow (10):** 5:10, 5:25, 10:20, 15:16, 18:23, 19:21, 28:17, 28:26, 29:24, 31:18
**Otherwise (1):** 14:12
**Ought (3):** 27:23, 27:24, 28:4
**Out (17):** 9:24, 9:25, 10:17, 15:18, 20:23, 21:21, 23:2, 23:3, 23:26, 25:17, 25:22, 29:2, 29:11, 29:15, 31:11, 31:13, 31:24
**Outside (2):** 9:11, 16:19
**Outweighs (1):** 8:9
**Over (3):** 6:4, 15:17, 23:23
**Owed (1):** 16:6
**Owned (4):** 12:15, 13:17, 19:10, 30:14
**Owns (1):** 20:5

P

**PAGE (1):** 33:2
**PARTELOW (2):** 5:18, 32:11
**PM (1):** 32:13
**Pages (1):** 6:7
**Papers (1):** 15:19
**Paraphrasing (2):** 10:25, 13:24
**Part (7):** 19:20, 22:14, 22:15, 22:17, 22:23, 23:7, 23:12
**Partelow (2):** 5:16, 5:19
**Particular (1):** 22:15
**Parties (14):** 5:5, 8:7, 8:8, 11:26, 12:10, 12:14, 13:16, 19:7, 20:8, 20:9, 29:7, 30:10, 30:13, 30:14
**Partner (1):** 9:17
**Party (2):** 6:22, 12:12
**Pattern (2):** 22:22, 22:22
**Paul (1):** 9:17
**Pay (1):** 23:5
**Payment (2):** 8:16, 8:16
**Pending (1):** 30:6
**People (9):** 10:24, 11:8, 11:13, 15:12, 15:12, 19:9, 29:11, 29:26, 31:8
**Perhaps (1):** 24:7
**Period (2):** 31:9, 31:14
**Permits (1):** 19:12
**Permitted (2):** 33:3, 33:4
**Person (6):** 9:13, 19:23, 20:4, 22:7, 29:4, 31:5
**Personal (1):** 12:25
**Perspective (2):** 12:8, 17:8
**Ph (1):** 9:11
**Phoenix (1):** 34:7
**Place (1):** 28:14
**Plaintiff (1):** 33:3
**Plan (3):** 23:5, 23:14, 24:21
**Planning (1):** 11:24
**Plead (2):** 16:12, 19:13
**Pleaded (1):** 26:16
**Please (2):** 5:5, 5:9
**Pled (1):** 11:18
**Pointed (3):** 15:17, 31:11, 31:24
**Points (1):** 7:6
**Poor (1):** 13:23
**Possible (2):** 23:26, 25:23
**Potential (1):** 9:24
**Precisely (1):** 24:20
**Precluding**

**(1):** 20:10
**Prehearing (1):** 8:24
**Preliminary (18):** 6:11, 9:2, 10:13, 10:14, 10:22, 11:25, 14:8, 14:13, 15:23, 16:11, 17:10, 17:11, 26:18, 28:11, 29:18, 30:5, 30:8, 31:10
**Preparation (1):** 18:10
**Prepared (1):** 24:26
**Presumably (1):** 22:4
**Prevent (1):** 23:8
**Primarily (1):** 24:11
**Principal (1):** 26:13
**Privilege (4):** 7:25, 15:4, 29:10, 31:2
**Privileged (4):** 7:16, 11:22, 15:4, 16:16
**Probably (5):** 7:19, 8:11, 9:23, 13:23, 28:12
**Problem (2):** 15:11, 17:8
**Procedure (1):** 6:22
**Proceeding (2):** 19:6, 21:26
**Proceedings (2):** 32:12, 34:3
**Process (3):** 21:4, 21:5, 26:22
**Proclivity (1):** 7:22
**Produce (3):** 7:2, 20:25, 26:10
**Produced (1):** 21:14
**Produces (1):** 26:12
**Product (1):** 7:16
**Production (1):** 30:25
**Productions (1):** 20:17
**Promise (1):** 28:22
**Proof (10):** 11:24, 11:24, 13:10, 14:4, 17:10, 18:19, 22:17, 22:24, 28:8, 28:26
**Properly (1):** 19:19
**Proportionality (1):** 8:6
**Prove (1):** 22:12
**Proven (2):** 19:3, 29:19
**Provide (2):** 8:20, 20:20
**Provided (2):** 7:2, 13:15
**Providing (1):** 8:18
**Public (1):** 28:7
**Pull (1):** 23:2
**Pulled (1):** 23:3
**Purposes (2):** 23:20, 23:21
**Push (1):** 25:22
**Put (21):** 5:5, 9:10, 13:7, 13:22, 14:4, 14:11, 14:17, 15:2, 15:22, 16:21, 17:25, 17:26, 19:16, 23:17, 24:26, 27:4, 28:8, 29:8, 29:21, 29:25, 31:3
**Puts (2):** 27:22, 27:22
**Putting (5):** 13:25, 15:6, 17:14, 27:13, 29:2

