OLSHAN
1325 AVENUE OF THE AMERICAS ▪ NEW YORK, NEW YORK 10019
TELEPHONE: 212.451.2300 ▪ FACSIMILE: 212.451.2222

EMAIL: JKOEVARY@OLSHANLAW.COM
DIRECT DIAL: 212.451.2265

October 19, 2026

**VIA ECF**

Honorable Lisa G. Beckerman
United States Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, New York 10004

**Re: *Simpson v. Arch Real Estate Holdings LLC, et al.*, Adv. Pro. No. 26-01097 (LGB): Emergency Request for Informal Conference**

Dear Judge Beckerman:

I write requesting an informal discovery conference on behalf of Defendants on an emergency basis. As predicted in the Defendants' pending motion to dissolve the temporary restraining order in this proceeding [Adv. Pro. ECF No. 14], Plaintiff has been taking steps to prolong and expand the breadth of the scheduled evidentiary hearing, which now includes not having complied with his most basic discovery obligations. The hearing is scheduled for October 29 and Plaintiff's deposition is scheduled for October 22. Plaintiff has not produced *any documents whatsoever* or even provided objections to the Defendants' document requests nor any privilege log. Plaintiff is not addressing his discovery and evidentiary hearing obligations, yet remains busy having lodged grossly expansive 30(b)(6) deposition topics on Defendants on unreasonably short notice, and upon information and belief, has been blanketing trial subpoenas upon a host of nonparties. This evidences a plaintiff debtor who brazenly ignores his own obligations while trying to protract and grossly expand the scope of the evidentiary hearing, all while Defendants remain prejudiced.

*First*, at the October 8 discovery conference, this Court directed Plaintiff to respond to Defendants' document requests, overruling Plaintiff's objection that the deadline was fewer than 30 days. These requests carried an October 16 deadline and no other date was sought formally or informally in the wake of this Court's ruling. The Debtor has not produced or provided objections or any log. Meanwhile, Plaintiff's deposition is scheduled for this Thursday—a date that was agreed upon between the parties on October 5. This conference should discuss consequences including waiver, a finding failure to prosecute, and adverse inference.[1] The Debtor should not be

[1] *See, e.g.*, *Royal Park Invs. v. U.S. Bank Nat'l Ass'n*, 319 F.R.D. 122, 126 (S.D.N.Y. 2016): Sanctions may include: "(1) directing that matters in the litigation be taken as established by the prevailing party; (2) prohibiting the sanctioned party from supporting or opposing claims or defenses or from introducing evidence; (3) striking pleadings in whole or in part; (4) staying further proceedings until the order is obeyed; (5) entering judgment against the disobedient party; and (6) requiring the disobedient party or her attorney to pay the reasonable expenses caused by the failure."

able to use his own deficiency as way to force Defendants and the Court to choose between accepting an insufficient production and prolonging the hearing, all while Defendants are restrained by Court order.

*Second*, the 30(b)(6) deposition of Defendants is scheduled for tomorrow, October 20. Plaintiff, however, waited until 4:31pm EDT Thursday, October 15—10 days after the parties conferred—to provide deposition topics, which are part of the notice attached as Exhibit A. Among other things, these topics are grossly overbroad and call for legal opinion. Defendants provided objections on October 16, 2026. *See* Exhibit B. And last night, in violation of this Court's July 31 Cease and Desist Order [26-10359 (LGB) ECF No. 136], by its terms applicable to this adversary proceeding, Plaintiff himself indicated that the first 30(b)(6) deposition question would be a *personal* one concerning the Wiener family outside the scope of already overbroad topics. *See* Exhibit D. at 1. The objections invite a meet and confer, but as of this writing I have not heard back. With the deposition scheduled for tomorrow, Defendants seek a protective order narrowing the scope to what is before the Court concerning the preliminary injunction motion.

*Third*, although not noticed to Defendants, it has come to Defendants' attention that Plaintiff has attempted service of trial subpoenas upon a number of nonparties concerning the evidentiary hearing, beyond those for whom the Plaintiff timely filed declarations. This is wholly improper.

As the Court made clear, subject to further consideration based upon whatever supplemental briefing and evidence proffered by Plaintiff on or prior to October 9, 2026, the issue before the Court is whether the *Queenie* standard should be extended on a preliminary basis to each of the Defendants. *See* 10/8/26 Conf. Trans. attached as Exhibit C at 29:12-30:7.

Plaintiff ostensibly wishes to convert the evidentiary hearing into multi-day spectacle upon the theory that the underlying action is some sort of witch hunt (it is not), but that is simply not the standard before the Court and it is not the standard argued in the Plaintiff's own motion papers. *See* Motion ¶¶ 51-55, Adv. Pro. ECF No. 2.

Plaintiff's supplement, filed on October 8, included no further briefing.[2] Thus, there can be no basis to expand the scope of the evidentiary hearing. Nothing filed advances any theory why a non-declarant witness should be called despite this Court's individual practice rules that ordinarily require all direct testimony submitted via declaration and despite's this Court's direction at the October 8 conference that Defendants be allowed to depose whomever Plaintiff intends to call.

Defendants remain prejudiced by any expansion given that the temporary restraining order bars Defendants from prosecuting the underlying action until the preliminary injunction motion is decided, which incentivizes the Plaintiff to protract and prolong the evidentiary hearing, which is also a clear waste and abuse of estate resources. Defendants' motion to dissolve or reconsider that order is scheduled to be heard on the same day as the evidentiary hearing.

[2] The supplement curiously included filing the memorandum of law seeking to dismiss the underlying action as an exhibit to the cover document, but the cover document itself is not a declaration, affidavit, or supplemental brief of any sort and the underlying action is not before this Court. *See* Adv. Pro. ECF No. 13.

We thank the Court for its consideration.

Respectfully submitted,

/s/ Jonathan T. Koevary
Jonathan T. Koevary

cc: All counsel of record (via ECF)