# EXHIBIT B

OLSHAN FROME WOLOSKY LLP
1325 Avenue of the Americas
New York, New York 10019
(212) 451-2300
Jonathan T. Koevary
jkoevary@olshanlaw.com

*Counsel for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>JEFFREY SOLOMON SIMPSON,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-10359 (LGB) |
| JEFFREY SOLOMON SIMPSON, as Debtor and Debtor in Possession,<br><br>Plaintiff,<br><br>- against -<br><br>ARCH REAL ESTATE HOLDINGS LLC, ARCH ASSET MANAGEMENT LLC, and ARCH PROPERTY MANAGEMENT LLC,<br><br>Defendants. | Adversary No. 26-01097 (LGB)<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S NOTICE OF RULE 30(b)(6) DEPOSITION** |

Defendants Arch Real Estate Holdings LLC, Arch Asset Management LLC, and Arch Property Management LLC (collectively "AREH"), by and through its undersigned counsel, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to this adversary proceeding by Rules 7026 and 7030 of the Federal Rules of Bankruptcy Procedure, hereby submits the following objections (the "Objections") to the Notice of Deposition dated October 15, 2026, including the matters for examination listed on Schedule A

thereto (together, the "Notice"), served by plaintiff Jeffrey Solomon Simpson, as Debtor and Debtor in Possession (the "Debtor") upon AREH.

## PRELIMINARY STATEMENT

The Court has scheduled an evidentiary hearing for October 29, 2026, on the Debtor's motion for a preliminary injunction enjoining AREH from prosecuting the action pending in the Supreme Court of the State of New York, County of New York, entitled *Arch Real Estate Holdings LLC, et al. v. YJ Simco LLC, et al.*, Index No. 653216/2026 (the "State Court Action"), against non-debtor defendants. The Court has authorized limited discovery in connection with the preliminary injunction motion only; it has not authorized discovery on the merits of this adversary proceeding. The Notice itself acknowledges that the deposition is "noticed solely for purposes of the scheduled evidentiary hearing relating to the Debtor's application for preliminary injunctive relief."

The Debtor, as movant, bears the burden of establishing each element of the preliminary injunction standard: (i) a likelihood of success, which in this context means a reasonable likelihood that the Debtor will confirm a chapter 11 plan, not a likelihood of success in the State Court Action; (ii) irreparable harm to the estate absent an injunction; (iii) that the balance of hardships tips in the Debtor's favor; and (iv) that an injunction would serve the public interest. Nearly, if not all, of the evidence relevant to those elements, including the Debtor's finances, plan prospects, and the claimed impact of the State Court Action on his reorganization, is in the Debtor's own possession. AREH, a non-debtor that has sued other non-debtors in state court, has little if any relevant knowledge to offer.

The six topics listed in Schedule A nonetheless go well beyond the four elements at issue. They seek testimony on the merits of the State Court Action (Topic No. 3), AREH's subjective intent and litigation strategy (Topic No. 2), claims AREH may be pursuing against other persons

in other proceedings (Topic No. 2), legal conclusions about the effect of the State Court Action and the balance of hardships (Topic Nos. 1 and 5), every action AREH has taken in the chapter 11 case without limitation (Topic No. 4), and all information available to AREH that bears on every allegation in the Debtor's complaint and supporting declarations (Topic No. 6). Several topics fail to describe the matters for examination with the reasonable particularity Rule 30(b)(6) requires, and several call for privileged information and attorney work product. Compounding the problem, the Notice was served on Thursday, October 15, 2026 for a deposition on Tuesday, October 20, 2026, leaving AREH two business days between the Notice and the deposition date to prepare a designee on topics of extraordinary breadth.

AREH is prepared to produce its designee, Kevin Wiener, on the agreed date to testify on the matters, and within the limits, set forth below. AREH objects to the remainder of the Notice and will not produce a designee to testify on matters outside those limits. AREH invites the Debtor to meet and confer promptly regarding these Objections.

## GENERAL OBJECTIONS

Each of the following General Objections is incorporated by reference into AREH's Specific Objections to each topic, whether or not separately repeated. AREH's agreement to produce a designee on any topic, or any portion of a topic, is subject to and limited by these General Objections.

1. **Scope of Authorized Discovery.** AREH objects to the Notice, and to each topic, to the extent it seeks discovery beyond the limited discovery the Court has authorized in connection with the preliminary injunction motion, including any discovery concerning the merits of this adversary proceeding or the merits of the State Court Action, or the merits of any other pending action. AREH will produce testimony only on matters relevant to the elements of the preliminary injunction standard.

