BECKER, GLYNN, MUFFLY,
CHASSIN & HOSINSKI LLP
299 Park Avenue
New York, New York 10171
(212) 888-3033
Alec P. Ostrow
aostrow@beckerglynn.com

*Attorneys for Plaintiff, Jeffrey Solomon Simpson, as Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>JEFFREY SOLOMON SIMPSON,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-10359 (LGB) |
| JEFFREY SOLOMON SIMPSON, as Debtor and Debtor in Possession,<br><br>Plaintiff,<br><br>- against -<br><br>ARCH REAL ESTATE HOLDINGS LLC, ARCH ASSET MANAGEMENT LLC, and ARCH PROPERTY MANAGEMENT LLC,<br><br>Defendants. | Adversary No. 26-01097 (LGB)<br><br>**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF <u>DOCUMENTS</u>** |

Plaintiff Jeffrey Solomon Simpson, as Debtor and Debtor in Possession (the "Debtor") hereby serves the following objections and responses to the first request for productions of documents propounded by the Defendants (the "Requests").

## <u>General Objections</u>

1. The Debtor objects to the Requests to the extent they seek documents that are not proportional to the needs of the case, considering the importance of the issues at stake in the

adversary proceeding, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues, as set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7026 of the Federal Rules of Bankruptcy Procedure.

2. The Debtor objects to the Requests to the extent they are burdensome or the expense of production of responsive documents outweighs the likely benefit of such documents, as set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7026 of the Federal Rules of Bankruptcy Procedure.

3. The Debtor objects to the Requests to the extent they seek the production of documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the protection for trial preparation materials, and the common interest privilege. Any disclosure of privileged material is inadvertent and shall not be considered a waiver of the applicable privilege, doctrine, or protection.

4. The Debtor objects to the Requests to the extent they seek the production of documents or information not relevant to any party's claim or defense.

5. The Debtor objects to the Requests to the extent that that the documents or information requested are obtainable from another source that is more convenient, less burdensome, or less expensive.

6. The Debtor objects to the Requests to the extent that they seek publicly available information or information that is equally accessible to the Defendants.

7. The Debtor objects to the Requests to the extent that they are vague, ambiguous, or fail to describe the documents or information sought with sufficient particularity. Subject to and without waiver of this objection, and to the extent the Debtor is able to ascertain the nature

of the documents and information requested, the Debtor will make reasonable efforts to respond to the Requests. In the event the Defendants subsequently assert an interpretation of any request that differs from that the Debtor, the Debtor reserves the right to alter, amend, of modify his objections, responses, and production.

8. No response or objection made herein, or lack thereof, shall be deemed an admission by the Trustee as to the existence or nonexistence of documents or information.

9. Each of the forgoing General Objections is incorporated into each specific response below. The Debtor makes the responses below without waiving the foregoing General Objections or any specific objections stated in the responses below.

## Specific Requests and Responses

Request No. 1: All Documents and Communications concerning or otherwise evidencing the management, ownership, or control of YJ Simco and each SPV Defendant, including but not limited to (i) transaction and title insurance Documents concerning the purchase of real property, condominiums or co-operating membership interests; (ii) Documents and Communications reviewed by You in connection with supporting court approval of Your application to retain Becker Glynn; and (iii) financial statements.

> Response to Request No. 1: Subject to the General Objections, the Debtor will produce responsive non-privileged documents in his possession, custody, or control, following the entry of an order protecting the confidentiality of documents, including personally identifiable information of the Debtor and other persons, whether or not a party to the adversary proceeding.

Request No. 2: All Documents and Communications concerning any course of dealing, representations, or statements made to any lender, governmental agency, tenant, or third party, or sworn or otherwise under oath, regarding the management, ownership, or control of YJ Simco and each SPV Defendant.

Response to Request No. 2: Subject to the General Objections, the Debtor will produce responsive non-privileged documents in his possession, custody, or control, following the entry of an order protecting the confidentiality of documents, including personally identifiable information of the Debtor and other persons, whether or not a party to the adversary proceeding.

Request No. 3: All Documents and Communications concerning any matter that now or at any time imperils or imperiled Your ability to continue with counsel in this bankruptcy case, regardless of whether such Documents and Communications arise from the claims asserted in the State Court Action as asserted in Paragraphs 16 and 18 in the Simpson Decl.

Response to Request No. 3: In light of the General Objections, specifically the objections to the production of documents subject to the attorney-client and work product privileges, and any documents, such as emails sent by the Debtor to the Defendants or their representatives, no documents responsive to this request will be produced.

Request No. 4: All Documents and Communications related to, supporting, or contradicting the assertion in Paragraph 25 of the Simpson Decl. that on account of the allegations in the FAC, your "ability and desire to devote energy to the reorganization process

has been severely and adversely affected" including but not limited to (i) all Documents and Communications sufficient to evidence a severe and adverse change your ability and desire to devote energy to the reorganization process since becoming aware of the allegations in the FAC; and (ii) all Documents and Communications evidencing the time and resources devoted to bringing this adversary proceeding and preparing the Simpson Decl.

