OLSHAN

1325 AVENUE OF THE AMERICAS ▪ NEW YORK, NEW YORK 10019
TELEPHONE: 212.451.2300 ▪ FACSIMILE: 212.451.2222

EMAIL: JKOEVARY@OLSHANLAW.COM
DIRECT DIAL: 212.451.2265

October 19, 2026

**VIA ECF**

Honorable Lisa G. Beckerman
United States Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, New York 10004

**Re:** ***Simpson v. Arch Real Estate Holdings LLC, et al.*, Adv. Pro. No. 26-01097 (LGB): Supplement to Emergency Request for Informal Conference**

Dear Judge Beckerman:

Intervening circumstances have given cause to supplement this morning's letter. At 11:14am today, Plaintiff committed his second violation of this Court's July 31 Cease and Desist order in under 24 hours by sending an email to counsel, which email is attached as Exhibit A hereto. Nothing demonstrates the true and improper purpose of tomorrow's deposition of Defendants and Plaintiff's insistence on a protracted evidentiary hearing more than Plaintiff's own words which are as follows:

- So yes what is scheduled for tomorrow with Kevin Weiner we'll be in a interrogation of every goddamn thing he's done to me for the last three years and it will all be supported by documentation and since my lawyer is a coward I'll ask the questions myself.
- I've suffered for three years because of these assholes and yes the first question that we're going to ask is how much money did Kevin Weiner spend to hurt me?
- The second question is going to be how is jonathan Koevary there and how is he suing anything related to me and on the what grounds!
- So everything about this conversation is these people being cruel and ungodly to hurt me and ruin my life and and that is what this litigation is here in front of this court.
- I will educate all of you today at 4:30 if that's what you like, we don't need depositions we don't need motion practice , we just need some paper and some reading glasses maybe.
- And if we believe any of this is judicial, Kevin [Wiener] is going to come tomorrow and if he doesn't answer all the questions every goddamn one of them or this is over right now and it goes to some higher power so above what's happening in this place that calls it a fed court but isn't actually protecting anything other than its own process procedure and political pressures. It had ample opportunity for a year and a half to dig in and explore and instead it has the nerve to give me sanctions for speaking the truth of what these people have done.

- I would love for the FBI or the trustee or whoever is criminal justice to listen in today and listen tomorrow to Kevin's deposition and they will not walk out of the room without scratching their head about why they haven't arrested him yet.
- So it's your own choice here - I can interrogate him or you'll let the criminal justice folks do it.
- Yes ma'am that's what we are dealing with here and once you realize
  it you'll never insult me ever again and you will start to see why your procedure is irrelevant because this is hostile and illegal .

10/19/26 Email of Jeffrey Simpson. Plaintiff's own words make clear that the purpose of the 30(b)(6) deposition of the Defendants in connection with the upcoming preliminary injunction hearing is his intended *personal interrogation* of Mr. Wiener as Defendants' representative in pursuit of Plaintiff's own grievances to advance his baseless criminal accusations and to abuse and harass. The purpose certainly is not about obtaining any discoverable information on the *Queenie* standard or any prong that for which it is Plaintiff's burden to prove. A protective order is necessary.

On another note, at 11:18 am today we first received responses and objections to Defendants' document requests, which Plaintiff has also now filed with the Court. We are reviewing and reserve all rights, including but not limited to the relief raised in our letter from earlier this morning and relief related to refusing to provide documents where Plaintiff's declaration has placed the requests at issue. "Underlying any determination that a privilege should be forfeited is the notion of unfairness . . . to the adversary that results in litigation circumstances when a party uses an assertion of fact to influence the decisionmaker while denying its adversary access to privileged material potentially capable of rebutting the assertion." *In re Cnty. of Erie*, 546 F.3d 222, 229 (2d Cir. 2008) (quoting *John Doe Co. v. United States*, 350 F.3d 299 (2d Cir. 2003), *as amended* (Nov. 25, 2003)); "[T]he attorney-client privilege cannot at once be used as a shield and a sword." *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir.1991); "[A] party cannot partially disclose privileged communications or affirmatively rely on privileged communications to support its claim or defense and then shield the underlying communications from scrutiny by the opposing party." *In re Grand Jury Proc.,* 219 F.3d 175, 182 (2d Cir. 2000).

Respectfully submitted,

/s/ Jonathan T. Koevary
Jonathan T. Koevary

cc: All counsel of record (via ECF)