O L S H A N

1325 AVENUE OF THE AMERICAS ▪ NEW YORK, NEW YORK 10019
TELEPHONE: 212.451.2300 ▪ FACSIMILE: 212.451.2222

EMAIL: JKOEVARY@OLSHANLAW.COM
DIRECT DIAL: 212.451.2265

October 22, 2026

**VIA ECF**

Honorable Lisa G. Beckerman
United States Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, New York 10004

**Re: *Simpson v. Arch Real Estate Holdings LLC, et al.*, Adv. Pro. No. 26-01097 (LGB)**

Dear Judge Beckerman:

On behalf of Defendants, we inform the Court that Plaintiff Jeffrey Simpson did not attend his scheduled deposition today. Counsel of record Alec Ostrow did appear and advised on the record that his client advised him that he would not be attending.

Given the lack of discovery cooperation from the Plaintiff/movant, we do not see how next week's evidentiary hearing can move forward as scheduled, regardless of whether Mr. Ostrow and his firm remain counsel of record, as Defendants will be deprived of their opportunity to prepare on account of Plaintiff's own accord.

We ask that the October 29 hearing on Defendants' pending motion to dissolve the temporary restraining order go forward as scheduled,[1] or that the temporary restraining order otherwise be dissolved for Plaintiff's failure to prosecute his case.

With the restraining order dissolved, Defendants do not object to postponement of other deadlines. However, there is no basis to extend the restraining order beyond the time limits imposed by FRCP 65 as made applicable pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure.[2]

Furthermore, the record in this case is clear that Mr. Ostrow's termination and intent to withdraw arises on account of Plaintiff's own egregious misconduct, serial violations of this Court orders, and ultimatums posed to this Court that rose to the level of threats carrying grave consequences made on the record by Plaintiff to this Court at the October 19 conference. Plaintiff should not be entitled to benefit from his pattern of misbehavior and attempted manipulation at Defendants' expense.

[1] However, we would ask that it proceed by Zoom instead of in person.
[2] The restraining order is indefinite as it restrains Defendants "pending the hearing and termination" of the preliminary injunction motion that is the subject of the evidentiary hearing.

The facts are that the preliminary injunction motion's allegations were paper-thin. The motion was as much, if not more, an attempt to bootstrap Plaintiffs' grievances against the Wiener family before this Court. Plaintiff's motion further tries to pin the rocky relationship between Plaintiff and his law firm upon the Defendants, when the record shows otherwise. Moreover, at the October 9 status conference, Plaintiff conceded that he "can't get a plan done."

Plaintiff's case could not withstand scrutiny and when put to his proof, his case fell apart. Yet, putting Plaintiff to his proof required significant expense and effort on Defendants' part. Since the action was brought in September 25, Defendants have attended four court conferences, prepared several letters, filed a motion to expunge and a substantial opposition brief, and lodged discovery requests and objections. Defendants and counsel have expended time to prepare and attend Defendants' Rule 30(b)(6) deposition, which allowed Plaintiff to obtain a deposition of Kevin Wiener concerning a host of his outstanding grievances, when it is highly doubtful that Plaintiff ever intended to reciprocate. Defendants and counsel have also expended significant time and expense preparing for Plaintiff's deposition, which Mr. Ostrow was not in a position to confirm or deny until this morning whether his client was really going to show or not. Defendants also have their deadline to answer or otherwise move the underlying Complaint next week.

These actions came at significant expense as against a Plaintiff that was not prepared to prosecute his case, which expenses are emblematic of the type of costs Defendants have expended in response to three years of Plaintiff's maneuvering, which has previously been found to be vexatious in nature. Defendants again ask that the hearing on the temporary restraining order go forward as scheduled or that the restraining order otherwise be dissolved. Defendants reserve all rights including to move for sanctions against Plaintiff for his failure to attend his scheduled deposition.

We thank the Court for its consideration.

Respectfully submitted,

/s/ Jonathan T. Koevary
Jonathan T. Koevary

cc: All counsel of record (via ECF)