**Hearing Date: October 29, 2026, at 11:00 a.m.**

BECKER, GLYNN, MUFFLY,
CHASSIN & HOSINSKI LLP
299 Park Avenue
New York, New York 10171
(212) 888-3033
Alec P. Ostrow
aostrow@beckerglynn.com

*Attorneys for Plaintiff, Jeffrey Solomon Simpson, as Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>JEFFREY SOLOMON SIMPSON,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-10359 (LGB) |
| JEFFREY SOLOMON SIMPSON, as Debtor and Debtor in Possession,<br><br>Plaintiff,<br><br>- against -<br><br>ARCH REAL ESTATE HOLDINGS LLC, ARCH ASSET MANAGEMENT LLC, and ARCH PROPERTY MANAGEMENT LLC,<br><br>Defendants. | Adversary No. 26-01097 (LGB)<br><br>**PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION SEEKING DISSOLUTION OR RECONSIDERATION OF, OR IN THE ALTERNATIVE RELIEF FROM, THE SEPTEMBER 29, 2026 ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER** |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

The OSC and TRO Was Not Issued Without Notice, and the Defendants Consented to the Hearing Date. Therefore the Dissolution of Temporary Restraining Order Must Be Denied........ 1

The OSC and TRO Is Not Deficient, and Because of the Hearing on the Motion for a Preliminary Injunction, There Is Neither the Basis Nor the Need to Reconsider the OSC and TRO........ 4

The Defendants' Motion Is Unnecessary, Redundant and Wasteful ........ 6

Conclusion ........ 6

## TABLE OF AUTHORITIES


Cases | Page(s)

*Chicago United Indus., Ltd. v. City of Chicago*,
445 F.3d 940 (7th Cir. 2006) .......... 3

*Pan Am. World Airways v. Flight Eng'rs' Ass'n*,
306 F.2d 840 (2d Cir. 1962) .......... 2

*Rosen v. Siegel*,
106 F.3d 28 (2d Cir. 1997 .......... 4, 5

*Sampson v. Murray*,
415 U.S. 61 (1974) .......... 3

*SP Special Opportunities, LLC v. LightSquared Inc. (In re LightSquared Inc.)*,
539 B.R. 232 (S.D.N.Y. 2015) .......... 4, 5

Statutes

28 U.S.C. § 1292(a)(1) .......... 3

Other Authorities

11A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE, § 2951 (3d ed. 2013). .......... 2

*Notice,* BLACK'S LAW DICTIONARY (12th ed. 2024) .......... 2

Rules

Fed. R. Bankr. P. 7065 .......... 1

Fed. R. Civ. P. 52(a) .......... 5

Fed. R. Civ. P. 65(b) .......... 2, 4

Fed. R. Civ. P. 65(b)(2) .......... 2

Fed. R. Civ. P. 65(b)(4) .......... 1

Fed. R. Civ. P. 65(d)(1) .......... 4, 5

Fed. R. Civ. P. 65(d)(1)(A) .......... 4

S.D.N.Y. LBR 9023-1(a) .......... 4

The objection of plaintiff Jeffrey Solomon Simpson (the "Debtor"), as Debtor and Debtor Possession, by his undersigned counsel, to the Defendants' motion (the "Defendants' Motion") seeking dissolution or reconsideration of, or in the alternative relief from, the September 29, 2026 Order to Show Cause for Preliminary Injunction and Temporary Restraining Order (the "OSC and TRO") [ECF Doc. 7], respectfully sets forth and represents:

**The OSC and TRO Was Not Issued Without Notice, and the Defendants Consented to the Hearing Date. Therefore the Dissolution of <u>Temporary Restraining Order Must Be Denied.</u>**

1. The predicate for the dissolution aspect of the Defendants' Motion is Rule 65(b)(4) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7065 of the Federal Rules of Bankruptcy Procedure. Rule 65(b)(4) is applicable when a temporary restraining order is obtained "without notice." Despite the Defendants' argument to the contrary, the OSC and TRO was not obtained without notice.

2. As to the record of this adversary proceeding makes clear, the complaint initiating this adversary proceeding [ECF Doc. 1] was filed on September 25, 2026. The motion for a preliminary injunction [ECF Doc. 2] was filed the same day, as was the declaration of the Debtor in support of the motion for a preliminary injunction [ECF Doc. 3]. According to the Declaration of Alec P. Ostrow Pursuant to Local Rule 9077-1 in Support of Proposed Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order [ECF Doc. 4], also filed on September 25, 2025, "'as filed' copies of the complaint, the motion for a preliminary injunction, the supporting declaration of the Debtor and all relevant exhibits" were emailed to counsel for the Defendants, Jonathan T. Koevary, Esq. on September 25, 2026. After an exchange of emails with chambers on September 25, 2026, including an email from Mr.

