**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>JEFFREY SOLOMON SIMPSON,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-10359 (LGB) |
| JEFFREY SOLOMON SIMPSON, as Debtor and Debtor in Possession,<br><br>Plaintiff,<br><br>- against -<br><br>ARCH REAL ESTATE HOLDINGS LLC, ARCH ASSET MANAGEMENT LLC, and ARCH PROPERTY MANAGEMENT LLC,<br><br>Defendants. | Adversary No. 26-01097 (LGB)<br><br>**ORDER VACATING TEMPORARY RESTRAINING ORDER IN PART, GRANTING THE RECONSIDERATION MOTION IN PART, ADJOURNING THE SCHEDULED HEARING ON PRELIMINARY INJUNCTION, AND GRANTING EXTENSION OF TIME FOR THE DEFENDANTS TO FILE AN ANSWER TO THE COMPLAINT** |

**WHEREAS**, on February 19, 2026, Jeffrey Solomon Simpson, a debtor and debtor-in-possession ("Simpson" or the "Plaintiff" or the "Debtor"), filed a Chapter 11 voluntary petition (ECF No. 1) (the "Main Case" or "Chapter 11 Case"); and

**WHEREAS**, on September 25, 2026, the Debtor commenced an adversary proceeding (Adv. Pro. Case No. 26-01097) (the "Adversary Proceeding") against Defendants Arch Real Estate Holdings LLC, Arch Asset Management LLC, and Arch Property Management LLC (collectively, the "Defendants" or the "ARCH Entities") through their complaint (Adv. Pro. ECF No. 1) (the "Complaint") and also filed on this day *Plaintiff's Motion for a Preliminary Injunction* (Adv. Pro. ECF No. 2) (the "Injunction Motion") which sought to enjoin the Defendants from continuing to prosecute an action commenced by them in the Supreme Court of the State of New York, County of New York, entitled *Arch Real Estate Holdings LLC et al. v. YJ Simco LLC et al.*, Index No.

653216/2026 (the "State Court Action"). On this day, the Debtor also filed the *Declaration of the Debtor in Support of the Injunction Motion* (Adv. Pro. ECF No. 3) (the "Simpson Declaration") and the *Declaration of Alec P. Ostrow Pursuant to Local Rule 9077-1 in Support of Proposed Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order* (Adv. Pro. ECF No. 4) (the "TRO Request"); and

**WHEREAS**, on September 28, 2026, the ARCH Entities filed the *ARCH Entities Letter in Opposition to TRO Request* (Adv. Pro. ECF No. 5) (the "Opposition to the TRO Request"). Also on this day, the Clerk's Office filed a *Summons with Notice of Pre-Trial Conference* (Adv. Pro. ECF No. 6), which scheduled the pre-trial conference for November 5, 2026 at 10:00 A.M. ET and the deadline for the Defendants to file an answer to the Complaint by October 28, 2026. Also on this day, the Court held a conference (the "September 28 Conference") where counsel for the Plaintiff, the Plaintiff, and counsel for the Defendants (collectively, the "Parties"), among others, were present to discuss the Complaint, the Injunction Motion, the Simpson Declaration, the TRO Request, and the Opposition to the TRO Request; and

**WHEREAS**, on September 29, 2026, the Court entered an *Order to Show Cause for Preliminary Injunction and Temporary Restraining Order* (Adv. Pro. ECF No. 7) (the "Order to Show Cause") which granted a temporary restraining order (the "TRO") for the reasons set forth on the record at the September 28 Conference, stating that the Defendants are temporarily restrained from continuing to prosecute the State Court Action. The Order to Show Cause also stated that the Defendants had to show cause before the Honorable Judge Lisa G. Beckerman ("Judge Beckerman") on October 29, 2026 at 11:00 A.M. ET in Courtroom 623, United States Bankruptcy Court, One Bowling Green, New York, New York 10004-1408 as to why a preliminary injunction should be granted (the "Preliminary Injunction Hearing"); and