Q

**Queenie (11):** 11:15, 11:16, 16:8, 16:26, 21:23, 22:19, 22:24, 24:11, 28:6, 29:17, 31:8
**Quicker (1):** 14:13
**Quickly (1):** 23:26
**Quite (2):** 15:18, 17:5

R

**REAL (28):** 5:1, 6:1, 7:1, 8:1, 9:1, 10:1, 11:1, 12:1, 13:1, 14:1, 15:1, 16:1, 17:1, 18:1, 19:1, 20:1, 21:1, 22:1, 23:1, 24:1, 25:1, 26:1, 27:1, 28:1, 29:1, 30:1, 31:1, 32:1
**RULINGS (1):** 33:2
**Raise (1):** 32:5
**Raised (1):** 5:25
**Reached (2):** 9:24, 9:25
**Readily (2):** 8:16, 25:3
**Real (2):** 5:8, 26:25
**Really (6):** 12:7, 25:4, 26:17, 26:19, 27:18, 27:23
**Reason (2):** 14:24, 27:12
**Reasonable (1):** 21:20
**Reasons (2):** 24:15, 24:22
**Record (6):** 5:6, 5:7, 14:5, 16:6, 17:20, 34:3
**Recording (2):** 6:16, 7:12
**Recovering (1):** 23:25
**Reid (1):** 9:13
**Reimbursement (1):** 8:17
**Relate (3):** 11:21, 15:20, 20:8
**Relates (1):** 20:5
**Relating (6):** 11:25, 12:10, 15:2, 15:19, 19:7, 20:17
**Relative (1):** 8:7
**Relax (1):** 21:16
**Relief (4):** 26:6, 26:7, 26:14, 27:7
**Reluctant (1):** 23:16
**Relying (2):** 25:25, 26:11
**Remedies (1):** 13:20
**Removed (1):** 26:23
**Reorganization (3):** 10:25, 11:15, 23:9
**Reorganize (1):** 10:22
**Representing (1):** 5:19
**Request (7):** 6:15, 7:13, 7:19, 15:9, 16:4, 20:24, 21:17
**Requested (1):** 7:15
**Requesting (1):** 6:6
**Requests (7):** 6:18, 7:18, 11:20, 16:15, 16:18, 21:7, 23:22
**Require (4):** 7:19, 15:4, 28:19, 30:22
**Required (1):** 15:25
**Requirement (1):** 7:11
**Resolve (2):**

9:15, 9:16
**Resolving (1):** 8:26
**Resources (3):** 8:8, 8:10, 8:12
**Respect (7):** 7:10, 7:25, 18:11, 21:13, 29:7, 30:10, 30:25
**Respectfully (1):** 19:3
**Respond (1):** 21:16
**Responded (1):** 31:26
**Response (3):** 6:7, 6:9, 8:11
**Responses (1):** 21:6
**Responsible (1):** 12:21
**Responsive (1):** 7:19
**Restrained (2):** 26:14, 28:15
**Restraining (2):** 6:11, 15:17
**Restructuring (1):** 22:20
**Result (1):** 12:19
**Right (11):** 5:22, 5:25, 8:15, 14:2, 15:3, 28:9, 28:17, 29:5, 29:9, 31:12, 32:9
**Risk (3):** 27:2, 27:4, 27:5
**Role (1):** 17:2
**Ruin (3):** 22:16, 22:16, 22:16
**Rule (12):** 6:20, 6:21, 6:22, 6:23, 8:5, 10:13, 25:17, 28:18, 31:25, 31:25, 32:2, 33:4
**Ruled (2):** 30:20, 30:21
**Rules (7):** 6:6, 6:21, 18:7, 21:6, 21:8, 21:13, 21:16
**Rushing (1):** 15:25
**Ryan (2):** 5:16, 5:18