2. **Relevance and Proportionality.** AREH objects to the Notice, and to each topic, to the extent it seeks information that is not relevant to any party's claim or defense with respect to the preliminary injunction motion or is not proportional to the needs of the expedited preliminary injunction proceeding, taking into account the importance of the discovery in resolving the issues, the parties' relative access to relevant information, and whether the burden of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(1), 26(b)(2)(C). Moreover, as counsel for Plaintiff noted on the record at the October 8, 2026 discovery conference:

> Your Honor, the scope of discovery is set forth in Rule 26(b)(1), and it lists considerations for the scope. The proportionality of needs to the case, the amount in controversy, the parties relative access to information, and significantly the parties resources and whether the burden or expense outweighs the likely benefit.

October 8, 2026 Confr. Trans. at 8:3-8, *available at Adv. Pro. Dkt. No. 14-3.* The notice topics do not comport with these requirements.

3. **Reasonable Particularity.** AREH objects to the Notice, and to each topic, to the extent it fails to "describe with reasonable particularity the matters for examination," as required by Federal Rule 30(b)(6). An entity cannot be required to prepare a designee to testify on topics whose scope cannot be ascertained from their face.

4. **Failure to Confer; Insufficient Notice.** AREH objects to the Notice on the ground that it was served on Thursday, October 15, 2026 for a deposition on Tuesday, October 20, 2026, affording AREH two business days to identify the information responsive to six over broad topics and to prepare its designee, which is not reasonable notice under Federal Rule 30(b)(1) in light of the breadth of the topics and record.

5. Notably, on Wednesday, October 14, 2026, counsel for Plaintiff did ask if Mr. Wiener would be available on October 21, 2026. AREH's counsel responded that day that he could

be available on the 20th, 23rd, or 27th and shortly thereafter, Plaintiff' chose the 20th. Had it been the 21st as requested by Plaintiff, the topic list would have been provided four business days prior to deposition instead of three, which would still be insufficient time given the expansive breadth of the topic list. Yet it was on Monday, September 28, 2026 when the Court scheduled the evidentiary hearing for October 29, 2026; Friday, October 2, 2026 that Plaintiff's counsel first indicated its desire to depose Mr. Wiener (and even then, only in response to AREH's counsel asking about Plaintiff's deposition availability); and Monday October 5, 2026, when at the Rule 26(f) conference was held, that counsel for Defendants indicated that they would make Mr. Wiener available as AREH's 30(b)(6) witness subject to a receipt of a topic list. Plaintiff offers no explanation or excuse for waiting 17 days after the evidentiary hearing was ordered and 10 days after the Rule 26(f) conference to transmit a list of six overbroad deposition topics as provided on Schedule A, leaving only two business days in between the notice and deposition.

6. This unexplainable delay is part of a greater pattern of ambush on the part of the Plaintiff in conducting the adversary proceeding. This ambush began with a Friday afternoon September 25, 2026 notice that Plaintiff would request emergency relief seeking an order to show cause and a temporary restraining order from that Bankruptcy Court that very afternoon that would stay the State Court Action, unless AREH consented to voluntary stay of that same State Court Action. The pattern of ambush continued on the record before the Court during the October 8, 2026 discovery conference when Plaintiff's counsel, after no attempt to meet and confer concerning any of the following, announced for the first time that he intended to call a dozen witnesses at the evidentiary hearing; his view that the hearing should be multi-day; and further suggested to the Court that it should convert the evidentiary hearing to a hearing on the merits of the adversary proceeding itself.

7. AREH further objects that the Debtor did not confer with AREH regarding the matters for examination before serving the Notice, as contemplated by Federal Rule 30(b)(6). The parties' agreement on the identity of the designee and the date of the deposition was not an agreement to the topics in Schedule A, which AREH first received with the Notice. AREH reserves the right to seek a protective order under Federal Rule 26(c) and to seek appropriate relief at, during, or after the deposition.

8. **Legal Conclusions and Opinions.** AREH objects to the Notice, and to each topic, to the extent it calls for legal conclusions, legal opinions, or the application of law to fact, or seeks testimony on ultimate issues reserved to the Court. AREH's designee is a lay witness and will testify as to facts within AREH's reasonably available knowledge.