> Response to Request No. 4: Response to Request No. 3: In light of the General Objections, specifically the objections to the production of documents subject to the attorney-client and work product privileges, and any documents, such as emails sent by the Debtor to the Defendants or their representatives, no documents responsive to this request will be produced.

Request No. 5: For each Person and entity the Simpson Decl. identifies as a "non-Becker Glynn defendant," all Documents and Communications related to, supporting, or contradicting the assertion in Paragraph 26 of the Simpson Decl. that "the prospect of a default judgment being entered against the non-Becker Glynn defendants puts me at risk of losing the value of his [sic] direct and indirect equity interest in the entities, and most important, puts me at risk of not being able to support and protect his [sic] wife and his [sic] family."

> Response to Request No. 5: Subject to the General Objections, the Debtor will produce responsive non-privileged documents in his possession, custody, or control, following the entry of an order protecting the confidentiality of documents, including personally identifiable information of the Debtor and other persons, whether or not a party to the adversary proceeding.

Request No. 6: All Documents and Communications related to, supporting, or contradicting the assertion in Paragraph 27 of the Simpson Decl. that "I have been sent for my review and comments a draft chapter 11 plan and drafts of the objections to four proofs of claim, which represents the first set of objections to claims."

Response to Request No. 6: Subject to the General Objections, the Debtor will produce responsive non-privileged documents in his possession, custody, or control, following the entry of an order protecting the confidentiality of documents, including personally identifiable information of the Debtor and other persons, whether or not a party to the adversary proceeding.

Request No. 7: All Documents and Communications related to, supporting, or contradicting the assertion in Paragraph 27 of the Simpson Decl. the if "the injunctive relief sought by this complaint is granted, I will be able to devote time and energy to proposing, confirming, and consummating a chapter 11 plan" and that "[s]uch plan will be confirmable within a reasonable period of time."

Response to Request No. 7: In light of the General Objections, specifically the objections to the production of documents subject to the attorney-client and work product privileges, and any documents, such as emails sent by the Debtor to the Defendants or their representatives, no documents responsive to this request will be produced.

Request No. 8: All Documents and Communications, including but not limited, billing records concerning (i) the resource, time, and energy devoted by You and Becker Glynn toward confirming a plan in this case; and (ii) the resource, time, and energy devoted by You and Becker Glynn toward adversary proceedings filed by you or on your behalf since the petition date of this bankruptcy case.

Response to Request No. 8: Subject to the General Objections, the Debtor will produce responsive non-privileged documents in his possession, custody, or control, following the entry of an order protecting the confidentiality of documents, including personally identifiable information of the Debtor and other persons, whether or not a party to the adversary proceeding.

Request No. 9: All Documents and Communications, including financial statements and records relating to, supporting, or contradicting the ability to confirm a plan in this chapter 11 case.

Response to Request No. 9: Subject to the General Objections, the Debtor will produce responsive non-privileged documents in his possession, custody, or control, following the entry of an order protecting the confidentiality of documents, including personally identifiable information of the Debtor and other persons, whether or not a party to the adversary proceeding.

Request No. 10: All Communications between you and any court, governmental, or prosecuting authority, concerning each of the assertions and allegations in the Simpson Decl.

Response to Request No. 10: Subject to the General Objections, the Debtor will produce responsive non-privileged documents in his possession, custody, or control, following the entry of an order protecting the confidentiality of documents, including personally identifiable information of the Debtor and other persons, whether or not a party to the adversary proceeding.

Request No. 11: All Documents You relied on, reviewed, or referred to, in supporting and preparing the Complaint, the Simpson Decl., and pending Motion for the Preliminary Injunction.

Response to Request No. 11: Subject to the General Objections, the Debtor will produce responsive non-privileged documents in his possession, custody, or control, following the entry of an order protecting the confidentiality of documents, including personally identifiable information of the Debtor and other persons, whether or not a party to the adversary proceeding.

Request No. 12: All evidence You intend to introduce at the scheduled evidentiary hearing in this action.

Response to Request No. 12: In addition to the General Objections, the Debtor specifically objects to this request as premature, since the evidence intended to be introduced at the evidentiary hearing has not been determined. Subject to the General Objections and the specific objection stated herein, the Debtor will produce responsive non-privileged documents in his possession, custody, or control, following the entry of an order protecting the confidentiality of

documents, including personally identifiable information of the Debtor and other persons, whether or not a party to the adversary proceeding.

**Reservation of Rights**

The Debtor reserves his right to supplement or amend these Objections and Responses, and is available to meet and confer with respect to same.

Dated: New York, New York
October 19, 2026

BECKER, GLYNN, MUFFLY,
CHASSIN & HOSINSKI LLP

By: */s/ Alec P. Ostrow*_____
Alec P. Ostrow
299 Park Avenue
New York, New York 10171
(212) 888-3033
aostrow@beckerglynn.com

*Counsel for Jeffrey Solomon Simpson,*
*Debtor and Debtor in Possession, Plaintiff*