Koevary, counsel for both sides were informed by chambers that the Court had scheduled a conference at 3:00 p.m. on September 28, 2026. In advance of the 3:00 p.m. conference, at approximately 11:33 a.m. on September 28, 2026, Mr. Koevary filed a 10-page letter in opposition to the entry of the proposed temporary restraining order [ECF Doc. 5]. Prior to issuing the OSC and TRO, the Court in fact held a conference on September 28, 2026, at approximately 3:00 p.m. Clearly, the Defendants knew about the Debtor's application for an order to show cause and a temporary restraining order before the OSC and TRO was issued. According to the definition of "notice" in BLACK'S LAW DICTIONARY:

> A person has notice of a fact or condition if that person (1) has actual knowledge of it; (2) has received information about it; (3) has reason to know about it; (4) knows about a related fact; or (5) is considered as having been able to ascertain it by checking an official filing or recording.

*Notice,* BLACK'S LAW DICTIONARY (12th ed. 2024). Under the circumstances, the argument that the OSC and TRO was issued "without notice" is completely devoid of merit.

3. As a result, all of the Defendants' arguments regarding the requirements of Rule 65(b) of the Federal Rules of Civil Procedure must be disregarded because they all are premised on the issuance of a temporary restraining order without notice. "By its terms Rule 65(b) only governs restraining orders issued without notice or a hearing." 11A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE, § 2951, at 278 (3d ed. 2013). The Defendants' suggestion that a temporary restraining order issued with notice is still governed by the 14-day limit in Rule 65(b)(2) takes the relevant case law out of context. A temporary restraining order issued with notice that lasts more than 14 days may be considered a preliminary injunction for purposes of permitting appellate review. *Pan Am. World Airways v. Flight Eng'rs' Ass'n*, 306 F.2d 840, 843 (2d Cir. 1962) ("We hold, therefore, that the

continuation of the temporary restraining order beyond the period of statutory authorization, having, as it does, the same practical effect as the issuance of a preliminary injunction, is appealable within the meaning and intent of 28 U.S.C. § 1292(a)(1).”); *Chicago United Indus., Ltd. v. City of Chicago*, 445 F.3d 940, 943 (7th Cir. 2006); *see Sampson v. Murray*, 415 U.S. 61, 86 (1974). That is not the same as a prohibition on the issuance of a temporary restraining order with notice that lasts more than 14 days without consent.

4. In any event, the Defendants consented to the hearing date set in the OSC and TRO. At the September 28, 2026 conference the following exchange regarding the hearing date occurred:

> THE COURT: . . . Okay. So one possibility would be October 19th. I would have to – it probably couldn't start until like 11:00, but that would be – and it would have to be in person because I'm assuming I'm having an evidentiary hearing with people testifying and being cross-examined. Okay. Then alternatively, similar thing, 11:00 on the 29th. That's all my days in October.
>
> MR. KOEVARY: Your Honor, the October 29th works well for my side.
>
> THE COURT: Mr. Ostrow?
>
> MR. OSTROW: October 29th is fine.
>
> THE COURT: All right. So I'm going to go ahead and enter an order today staying the proceedings, Mr. Koevary, against all parties until that date, and I'm going to – I don't really think that 21 days – well, 23 days, whatever it is – makes that much of a difference and I'm going to allow the parties to give me argument on everything. . . .

Transcript of September 28, 2026 Conference (Exhibit B to the Defendants' Motion) , at 35-36.[1]

[1] The Court also observed the following earlier during the same conference at page 25 in the same transcript with regard to the Defendants' commencement of their state court lawsuit: "I don't think that appropriate and it does seem like an end around or a way that the Court could be – the estate could be adversely impacted by something that's going on in state court, and that does concern me."