**WHEREAS**, on October 6, 2026, during the discovery process in preparation for the Preliminary Injunction Hearing, counsel for the Debtor filed a *Letter to Judge Beckerman Requesting a Discovery and Pre-Hearing Conference* (Adv. Pro. ECF No. 11) (the "October 6 Letter"). The October 6 Letter stated, in relevant part, that the Debtor was scheduled to be deposed by counsel for the Defendants on October 22, 2026 and requested a discovery conference at the Court's earliest convenience; and

**WHEREAS**, on October 8, 2026, counsel for the Defendants filed a *Response to Request for Discovery Conference* (Adv. Pro. ECF No. 12) (the "October 8 Letter"). Also on this day, the Court held a discovery conference (the "Discovery Conference") where the Parties were present to discuss the October 6 Letter and the October 8 Letter. At the Discovery Conference, the Court confirmed, among other discovery concerns, that the Debtor was to be deposed via Zoom on October 22, 2026 by counsel for the Defendants. Also on this day, Plaintiff filed the *Plaintiff's Supplemental Filings and Declarations in Support of the Injunction Motion* (Adv. Pro. ECF No. 13); and

**WHEREAS**, on October 13, 2026, Defendants filed the *Defendants' Motion Seeking Dissolution or Reconsideration of, or in the Alternative Relief from the Order to Show Cause [Adv. Dkt. No. 7]* (Adv. Pro. ECF No. 14) (the "Reconsideration Motion"); and

**WHEREAS**, on October 21, 2026, Defendants filed the *Defendants' Memorandum of Law in Opposition to the Injunction Motion* (Adv. Pro. ECF No. 19) alongside the *Declaration of Jonathan T. Koevary in Opposition to the Injunction Motion* (Adv. Pro. ECF No. 20). Also on this day, counsel for the Debtor filed a *Letter RE: Discharge of Counsel by the Debtor* (Adv. Pro. ECF No. 21) (the "October 21 Letter") in the Main Case, the Adversary Proceeding, and all other

connected adversary proceedings[1] (collectively, along with the Chapter 11 Case and the Adversary Proceeding, the "Simpson Cases") to the Chapter 11 Case. In the October 21 Letter, counsel for the Debtor stated that he believed he was effectively discharged as the Debtor's counsel and sought to move for leave to withdraw as the Debtor's Counsel in the Simpson Cases as well as include a request for a stay of pending matters and deadlines based on the email sent by the Debtor to the Court that same day along with other separate communications from the Debtor. Notably, in the email attached as an exhibit to the October 21 Letter, the Debtor wrote to the Court, with counsel for the Defendants copied, that ". . . there will be no deposition for tomorrow."; and

**WHEREAS**, on October 22, 2026, counsel for the Defendants filed a letter (Adv. Pro. ECF No. 22) (the "October 22 Letter"). In the October 22 Letter, counsel for the Defendants confirmed that the Debtor did not attend his scheduled deposition on that day. Counsel for the Debtor did appear at the deposition and advised on the record to counsel for the Defendants that the Debtor advised his counsel that he would not be attending the deposition. Also on this day, counsel for the Debtor filed a *Motion of Becker, Glynn, Muffly, Chassin & Hosinski LLP to Withdraw as Counsel for the Debtor in the Simpson Cases* (Adv. Pro. ECF No. 23) (the "Withdrawal Motion"), a *Declaration of Alec P. Ostrow Pursuant to Local Bankruptcy Rule 9077-1 in Support of Proposed Order to Show Cause Setting Hearings on the Withdrawal Motion and on Preliminary Relief Pending the Hearing and Determination of the Withdrawal Motion* (Adv. Pro. ECF No. 24) (the "Ostrow OSC Request"), and the *Plaintiff's Objection to Defendants' Reconsideration Motion* (Adv. Pro. ECF No. 25); and

---

[1] The Court notes the following additional adversary proceedings have been commenced in connection with the Chapter 11 Case: Adv. Pro. No. 26-01013 (*Simpson v. Huebscher*); Adv. Pro. No. 26-01015 (*Great Am. Ins. Co. v. Arch Real Est. Holdings LLC*); Adv. Pro. No. 26-01045 (*Huebscher v. Simpson*); Adv. Pro. No. 26-01046 (*608941 N.J. Inc. v. Simpson*); and Adv. Pro. No. 26-01079 (*Simpson v. Great Am. Ins. Co.*).