S

**SIMPSON (29):** 5:1, 5:23, 6:1, 7:1, 8:1, 9:1, 10:1, 11:1, 12:1, 13:1, 14:1, 15:1, 16:1, 17:1, 18:1, 19:1, 20:1, 21:1, 22:1, 23:1, 24:1, 25:1, 26:1, 27:1, 28:1, 29:1, 30:1, 31:1, 32:1
**SOLOMON (28):** 5:1, 6:1, 7:1, 8:1, 9:1, 10:1, 11:1, 12:1, 13:1, 14:1, 15:1, 16:1, 17:1, 18:1, 19:1, 20:1, 21:1, 22:1, 23:1, 24:1, 25:1, 26:1, 27:1, 28:1, 29:1, 30:1, 31:1, 32:1
**Satisfies (1):** 22:18
**Saying (4):** 6:17, 11:2, 18:22, 30:16
**Schedule (2):** 14:10, 14:16
**Scheduled (1):** 9:26
**Schedules (1):** 12:16
**Scheduling (1):** 6:12
**Scope (3):** 8:4, 8:5, 16:19
**Second (3):** 10:4, 19:12, 28:23
**Secret (1):** 9:7
**Seek (1):** 6:22
**Seeking (4):** 7:16, 25:13, 26:7, 27:7
**Seeks (1):** 10:16
**Seem (2):** 10:22, 15:12
**Seemed (1):** 31:19
**Seems (5):** 6:3, 17:9, 20:3, 25:25, 27:9
**Send (1):** 6:18
**Sense (2):** 10:16, 30:12
**Sent (1):** 7:9
**Seriously (1):** 21:23
**Session (1):** 5:4
**Set (2):** 8:4, 14:25
**Setting (1):** 24:7
**Several (1):** 26:23
**Shorten (1):** 21:5
**Shouldnt (3):** 8:22, 15:9, 27:6
**Show (3):** 13:5, 22:18, 23:10
**Sic (1):** 31:25
**Side (2):** 11:24, 30:2
**Signed (1):** 20:15
**Significant (3):** 13:6, 22:26, 23:6
**Significantly (1):** 8:8
**Sima (1):** 9:12
**Similar (1):** 26:7
**Simpson (24):** 5:7, 5:12, 5:22, 5:24, 6:10, 6:17, 7:2, 7:10, 7:20, 7:26, 14:3, 14:25, 17:24, 20:12, 20:18, 25:24, 26:2, 26:17, 28:18, 29:5, 29:21, 30:15, 31:20, 31:23
**Simpsons (4):** 13:12, 13:24, 29:9, 31:26
**Sitting (1):** 31:13
**Six (1):** 6:7
**Solomon (1):** 5:12
**Solution (1):** 21:20
**Somebody (1):** 22:3
**Somehow (5):** 10:24, 11:14, 12:2, 20:2, 20:5
**Sometimes (1):** 12:24
**Sorry (3):** 10:25, 28:20, 29:10
**Sort (4):** 24:16, 25:15, 25:22, 27:25
**Sought (2):** 25:5, 26:6
**Source (4):** 8:16, 8:16, 23:4, 23:4
**Speak (2):** 20:4, 22:3
**Speaking (1):** 5:7
**Specific (1):** 20:25
**Stage (1):** 17:22
**Stake (2):** 9:6, 22:25
**Stand (1):** 21:13
**Standard (6):** 18:9, 18:10, 22:19, 22:24, 28:6, 29:17
**Standards (1):** 31:23
**Standing (1):** 18:6
**Start (1):** 21:9
**State (3):** 7:23, 10:23,