9. **Privilege and Work Product.** AREH objects to the Notice, and to each topic, to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest doctrine, Federal Rule of Evidence 408, or any other applicable privilege, protection, or immunity. AREH will not produce privileged or protected information, and any inadvertent disclosure of such information shall not constitute a waiver. Counsel may instruct the designee not to answer questions calling for privileged or protected information. *See* Fed. R. Civ. P. 30(c)(2).

10. **Information Within the Debtor's Possession.** AREH objects to the Notice, and to each topic, to the extent it seeks information that is within the Debtor's own knowledge, possession, custody, or control; that is a matter of public record, including the dockets of the Debtor's chapter 11 case, this adversary proceeding, and the State Court Action, any other pending action, or that is equally or more readily available to the Debtor from other sources. The Debtor

bears the burden of proof on its motion and may not shift that burden to AREH through deposition discovery.

11. **Other Proceedings.** AREH objects to the Notice, and to each topic, to the extent it seeks discovery concerning pending actions or proceedings in which the Debtor is a party, including any claims AREH may be asserting against persons other than the defendants in the State Court Action. Discovery in such proceedings, if any, is governed by the rules applicable in those proceedings and by the courts presiding over them, and may not be obtained through the expedited discovery authorized for the preliminary injunction hearing in this adversary proceeding.

12. **Duration of the Deposition.** AREH objects to the statement in the Notice that the deposition "will continue from day to day until completed." The deposition is subject to the limits of Federal Rule 30(d)(1) and to the limited scope of discovery authorized by the Court. In light of that limited scope, the fact that the burden is squarely on the Plaintiff, and the narrowed topics set forth below, AREH proposes that the deposition be limited to three (3) hours on the record, and reserves the right to seek a protective order limiting its duration.

13. **Reservation Regarding Further Deposition.** AREH objects to the Debtor's purported reservation of "the right to seek additional discovery and deposition testimony from AREH or Mr. Wiener." While Defendant acknowledges that, should discovery be allowed in this adversary proceeding other than in connection with the preliminary motion, the depositions taken in connection with the preliminary injunction do not preclude additional depositions of the same parties, any further deposition is subject to Federal Rule 30(a)(2)(A)(ii) and to all of AREH's rights and objections, including the right to oppose any such request.

14. **Designee's Testimony.** AREH's designee will testify on behalf of AREH only as to the topics, and within the limits, set forth in AREH's responses below. Testimony by Mr. Wiener

as AREH's designee shall not be construed as testimony in his individual capacity, and any questions directed to Mr. Wiener in his individual capacity are outside the scope of the Notice. Questions outside the scope of the topics as limited herein will not be binding on AREH, and any answers given to such questions will reflect only the witness's personal knowledge.

15. **Remote Deposition.** AREH does not object to the deposition proceeding remotely, subject to the parties' agreement on reasonable logistics, including the platform, the handling of exhibits, and the presence of counsel. *See* Fed. R. Civ. P. 30(b)(4).

16. **No Admission.** AREH's agreement to produce a designee on any topic is not an admission that the topic, or any testimony given, is relevant, material, or admissible, and is not a waiver of any objection. AREH reserves all objections to the use of any testimony at the evidentiary hearing or at any other proceeding.

## SPECIFIC OBJECTIONS AND RESPONSES

**TOPIC NO. 1:**

> *The effect of the action pending in the Supreme Court of the State of New York, County of New York, entitled Arch Real Estate Holdings LLC, et al. v. YJ Simco LLC, et al., Index No. 653216/2026 (the "State Court Action") on the chapter 11 case of the Debtor.*

**RESPONSE:**

AREH incorporates the General Objections as if fully set forth herein.

AREH objects to Topic No. 1 on the ground that it calls for a legal conclusion and for opinion testimony, not facts. Whether, and to what extent, the State Court Action has any "effect" on the Debtor's chapter 11 case, and whether any such effect bears on the Debtor's ability to propose and confirm a plan, are mixed questions of law and fact reserved to the Court and the subject of legal argument by counsel. A Rule 30(b)(6) deposition is a vehicle for obtaining an entity's knowledge of facts; it is not a means of compelling a lay corporate designee to opine on bankruptcy-law consequences or to preview counsel's legal arguments.