5. As a result, there is no basis for the dissolution of the temporary restraining order.

**The OSC and TRO Is Not Deficient, and Because of the Hearing on the Motion for a Preliminary Injunction, There Is Neither the Basis Nor <u>the Need to Reconsider the OSC and TRO.</u>**

6. With regard to its reconsideration, although it is true that the Court has the authority to reconsider any decision prior to final judgment, the grounds for reconsideration are limited. "The motion must set forth concisely the matters or controlling decisions which counsel believes the Court has not considered." Local Bankruptcy Rule 9023-1(a). The Defendants point to no intervening change in controlling law or the availability of new evidence. Instead, they argue some form of clear error, manifest injustice, or mistake. The Defendants' Motion, besides relying mistakenly on Rule 65(b), also relies on Rule 65(d)(1), specifically by arguing that the OSC and TRO did not "(A) state the reasons why it was issued; (B) state its terms specifically; and (C) describe in reasonable detail – and not be referring to the complaint or other document – the act or acts restrained or required." This argument is also without merit.

7. The Defendants' Motion complains that the order failed to comply with Rule 65(d)(1)(A) because it did not state its reasoning in the OSC and TRO itself. It cites *Rosen v. Siegel*, 106 F.3d 28 (2d Cir. 1997), and *SP Special Opportunities, LLC v. LightSquared Inc. (In re LightSquared Inc.)*, 539 B.R. 232 (S.D.N.Y. 2015), for the proposition that the Court's findings are to be found in the order itself, and that OSC and TRO's having cited "the reasons stated on the record" is insufficient for this purpose. But neither *Rosen* nor *LightSquared* contains any such requirement.

8. In *Rosen*, the injunction at issue, which prohibited the plaintiff from interfering with the management of the defendant's business, was entered after a hearing on the plaintiff's

motion for the appointment of a receiver, which the court denied, as a result of a letter request by counsel for the defendant. Consequently, there was no notice to or an opportunity to be heard by the plaintiff on the defendant's requested injunction. *Id.* at 30-31. In discussing the importance of the providing the court's reasoning, the court did not require the reasoning to be set forth in the order itself. Rather, the court referred to Rule 52(a) of the Federal Rules of Civil Procedure in addition to Rule 65(d). *Rosen*, 106 F.3d at 32. Rule 52(a) requires that interlocutory injunctions must state their findings and conclusions, but it also states that such findings and conclusions "may be stated on the record." The *Rosen* court remanded the injunction for the court to state its findings and conclusions. 106 F.3d at 33-34. It did not hold that such findings and conclusions must be in the order itself.

9. In *LightSquared*, the district court vacated and remanded an injunction contained in a confirmed chapter 11 plan, because the order confirming the plan did not provide any findings or conclusions that made the specific injunction necessary. 539 B.R. at 243. The court did not hold that providing the requisite findings and conclusions on the record would be insufficient to comply with the requirements of Rule 65(d)(1).

10. The Defendants' Motion also faults the OSC and TRO for lack of clarity, contending that Becker Glynn is not enjoined from acting in state court, and thus, if Becker Glynn acts, the Defendants may not be able to respond. Of course, this is a hypothetical. There is no evidence that Becker Glynn has acted in the state court after the issuance of the OSC and TRO. The OSC and TRO is not defective for failing to anticipate this or any other hypothetical situation.

11. As a result, there is no basis to reconsider or otherwise grant relief from the OSC and TRO.

## **The Defendants' Motion Is Unnecessary, Redundant and Wasteful**

12. Because the Defendants' Motion is scheduled for hearing at the same time as the motion for a preliminary injunction, and the OSC and TRO provides for the Defendants to submit opposition to the motion for a preliminary injunction, it is not clear what the Defendants seek to gain by their motion, other than forcing the Debtor's counsel to spend time and effort opposing it. The arguments in the Defendants' Motion on the merits of the preliminary injunction should be heard as part of their opposition to the motion for a preliminary injunction. To the extent necessary, the Debtor incorporates his arguments on the merits of the preliminary injunction as set forth in papers filed with this Court. The Defendants' Motion is unnecessary, redundant and wasteful and should not be considered as a separate matter.

## **Conclusion**

WHEREFORE, the Debtor respectfully requests that the Defendants' Motion be denied in all respects, and that the Court grant the Debtor such other and further relief as is just.

Dated: New York, New York
October 22, 2026

BECKER, GLYNN, MUFFLY,
CHASSIN & HOSINSKI LLP

By: _*/s/ Alec P. Ostrow*___
Alec P. Ostrow
aostrow@beckerglynn.com
299 Park Avenue
New York, New York 10171
(212) 888-3033

*Attorneys for Jeffrey Solomon Simpson, as Debtor and Debtor in Possession*