**WHEREAS**, on October 23, 2026, the Debtor himself filed a *Letter to Judge Beckerman, Re: the October 21 Letter*, which requested an immediate status conference to discuss the next steps for the Adversary Proceeding based on the Withdrawal Motion and the Ostrow OSC Request. Also on this day, the Court entered an *Order to Show Cause Scheduling Hearings to Discuss Scheduling the Withdrawal Motion and on the Ostrow OSC Request* (Adv. Pro. ECF No. 27) (the "Ostrow Order to Show Cause"), which stated that the Debtor and the parties in the Simpson Cases appear to show cause before Judge Beckerman on October 26, 2026 at 10:00 A.M. ET on Zoom for Gov. (the "Hearing") why an order should not be entered granting preliminary relief pending the hearing and determination of the Withdrawal Motion, such as extending pending deadlines and hearing dates and permitting the Debtor to act as his own counsel, and that no written objections prior to the Hearing were necessary given the notice period of the Hearing. The Ostrow Order to Show Cause also stated it would not rule on the Withdrawal Motion prior to or at the Hearing; and

**WHEREAS**, at the Hearing, the Parties, as well as counsel to other parties in the Simpson Cases, appeared at the Hearing to discuss the Withdrawal Motion, the Ostrow Order to Show Cause, as well as all of the pleadings that had been filed at that point in connection with the Preliminary Injunction Hearing, the Simpson Cases, the Reconsideration Motion, the scope and likelihood of sanctions due to the Plaintiff's failure to attend his scheduled deposition, and whether and how the Preliminary Injunction Hearing could take place as scheduled given the Withdrawal Motion and the possible sanctions against the Plaintiff, and the Court heard the concerns of all that were present at the Hearing.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. For the reasons set forth on the record at the Hearing, the Court hereby vacates the TRO except with respect to YJ Simco LLC ("YJ Simco") and 266 WMTR LLC ("266 WMTR").

The TRO will remain in effect against the Defendants regarding the damages claims asserted against YJ Simco and 266 WMTR in the State Court Action, specifically those claims alleged in Counts 1 and 2 in the complaint in the State Court Action. The Defendants are temporarily restrained from pursuing damages claims, entry of a default, and/or entry of default judgment against YJ Simco and 266 WMTR .

2. The Preliminary Injunction Hearing is adjourned from October 29, 2026 to **December 14, 2026 at 10:00 A.M. ET in Courtroom 623, United States Bankruptcy Court, One Bowling Green, New York, New York 10004-1408**.

3. The portion of the TRO that is not vacated hereby remains in effect until the earlier of either (a) December 31, 2026, or (b) the Court entering a ruling on the preliminary injunction sought by the Injunction Motion.

4. The Plaintiff's deadline for filing a reply in connection with the Injunction Motion is extended to **November 30, 2026 at 5:00 P.M. ET**.

5. The Defendants' deadline to respond to the Complaint is extended to **November 17, 2026 at 5:00 P.M. ET**.

6. The pre-trial conference in connection with the Adversary Proceeding is adjourned from November 5, 2026 to **January 27, 2027 at 10:00 A.M. ET on Zoom for Gov**.

7. This Court shall retain jurisdiction to enforce or interpret the terms of this order.

Dated: New York, New York
October 26, 2026

***/s/ Lisa G. Beckerman***
THE HONORABLE LISA G. BECKERMAN
UNITED STATES BANKRUPTCY JUDGE