27:3
**Status (2):** 24:8, 24:10
**Statute (1):** 31:12
**Stay (10):** 11:8, 12:17, 13:3, 13:16, 14:23, 16:4, 19:8, 19:22, 21:24, 22:7
**Stayed (2):** 26:21, 28:2
**Step (1):** 9:15
**Still (2):** 7:11, 26:24
**Stipulation (1):** 6:24
**Stop (2):** 26:26, 27:8
**Stopping (1):** 27:13
**Streamlined (1):** 28:4
**Street (1):** 34:6
**Strict (2):** 21:7, 21:13
**Strikes (1):** 9:21
**Striking (1):** 23:8
**Strong (1):** 15:19
**Stuff (2):** 10:23, 20:25
**Subject (2):** 20:25, 26:24
**Submit (1):** 23:15
**Subpoena (4):** 10:3, 10:7, 24:23, 25:5
**Substantial (3):** 7:8, 24:18, 25:4
**Success (1):** 28:5
**Sudden (1):** 27:12
**Suggest (1):** 21:11
**Suggesting (3):** 18:24, 21:10, 21:11
**Suite (1):** 34:6
**Supplement (5):** 13:13, 14:5, 14:6, 17:15, 17:20
**Supplements (1):** 29:14
**Support (3):** 16:10, 16:11, 17:14
**Suppose (1):** 28:24
**Supposed (1):** 25:18
**Sure (2):** 17:13, 31:4
**Surgery (3):** 14:15, 17:17, 23:25
**Systematic (1):** 22:15

T

**TRO (4):** 24:9, 25:17, 25:20, 27:14
**Talked (2):** 11:11, 24:25
**Talking (5):** 7:23, 21:25, 22:8, 29:24, 31:4
**Talks (1):** 13:7
**Tat (1):** 27:26
**Telling (1):** 19:22
**Tells (1):** 18:21
**Temporary (1):** 6:11
**Ten (1):** 24:25
**Terms (5):** 7:15, 8:25, 14:18, 16:4, 23:19
**Test (3):** 25:24, 28:9, 29:10
**Tested (2):** 27:24, 27:24
**Testimony (6):** 9:20, 9:22, 9:22, 14:19, 18:3, 18:4
**Thats (48):** 8:2, 9:8, 10:23, 10:25, 11:2, 11:2, 11:16, 11:26, 12:26, 13:25, 13:26, 14:3, 14:8, 14:11, 14:15, 14:17, 14:20, 14:21, 14:21, 15:19, 16:3, 16:9, 16:21, 16:25, 17:25, 18:5, 18:9, 20:2, 22:4, 22:5, 22:5, 23:11, 25:3, 25:5, 25:9, 26:5, 26:7, 27:17, 28:2, 29:3, 29:5, 29:19, 29:21, 29:22, 29:26, 31:10, 31:17, 31:25
**Theories (1):** 25:24
**Theres (21):** 6:23, 6:24, 8:15, 9:6, 9:17, 9:21, 11:3, 11:6, 12:9, 13:5, 16:6, 16:7, 19:4, 20:17, 25:9, 25:12, 26:13, 26:25, 28:14, 28:26, 32:4
**Theyre (13):** 10:8, 12:15, 12:15, 12:19, 16:19, 18:12, 18:13, 19:25, 20:2, 20:2, 25:25, 27:7, 29:11
**Thirdparty (1):** 24:23
**Thirty (1):** 21:7
**Though (1):** 21:22
**Thousands (3):** 7:24, 7:26, 25:9
**Tied (2):** 20:2, 23:6
**Till (4):** 14:11, 15:10, 23:21, 23:22
**Times (1):** 26:23
**Titfor (1):** 27:25
**Titfortat (1):** 26:10
**Today (6):** 7:14, 18:21, 24:20, 26:4, 28:18, 32:2
**Together (2):** 9:10, 23:6
**Tomorrow (7):** 14:5, 14:20, 16:3, 27:20, 29:3, 29:14, 29:26
**Took (3):** 27:2, 27:4, 27:4
**Topics (1):** 17:24
**Totally (1):** 15:5
**Touch (1):** 11:22
**Transcript (2):** 28:21, 34:2
**Trial (9):** 10:15, 11:3, 18:9, 26:5, 26:15, 29:24, 30:7, 31:5, 31:6
**Tried (1):** 9:15
**Trip (2):** 10:2, 10:4
**Tristan (2):** 9:9, 9:26
**Trouble (1):** 20:7
**True (2):** 20:20, 34:3
**Truly (1):** 25:7
**Try (2):** 6:8, 27:16
**Trying (5):** 9:16, 15:7, 17:7, 20:23, 25:16
**Turn (2):** 6:4, 26:15
**Twelve (1):** 25:14