AREH further objects to Topic No. 1 because the information it seeks is peculiarly within the knowledge, possession, and control of the Debtor, not AREH. AREH is not the Debtor, does not manage the Debtor's estate, is not privy to the Debtor's finances, business plans, exit financing, plan negotiations, or communications with other creditors, and has no basis to testify about how the Debtor's chapter 11 case is or will be affected by anything. The Debtor bears the burden of proving the elements of preliminary injunctive relief, including a reasonable likelihood of a successful reorganization; that burden cannot be shifted to AREH by requiring AREH to testify about the Debtor's own case.

AREH further objects to Topic No. 1 as vague and ambiguous, and as failing to describe the matters for examination with reasonable particularity as required by Rule 30(b)(6), including as to the undefined term "effect," which could encompass any conceivable financial, legal, practical, or reputational consequence, direct or indirect, present or future.

AREH further objects to Topic No. 1 to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection, including counsel's mental impressions concerning the State Court Action and this adversary proceeding.

Subject to and without waiving the foregoing objections and the General Objections, AREH will produce its designee to testify, to the extent of AREH's reasonably available, non-privileged knowledge, about the following facts: the identity of the parties to the State Court Action; the claims asserted and the relief sought as set forth in the operative pleading; and the procedural status of the State Court Action. AREH will not produce a designee to testify regarding the legal effect of the State Court Action on the Debtor's chapter 11 case, the Debtor's ability to reorganize, or any other matter calling for legal conclusion or opinion.

**TOPIC NO. 2:**

*The intention of AREH with respect to the Debtor and his chapter 11 case in commencing and prosecuting the State Court Action, including whether AREH is pursuing claims and causes of action similar to those asserted in the State Court Action against others.*

**RESPONSE:**

AREH incorporates the General Objections as if fully set forth herein.

AREH objects to Topic No. 2 on the ground that AREH's subjective "intention" in commencing and prosecuting the State Court Action is not relevant to any element the Debtor must prove to obtain a preliminary injunction. The Court's inquiry on the likelihood-of-success prong is whether the Debtor has shown a reasonable likelihood of confirming a chapter 11 plan, not why a non-debtor creditor elected to sue non-debtor defendants. The motives of a litigant in bringing a lawsuit against non-debtor parties do not make it more or less likely that the Debtor will reorganize, that the Debtor will suffer irreparable harm, that the balance of hardships favors the Debtor, or that an injunction serves the public interest.

AREH further objects to Topic No. 2 to the extent it seeks information protected by the attorney-client privilege and the work-product doctrine. AREH's reasons for commencing the State Court Action, its strategy in prosecuting it, and its evaluation of the claims necessarily reflect, and are inextricably intertwined with, the advice of counsel and counsel's mental impressions, conclusions, opinions, and legal theories. A Rule 30(b)(6) designee could not be prepared to testify on this topic without being educated about privileged communications, and AREH does not, by producing a designee, waive any privilege or protection.

AREH specifically objects to the second clause of Topic No. 2, which seeks testimony about "whether AREH is pursuing claims and causes of action similar to those asserted in the State Court Action against others." Claims that AREH may be pursuing against persons other than the defendants in the State Court Action, in other actions or forums, are not the subject of the Debtor's

complaint, are not the subject of the Debtor's motion for a preliminary injunction, and have nothing to do with whether the Debtor can confirm a plan. This portion of the topic is an improper attempt to use the limited, expedited discovery the Court has authorized for the preliminary injunction hearing to obtain discovery concerning other litigation, including litigation pending before other courts, which is properly the subject of discovery, if at all, in those proceedings and under the supervision of those courts. AREH will not permit this deposition to be used as an end run around the discovery processes of other tribunals.

AREH further objects to Topic No. 2 as vague, ambiguous, and lacking reasonable particularity, including as to the phrases "intention . . . with respect to the Debtor and his chapter 11 case," "similar," and "others," none of which is defined, and none of which identifies any particular claim, action, person, forum, or time period.

Subject to and without waiving the foregoing objections and the General Objections, AREH will produce its designee to testify, to the extent of AREH's reasonably available, non-privileged knowledge, about the following facts: that the defendants named in the State Court Action are non-debtor parties; that the Debtor is not a party to the State Court Action; and the date the State Court Action was commenced. AREH will not produce a designee to testify regarding AREH's subjective intent, motives, or litigation strategy, or regarding any claims, actions, or proceedings other than the State Court Action.

**TOPIC NO. 3:**

*The underlying merits of the State Court Action to the extent they have an effect on the chapter 11 case of the Debtor.*

**RESPONSE:**

AREH incorporates the General Objections as if fully set forth herein.