**Twenty (2):** 29:23, 31:5
**Two (6):** 6:7, 9:8, 9:26, 17:16, 25:18, 25:19
**Twofer (2):** 26:26, 27:13
**Twopage (1):** 6:6
**Type (1):** 25:13
**Types (1):** 25:12

U

**Ultimately (1):** 12:20
**Under (5):** 6:22, 6:23, 16:8, 19:11, 25:17
**Underlying (2):** 24:14, 26:6
**Understood (2):** 32:3, 32:6
**Unduly (1):** 25:13
**Unfair (2):** 21:12, 21:20
**Unless (3):** 6:24, 10:3, 18:20
**Unreasonable (1):** 17:26
**Unusual (1):** 14:13
**Upon (5):** 9:6, 9:18, 25:25, 26:2, 26:11
**Usually (1):** 31:14

V

**Validity (1):** 10:9
**Various (1):** 19:22
**Via (1):** 7:7
**Video (3):** 6:16, 7:12, 7:12
**Videoed (1):** 28:19
**View (2):** 16:24, 25:19

W

**Wait (2):** 23:21, 23:21
**Waited (1):** 15:10
**Wants (5):** 7:25, 23:24, 24:26, 27:26, 30:2
**Wasnt (3):** 6:19, 13:9, 17:4
**Way (8):** 10:13, 13:17, 15:13, 22:5, 24:16, 26:5, 26:9, 27:16
**Ways (1):** 8:19
**Week (6):** 6:18, 7:6, 10:2, 17:18, 17:18, 21:2
**Weeks (1):** 17:16
**Weiner (1):** 30:23
**Weiners (1):** 30:23
**Werent (1):** 17:17
**Whatevers (2):** 16:2, 29:8
**Whats (15):** 10:26, 11:13, 13:24, 14:7, 14:21, 20:8, 20:9, 22:25, 24:19, 26:2, 26:16, 26:18, 27:19, 30:4, 30:18
**Whereupon (1):** 32:12
**Whole (3):** 11:18, 19:8, 19:9
**Wholly (1):** 28:3
**Whos (2):** 9:13, 21:14
**Whose (1):** 17:13
**Wiener (8):** 7:3, 9:8, 21:15, 21:15, 22:7, 22:8, 22:8, 22:9
**Wieners (2):** 9:16, 9:23
**Wife (1):** 22:21
**Willing (3):** 6:26, 7:3, 31:21
**Willingness (1):** 6:25
**Wish (1):** 14:6
**Withdrawing (1):** 7:10
**Within (2):** 7:4, 22:24
**Without (1):** 16:6
**Witness (3):** 29:3, 29:24, 31:15
**Witnesses (18):** 9:5, 9:5, 9:12, 9:21, 9:25, 10:7, 17:12, 18:12, 18:12, 18:19, 19:17, 19:17, 19:18, 19:18, 19:24, 23:13, 23:15, 25:14
**Wolosky (2):** 5:15, 5:20
**Work (4):** 7:16, 8:2, 22:20, 29:11
**Worked (1):** 21:21
**Worst (1):** 23:16
**Wouldnt (1):** 31:13
**Wrote (3):** 6:6, 6:19, 16:18

Y

**Yechiel (1):** 9:9
**Youll (3):** 14:6, 29:2, 32:4
**Youre (23):** 11:2, 11:7, 11:12, 11:23, 11:26, 13:25, 14:8, 14:14, 14:20, 14:23, 15:3, 17:13, 17:19, 18:24, 19:8, 19:21, 20:20, 22:7, 23:25, 29:2, 29:24, 29:25, 30:21
**Youve (6):** 13:7, 13:14, 14:24, 28:24, 30:25, 31:24