AREH objects to Topic No. 3 in its entirety on the ground that it seeks discovery on the merits of the State Court Action, which is outside the scope of the limited discovery the Court has authorized in connection with the preliminary injunction motion. The Court has permitted limited discovery directed to the preliminary injunction motion only, and has not authorized discovery on the merits of this adversary proceeding, let alone on the merits of a separate lawsuit pending in the Supreme Court of the State of New York. In this context, the likelihood-of-success prong concerns the Debtor's likelihood of confirming a chapter 11 plan, not the likelihood that any party will prevail in the State Court Action. The merits of the State Court Action are therefore not at issue at the October 29, 2026 evidentiary hearing.

AREH further objects to Topic No. 3 because the merits of the State Court Action are pending before, and are for determination by, the state court. Merits discovery in the State Court Action is governed by the New York Civil Practice Law and Rules and is subject to the supervision of the state court. The Debtor, who is not a party to the State Court Action, may not use a bankruptcy adversary proceeding to obtain merits discovery on behalf of, or for the benefit of, the non-debtor defendants in the State Court Action, and AREH objects to any attempt to do so.

AREH further objects to Topic No. 3 on the ground that the limiting phrase "to the extent they have an effect on the chapter 11 case of the Debtor" does not narrow the topic at all; it is circular, vague, and ambiguous, and it would require AREH's designee to determine, in advance and as a matter of legal judgment, which aspects of the merits might have some undefined "effect" on the Debtor's case. The topic therefore fails to describe the matters for examination with reasonable particularity, and it is impossible for AREH to prepare a designee to testify on it, particularly on three business days' notice.

AREH further objects to Topic No. 3 because testimony about the "merits" of pending litigation necessarily calls for legal conclusions and for the disclosure of information protected by the attorney-client privilege and the work-product doctrine, including counsel's evaluation of the claims and defenses.

Based on the foregoing objections, AREH will not produce a designee to testify on Topic No. 3. AREH's agreement, in response to Topic No. 1, to produce testimony concerning the claims and relief sought as set forth in the operative pleading in the State Court Action is not, and shall not be construed as, an agreement to provide testimony on the merits of those claims.

**TOPIC NO. 4:**

*The actions of AREH in connection with the chapter 11 case of the Debtor.*

**RESPONSE:**

AREH incorporates the General Objections as if fully set forth herein.

AREH objects to Topic No. 4 as facially overbroad, vague, and ambiguous, and as failing to describe the matters for examination with reasonable particularity. The topic is unlimited as to subject matter and time, does not define "actions" or "in connection with," and on its face would require AREH to prepare a designee to testify about every act, communication, filing, decision, and internal deliberation that relates in any way to the Debtor's chapter 11 case. A topic of this breadth does not permit AREH to identify the persons with knowledge, the documents to be reviewed, or the scope of the testimony to be given, and it is not a proper Rule 30(b)(6) topic.

AREH further objects to Topic No. 4 on the ground that it is not tied to any of the four elements the Debtor must prove to obtain a preliminary injunction, and the Debtor has not identified any action of AREH in the chapter 11 case that bears on the Debtor's likelihood of confirming a plan, irreparable harm, the balance of hardships, or the public interest.

AREH further objects to Topic No. 4 to the extent it seeks information that is a matter of public record in the Debtor's chapter 11 case and this adversary proceeding, including pleadings, proofs of claim, objections, and other papers filed on the docket, which speak for themselves and are equally available to the Debtor. Requiring a designee to recite the contents of the docket is unreasonably cumulative and duplicative and is not proportional to the needs of the preliminary injunction hearing.

AREH further objects to Topic No. 4 to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or the common-interest doctrine, including communications with counsel and counsel's activities on AREH's behalf in the chapter 11 case, as well as any confidential settlement communications.

Subject to and without waiving the foregoing objections and the General Objections, AREH will produce its designee to testify, to the extent of AREH's reasonably available, non-privileged knowledge, about the the filings AREH has made on the docket of the Debtor's chapter 11 case. AREH is willing to meet and confer promptly regarding any specific, identified action of AREH that the Debtor contends is relevant to an element of the preliminary injunction standard.

**TOPIC NO. 5:**

*The balance of hardships between AREH and the Debtor if the injunctive relief sought by the Debtor is granted.*

**RESPONSE:**

AREH incorporates the General Objections as if fully set forth herein.

AREH objects to Topic No. 5 on the ground that the "balance of hardships" is a legal standard and an ultimate question for determination by the Court, not a matter of fact on which a corporate designee may be examined. To the extent the topic asks AREH's designee to weigh

competing hardships, to characterize the legal significance of any hardship, or to state whether the balance tips in favor of any party, it calls for legal conclusions and argument.

AREH further objects to Topic No. 5 to the extent it seeks testimony regarding the hardships that the Debtor would or would not suffer. The Debtor, who bears the burden of proof on this element, cannot require AREH to testify regarding the Debtor's own claimed hardships.

AREH further objects to Topic No. 5 to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine.

Subject to and without waiving the foregoing objections and the General Objections, AREH will produce its designee to testify, to the extent of AREH's reasonably available, non-privileged knowledge, about the facts concerning the harm AREH would suffer if the State Court Action were enjoined, including any prejudice resulting from delay in the prosecution of the State Court Action. AREH will not produce a designee to testify regarding the hardships asserted by the Debtor or regarding how the Court should weigh the parties' respective hardships.

**TOPIC NO. 6:**

> *Information available to AREH to corroborate or contradict the allegations in the Debtor's complaint in this adversary proceeding or the statements made in any of the declarations submitted in support of the Debtor's motion for a preliminary injunction in this adversary proceeding.*

**RESPONSE:**

AREH incorporates the General Objections as if fully set forth herein.

AREH objects to Topic No. 6 on the ground that it is an improper contention topic. The topic does not describe any matter for examination; it asks AREH to marshal, on the record, all "information available" to it that supports or refutes every allegation of the Debtor's complaint and every statement in every declaration submitted in support of the preliminary injunction motion. Such a request seeks the mental impressions, legal theories, and trial preparation of AREH's

counsel, who alone would be in a position to identify and organize such information. The selection and compilation of evidence to corroborate or contradict an adversary's allegations is quintessential attorney work product. Contention discovery of this kind is not appropriately pursued through a Rule 30(b)(6) deposition, and in any event is not appropriate in the context of expedited discovery for a preliminary injunction hearing.

AREH further objects to Topic No. 6 because it is not limited to the preliminary injunction motion. The topic extends to every allegation of the Debtor's complaint, which pleads the Debtor's claim for declaratory and injunctive relief on the merits. The Court has authorized limited discovery in connection with the preliminary injunction motion only, and has not authorized discovery on the merits of this adversary proceeding. To the extent the complaint or the supporting declarations contain allegations or statements concerning the merits of the State Court Action, the topic seeks merits discovery for the reasons stated in AREH's objections to Topic No. 3.

AREH further objects to Topic No. 6 as overbroad, unduly burdensome, and not proportional to the needs of the preliminary injunction hearing. The topic incorporates by reference every allegation of the complaint and every statement in every supporting declaration, without identifying any specific allegation or statement, and asks for all "information available" to AREH, a standard that is not limited to AREH's knowledge and that could encompass information held by AREH's counsel, affiliates, or third parties. It is not possible for AREH to prepare a designee to testify competently on this topic in the time provided, or at all.

AREH further objects to Topic No. 6 to the extent the allegations and statements it incorporates concern matters within the Debtor's own knowledge, such as the Debtor's finances, assets, liabilities, plan prospects, and personal circumstances, about which AREH has no knowledge beyond the Debtor's own filings.

Based on the foregoing objections, AREH will not produce a designee to testify on Topic No. 6 as framed. Without waiving its objections, AREH is willing to meet and confer promptly with the Debtor if the Debtor identifies, in writing and in advance of the deposition, a limited number of specific factual allegations or declaration statements that bear on an element of the preliminary injunction standard and that concern matters within AREH's knowledge.

**RESERVATION OF RIGHTS**

AREH reserves the right to supplement or amend these Objections, to seek a protective order pursuant to Federal Rule 26(c) and Local Bankruptcy Rule 7037-1, or to otherwise to instruct its designee not to answer questions calling for privileged or protected information or questions outside the scope authorized by the Court, by Federal Rule 30(b), for reasons otherwise addressed in the foregoing, and to object at the deposition or at the evidentiary hearing to any question or testimony. AREH is available to meet and confer regarding these Objections.

Dated: New York, New York
October 16, 2026

OLSHAN FROME WOLOSKY LLP

By: /s/ Jonathan T. Koevary

Jonathan T. Koevary
1325 Avenue of the Americas
New York, New York 10019
Tel: (212) 451-2300
Email: jkoevary@olshanlaw.com

*Counsel for Defendants*